UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, and Bradley Wayne Foster, <br><br>                      Plaintiffs,<br><br>v.<br><br>Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Greg Carlson, and Ann Zimmerman, in their individual and official capacities,<br><br>                      Defendants. | Civil No. 11-3659 (DWF/JJK)<br><br><br><br><br><br><br><br><br>**ORDER CERTIFYING CLASS PURSUANT TO FEDERAL RULE 23(b)(2)** |

This matter comes before the Court upon Plaintiffs' motion for class certification under Fed. R. Civ. P. 23(b)(2). After considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' Amended Motion for Class Certification (Doc. No. [171]) is **GRANTED**.

## I.     Background

This matter arises from the alleged lack of treatment and unconstitutional conditions of confinement that Plaintiffs assert exist at the Minnesota Sex Offender Program ("MSOP").

Over the last several years, a number of patients civilly committed to the MSOP have filed federal complaints against various state employees associated with the MSOP. The *pro se* complaints generally allege violations of the patients' civil rights pursuant to 28 U.S.C. § 1983 and other statutes. On January 20, 2012, at the request of the Minnesota Federal Bar Association's *Pro Se* Project, Gustafson Gluek PLLC agreed to appear in two of these cases, *Thompson v. Ludeman, et al.*, 11-CV-01704 (DWF/JJK) and *Karsjens et al. v. Jesson, et al.*, 11-CV-0359 (DWF/JJK). The *Karsjens* case was initially filed on December 21, 2011 as a proposed class action. The *Thompson* case was filed on June 27, 2011; an Amended Complaint was filed on Aug. 2, 2011 [*Thompson* Doc. No. 9]. On January 11, 2012 Magistrate Judge Keyes issued a Report and Recommendation in the *Thompson* case in response to the Defendants' Motion to Dismiss [*Thompson* Doc. No. 39]. The Report and Recommendation found that some of the claims should survive the motion to dismiss.

After Gustafson Gluek PLLC appeared in *Karsjens* and *Thompson,* on January 25, 2012, Chief Judge Davis issued an Order [*Karsjens* Doc. No. 142] staying all of the *pro se* MSOP cases with the exception of the *Thompson* and *Karsjens* actions pending the resolution of the outstanding Motion for Class Certification filed in the *Karsjens* case [*Karsjens* Doc. No. 24]. On February 6, 2012, Chief Judge Davis issued an Amended Order [*Karsjens* Doc. No. 145] applying the stay to additional MSOP cases that were unintentionally omitted from his previous order. On February 8, 2012, Judge Frank issued an Order [*Karsjens* Doc. No. 146] staying the *Thompson* litigation until further notice, and setting a deadline for filing an Amended Complaint in the *Karsjens* action by

February 29, 2012. The First Amended Complaint in the *Karsjens* case was filed on March 15, 2012 [*Karsjens* Doc. No. 151]. Currently, there are more than 65 cases subject to the Court's stay.

Plaintiffs filed an Amended Complaint on March 15, 2012 alleging: (1) failure to provide treatment; (2) denial of right to be free from punishment; (3) denial of less restrictive alternatives; (4) denial of right to be free from inhumane treatment; (5) denial of right to religious freedom; (6) unreasonable restrictions on speech and association; (7) unreasonable searches and seizures; (8) the civil commitment statute is unconstitutional as applied; (9) violation of court ordered treatment; and (10) breach of contract.

Currently before the Court is Plaintiffs' motion to certify a class of: "All patients currently civilly committed in the Minnesota Sex Offender Program pursuant to Minn. Stat. § 253B."

## II.     Standard for Class Certification under Rule 23

### 1.     Rule 23(a)

A class action serves to conserve the resources of the court and the parties by permitting an issue that may affect every class member to be litigated in an economical fashion. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982). Rule 23 of the Federal Rules of Civil Procedure governs class certification.

> To be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a) and must satisfy one of three subsections of Rule 23(b). The Rule 23(a) requirements for class certification are: (1) the putative class is so numerous that it makes joinder of all members impracticable; (2) questions of law or fact are common to the class; (3) the class

      representatives' claims or defenses are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005) (citing Fed. R. Civ. P. 23(a)) (citations omitted).

      District courts retain broad discretion in determining whether to certify a class. *Gilbert v. City of Little Rock, Ark.*, 722 F.2d 1390, 1399 (8th Cir. 1983).  When considering a motion for class certification, a court need not ask "whether the plaintiff or plaintiffs have stated a cause of action or will ultimately prevail on the merits, but rather whether the requirements of Rule 23 are met." *Beckmann v. CBS, Inc.*, 192 F.R.D. 608, 613 (D. Minn. 2000) (citing *Eisen v. Carlisle & Jaquelin*, 417 U.S. 156, 178 (1974)).  A "decision to certify a class is far from a conclusive judgment on the merits of the case." *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613-614 (8th Cir. 2011) (citation omitted).  At the class certification stage, the only requirement is that the elements of Rule 23 are met.  *Bennett v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011).

      The party seeking class certification "carr[ies] the burden of proof regarding Rule 23's requirements."  *City of Farmington Hills Employees Ret. Sys. v. Wells Fargo Bank, N.A.*, Civ. No. 10-4372 (DWF/JJG), 2012 WL 1021679 at *3 (D. Minn. Mar. 27, 2012) (citing *In re Workers' Comp.*, 130 F.R.D. 99, 103 (D. Minn. 1990)) (citation omitted).  A court may only certify the class if it is "satisfied after a rigorous analysis that all of the prerequisites are met."  *Bishop v. Comm. On Prof'l Ethics*, 686 F.2d 1278, 1287 (8th Cir. 1982) (citing *Gen. Tel. Co.*, 457 U.S. at 161).  When a question arises as to

whether certification is appropriate, the court should give the benefit of the doubt to approving the class. *In re Workers' Comp.*, 130 F.R.D. at 103 (citation omitted).

### a.   Numerosity

Rule 23(a) requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

> Rule 23(a)'s first requirement is that joinder of all class members is impracticable because the class is too numerous. *See* Fed. R. Civ. P. 23(a)(1). The Eighth Circuit has not established any rigid rules regarding the necessary size of a class and the question of what makes joinder impracticable depends on the facts of each case.

*Sonmore v. CheckRite Recovery Services, Inc.,* 206 F.R.D. 257, 261 (D. Minn. 2001). However, classes have been certified in this District consisting of roughly 540 class members (*see Kimball v. Fredrick J. Hanna & Associates, P.C.,* 2011 WL 3610129 at *3 (D. Minn. Aug. 15, 2011)) to as few as 250-300 individuals. *In re Workers' Comp.*, 130 F.R.D. at 104 (citing *Bowman v. Nat'l Football League,* 402 F. Supp. 754, 756 (D. Minn. 1975)).

Here, approximately 600 individuals fit the proposed class definition. Those individuals face an identical process for treatment and potential release. To address each individual case would be an enormous drain on the resources of the Court and the parties. Plaintiffs have satisfied Rule 23(a)(1).

### b.   Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550-01 (2011) (citing Fed. R. Civ. P. 23(a)(2)).

The Supreme Court recently clarified the commonality requirement, stating:

> Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury . . . . [The class members'] claims must depend upon a common contention . . . . That common contention, moreover, must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

*Id.* at 2551 (quotation omitted). Commonality "may be satisfied, for example, where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982) (internal quotation omitted).

Here, the class members allege the same injuries–generally, the lack of treatment, inadequate conditions of confinement, and lack of meaningful opportunity for release.

The Plaintiffs have identified questions that are common to all Class members:

a. Whether Defendants violated Plaintiffs' and Class members' Due Process rights protected by the Fourteenth Amendment to the United States Constitution by failing to provide a realistic opportunity to earn their discharge from the MSOP;

b. Whether Defendants violated Plaintiffs' and Class members' Due Process rights protected by the Fourteenth Amendment to the United States Constitution by failing to provide a less restrictive confinement option as provided for by Minn. Stat. § 253B;

c. Whether Defendants violated Plaintiffs' and Class members' Due Process rights protected by the Fourteenth Amendment to the United States Constitution by creating an unnecessarily punitive environment;

d. Whether Defendants violated Plaintiffs' and Class members' rights to be free from unreasonable searches and seizures as protected by the Fourth Amendment to the United States Constitution;

  e.  Whether Defendants violated Plaintiffs' and Class members' rights to freedom of expression, speech, and religious exercise as protected by the First Amendment to the United States Constitution;

  f.  Whether Minnesota's civil commitment laws are unconstitutional as applied to Plaintiffs and Class members;

  g.  Whether Defendants violated the court-ordered treatment directive for Plaintiffs and Class members; and

  h.  Whether Defendants' failure to satisfy their obligations to Plaintiffs and Class members under the Consent for Participation in Sex Offender Treatment constitutes a breach of contract.

However, "[w]hat matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551 (citation omitted, emphasis in original). The proposed Class members allege the same injuries endured by all Class members. As such, resolution of the Plaintiffs' claims will necessarily remedy the injuries suffered by all potential Class members. The injuries alleged are all capable of classwide resolution. Therefore, Plaintiffs have satisfied Rule 23(a)(2).

  c.  **Typicality**

Rule 23(a) also requires that, in order for a class to be certified, the claims or defenses of the class representative must be typical of the other members of the class. Fed. R. Civ. P. 23(a)(3). "This requirement is generally considered to be satisfied if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." *Paxton*, 688 F.2d at 561-62 (citation omitted). Commonality and typicality tend to merge because both "serve as

7

guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551, n.5 (quoting *Gen. Tel. Co.*, 457 U.S. at 157-58, n.13).

Here, Plaintiffs' claims stem from the same legal theory and seek the same legal remedy. Therefore, Plaintiffs satisfy Rule 23(a)(3).

### d. Adequacy

Rule 23(a)(4) requires plaintiffs to establish that the "representative parties will fully and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "In order to satisfy the adequacy requirement, Plaintiff must show that (1) the representative and its attorneys are able and willing to prosecute the action competently and vigorously and (2) each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge." *City of Farmington Hills Employees Ret. Sys.*, 2012 WL 1021679 at *4 (citing *In re Potash Antitrust Litig.*, 159 F.R.D. 682, 692 (D. Minn. 1995)). Here, Plaintiffs and their appointed counsel aptly satisfy this requirement.

The Court finds that Plaintiffs will vigorously prosecute their claims. The fact that they filed *pro se* complaints (and motions for a TRO, appointment of counsel, and class certification) alone proves the vigor of their commitment to this case. The Plaintiffs have amply demonstrated that they are willing to work diligently to protect the interests of the class–particularly in light of the fact that all other similar cases are stayed pending the

resolution of this matter. Plaintiffs have freely accepted the substantial responsibility of being the face of this litigation and advancing this case for all MSOP patients. They have actively engaged in all stages of this case.

Likewise, proposed Class Counsel have demonstrated their determination to vigorously prosecute this case. At the request of the Minnesota Federal Bar Association's *Pro Se* Project, Daniel E. Gustafson and the law firm of Gustafson Gluek PLLC agreed to undertake representation of the Plaintiffs in this purported class action. Mr. Gustafson has over twenty years of experience in class action litigation, has been appointed lead counsel or co-lead counsel many times and has represented numerous classes in litigation during those years. Gustafson Gluek PLLC has already expended substantial time and resources researching the history of the case, the potential claims of Plaintiffs and members of the putative Class, and has consulted experts and developed legal theories to support Plaintiffs' claims and their demands. Proposed lead counsel also has experience with the substantive law at issue here by prosecuting claims on behalf of other MSOP patients. *See, e.g., Beaulieu v. Minn. Dep't of Human Servs.,* 798 N.W.2d 542 (Minn. Ct. App. 2011) (review granted July 19, 2011). Gustafson Gluek PLLC has indicated that it will commit the time and resources necessary to litigate this case. As such, Daniel E. Gustafson and Gustafson Gluek PLLC, as well as the above-named Plaintiffs, are qualified, able, and willing to competently and vigorously represent the Class.

With respect to the second prong, the Court finds Plaintiffs' interests to be sufficiently similar to those of the Class that it is unlikely that their goals and viewpoints

will diverge.  The interests of Plaintiffs and the proposed Class members are certainly aligned in this case:  they share the common goal of being housed in a humane, therapeutic environment while receiving adequate treatment that gives them a realistic opportunity for release.  Although Plaintiffs each have different circumstances that led to their initial and continued commitment, Plaintiffs' goals and viewpoints are unlikely to diverge from those of the remainder of the Class.  Because the proposed Class representatives' interests are sufficiently similar to those of the Class, and because Plaintiffs and their counsel are able and willing to competently and vigorously prosecute this action, the Court concludes that Plaintiffs have satisfied Rule 23(a)(4).

The Court recognizes that objections have been filed by certain individuals who fall within the Class definition.  The objectors raise concerns that there may be conflicts between themselves and other Class members because they are choosing not to participate in treatment.  The Court finds that it does not need to resolve these potential conflicts at this time.  The Court finds that the potential Class members have similar interests, notwithstanding that some potential Class members may seek different remedies or relief.  However, the Court retains jurisdiction over the Class, and if the Court finds any actual conflicts arise in the future, the Court will reconsider the need for subclasses.  All parties reserve the right to seek the creation of subclasses or a determination of whether class certification remains appropriate pursuant to Fed R. Civ. P. 23(c)(1)(C) and (c)(5).  The burden remains on the Plaintiffs to show that they continue to satisfy the requirements of Rule 23.

### 2.   Rule 23(b)

Even if a plaintiff meets all of the prerequisites set forth in Rule 23(a), he or she must also satisfy one or more of the conditions set forth under Rule 23(b).  Fed. R. Civ. P. 23(b); *see also Gen. Tel. Co.*, 457 U.S. at 161; *Harju v. Olson*, 709 F. Supp. 2d 699, 734 (D. Minn. 2010).

In the present case, at this time, Plaintiffs seek certification only pursuant to Rule 23(b)(2).  Certification may be established under Rule 23(b)(2) "if the prerequisites of subdivision (a) are satisfied, and in addition . . . (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . ."  Fed. R. Civ. P. 23(b)(2).

In this case, the Court finds that Defendants' alleged acts and omissions regarding the Plaintiffs' claims constitute actions generally applicable to the Class.  Furthermore, although Plaintiffs seek monetary damages as well as injunctive relief, the Plaintiffs do not currently seek a Rule 23(b)(3) class for damages, and reading the amended complaint as a whole, it is clear that injunctive relief predominates over any potential monetary relief.

### III.   Conclusion

For the reasons outlined above, **IT IS ORDERED** that this case is certified as a class action under Federal Rule of Civil Procedure 23(b)(2).  The Class consists of the following: "All patients currently civilly committed in the Minnesota Sex Offender Program pursuant to Minn. Stat. § 253B."

**IT IS FURTHER ORDERED** that Gustafson Gluek PLLC shall serve as Class Counsel, and the above-named Plaintiffs shall serve as Class Representatives.

**SO ORDERED.**

Dated:  July 24, 2012          s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge