UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin Scott Karsjens, David Leroy Gamble,     Civil No. 11-3659 (DWF/JJK)
Jr., Kevin John DeVillion, Peter Gerard
Lonergan, James Matthew Noyer, Sr.,
James John Rud, James Allen Barber,
Craig Allen Bolte, Dennis Richard Steiner,
Kaine Joseph Braun, Christopher John
Thuringer, Kenny S. Daywitt, and
Bradley Wayne Foster,

       Plaintiffs,

                                                        **ORDER**

v.

Lucinda Jesson, Dennis Benson, Kevin
Moser, Tom Lundquist, Greg Carlson,
and Ann Zimmerman, in their individual
and official capacities,

       Defendants.

This matter is before the Court on Plaintiffs' Application for Temporary Restraining Order/Preliminary (Doc. No. 16), Plaintiffs' Motion for Appointment of Counsel (Doc. No. 23), Plaintiffs' Motion for Temporary Restraining Order (Doc. No. 175), and Unnamed Plaintiffs' Motions in Opposition to Plaintiffs' Motion for Class Certification (Doc. Nos. 183-91, 195-96).

**I.     Class Certification**

On June 28, 2012, Plaintiffs filed an Amended Motion for Class Certification. (Doc. No. 171.) Pursuant to a hearing on July 24, 2012, and the agreement of the parties, the Court granted Plaintiffs' motion under Rule 23(b)(2) of the Federal Rules of Civil

Procedure. (Doc. No. 203.) At the hearing and in its order, the Court acknowledged, and overruled, the objections of certain unnamed class members to the motion for class certification. (*Id.* at 10.) The Court recognized concerns that potential conflicts may arise between the named Plaintiffs and certain class members who have refused treatment or who may seek different remedies or relief. (*Id.*) Consequently, the Court retained jurisdiction over the Class and reserved the right to reconsider the need for subclasses should any actual conflicts arise in the future. (*Id.*) Therefore, Unnamed Plaintiffs' Motions in Opposition to Plaintiffs' Motion for Class Certification (Doc. Nos. 183-91, 195-96) are properly denied.

In addition to certifying the proposed class, the Court appointed Gustafson Gluek PLLC as class counsel. (Doc. No. 203 at 12.) Thus, Plaintiffs' Motion for Appointment of Counsel (Doc. No. 23) is denied as moot.

## II.     Second Motion for TRO

At the July 24, 2012 hearing, the parties further represented that they had reached an agreement with respect to Plaintiffs' second motion for a temporary restraining order ("TRO") (Doc. No. 175). The parties filed their agreement after the hearing, which sets forth a policy to be followed by MSOP with respect to Plaintiffs' legal storage space and any searches of Plaintiffs' rooms and legal network space. (Doc. No. 204.) In light of the stipulated agreement of the parties (*id.*), Plaintiffs' second motion for a TRO (Doc. No. 175) is denied as moot.

**III.    Original Motion for TRO**

Prior to class counsel's involvement in this case, Plaintiffs filed a *pro se* application for a TRO (Doc. No. 16).  To the extent Plaintiffs' motion raises issues with respect to searches and legal storage space that have been resolved pursuant to the stipulated agreement of the parties (Doc. No. 204), the motion is denied as moot.  To the extent Plaintiffs seek any additional relief, the Court concludes that Plaintiffs have failed to satisfy the *Dataphase* factors required to warrant such relief.  *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).  Plaintiffs have failed to allege an actual injury and have failed to articulate a legal or factual basis that would entitle them to injunctive relief.  At the hearing, Plaintiffs' counsel acknowledged that the motion appeared to be premature with respect to any claims of retaliatory transfer to the Department of Corrections or loss of work assignments.  The Court concludes that the perceived threat of any such retaliation is insufficient to warrant a TRO.  In those respects, the motion is denied.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1.      Plaintiffs' Application for Temporary Restraining Order/Preliminary (Doc. No. [16]) is **DENIED** as follows:

    a.      To the extent the motion seeks relief with respect to legal storage space and searches, the motion is **DENIED AS MOOT**.

    b.      In all other respects, the motion is **DENIED**.

3

2. Plaintiffs' Motion for Appointment of Counsel (Doc. No. [23]) is **DENIED AS MOOT**.

3. Plaintiffs' Motion for Temporary Restraining Order (Doc. No. [175]) is **DENIED AS MOOT**.

4. Unnamed Plaintiffs' Motions in Opposition to Plaintiffs' Motion for Class Certification (Doc. Nos. [183-91], [195-96]) are **DENIED**.

Dated:  July 26, 2012                s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge