# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Kevin Scott Karsjens, David
Leroy Gamble, Jr., Kevin John
DeVillion, Peter Gerard
Lonergan, James Matthew Noyer,
Sr., James John Rud, James Allen
Barber, Craig Allen Bolte, Dennis
Richard Steiner, Kaine Joseph
Braun, Brian Christopher John
Thuringer, Kenny S. Daywitt, and
Bradley Wayne Foster,

Civ. No. 11-cv-3659 (DWF/JJK)

                    Plaintiffs,

v.                                                      **ORDER**

Lucinda Jesson, Dennis Benson,
Kevin Moser, Tom Lundquist, Greg
Carlson, and Ann Zimmerman, in
their individual and official
capacities,

                    Defendants.

The above-captioned matter was originally filed as *Karjsens, et al. v. Minnesota Department of Human Services, et al.*, *pro se*, ("*Karsjens*") on December 21, 2011, as a proposed class action.  On January 12, 2012, attorneys for the law firm Gustafson Gluek, PLLC filed notices of appearance on this matter.  On or about January 25, 2012, Chief Judge Davis issued an Order [Doc. No. 142] staying all pending *pro se* Minnesota Sex Offender Program ("MSOP") cases with the exception of this matter and *Thompson v. Ludeman, et al.*, 11-CV-1704 (DWF/JJK), and on February 6, 2012, Chief Judge Davis issued an amended order [Doc. No. 83] staying additional MSOP cases.  On February 8,

2012, Judge Frank issued an Order [*Thompson*, Doc. No. 146] staying the *Thompson* litigation.  On March 15, 2012, an Amended Complaint [Doc. No. 151] was filed in *Karsjens*.  On July 24, 2012, Judge Frank issued an Order [Doc. No. 203] certifying *Karsjens* as a class action.  The parties have been and continue to discuss settlement of the issues raised in the *Karsjens* Amended Complaint.

The Court recognizes that issues relating to MSOP client treatment phase progression are issues that may be addressed through evaluation of that aspect of MSOP's sex offender treatment program by a team of professionals who have the necessary background and experience in the evaluation of sex offender treatment programs within secure facilities.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      The Minnesota Commissioner of Human Services ("Commissioner") shall create an evaluation team, hereinafter referred to as the "MSOP Program Evaluation Team" ("Evaluation Team"), consisting of five qualified sex offender clinical treatment professionals with the necessary knowledge and experience to evaluate sex offender treatment in a secure facility to be appointed by the Commissioner and subject to Court approval.  The Evaluation Team shall include the three sex offender treatment experts contracted to perform the annual evaluation described in Minnesota Statutes, section 246B.03, subdivision 2.  The parties shall meet and confer on the potential candidates for the final two Evaluation Team positions prior to final appointment by the Commissioner.

2.     The Commissioner shall forward to the Court the names of those professionals appointed by the Commissioner to the Evaluation Team for approval no later than December 1, 2012.

3.     The focus of the Evaluation Team is to address possible program issues associated with client treatment phase progression ("phase progression").  The Evaluation Team shall review the treatment records of clients who have been participating for at least 36 months in a treatment phase and who have not yet advanced to the next treatment phase.  The records reviewed shall include a random sampling of the records of at least 10% or 15 clients, whichever is higher,  to a maximum of 25% of those clients identified above (at the discretion of the Evaluation Team).  The Evaluation Team's review is to supplement the annual program evaluation described in Minnesota Statutes, section 246B.03, subdivision 2.

4.     As part of the Evaluation Team's investigation of phase progression, it may consider any topic it deems related to phase progression, such as: adequacy of staffing levels and staff training; the type and amount of treatment offered; individual treatment record documentation; individual treatment plan documentation; the accuracy of client placement and progression within each treatment phase; therapeutic environment, etc.

5.     No later than April 15, 2013, the Evaluation Team shall prepare and provide the MSOP Executive Director, the Court, and counsel for the parties in this litigation, with Findings and Recommendations on phase progression. The Evaluation Team shall also determine and include in its report a recommendation on the need, scope, and frequency of any future MSOP treatment program evaluation.  These Findings and

Recommendations on phase progression may be in addition to and reported separately from the annual program evaluation described in Minnesota Statutes, section 246B.03, subdivision 2.

6.     The Executive Director shall respond in writing to the Evaluation Team's phase progression Findings and Recommendations within thirty (30) days of receiving the Findings and Recommendations and provide that written response to the Commissioner, the Court, and counsel for the parties.   The Findings and Recommendations and the Executive Director's written responses shall also be made public.  The Executive Director shall include a copy of the phase progression Findings and Recommendations, along with the Executive Director's written responses, to the Minnesota Legislature as part of MSOP's annual performance report submitted in January 2014 (*see* Minn. Stat. § 246B.035).

7.     If at any time the Evaluation Team discovers in its review of files for phase progression an actual or possible violation of law, rule, or regulation, it shall immediately notify the Commissioner or the Chief Compliance Officer of the Minnesota Department of Human Services, the Court, and counsel for the parties.

8.     The formation of the Evaluation Team shall not affect or impair the rights of the parties with respect to further settlement discussions or litigation in this matter.

9.     In view of the formation of this Evaluation Team and continuing settlement discussions among the parties, all discovery in this matter shall be stayed for a period of sixty (60) days from the date of this Order.

5

Dated:  November 9, 2012

_s/ Jeffrey J. Keyes_____
JEFFREY J. KEYES
United States Magistrate Judge