## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, and Bradley Wayne Foster, | Civil No. 11-3659 (DWF/JJK) |
| Plaintiffs, | **ORDER** |
| v. | |
| Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Greg Carlson, and Ann Zimmerman, in their individual and official capacities, | |
| Defendants. | |

This matter is before the Court on Hollis J. Larson's Motion to Intervene or to Consolidate (Doc. No. 207), Hollis J. Larson's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 218), Unnamed Plaintiffs' Motion to Create Sub-Class (Doc. No. 220), and Unnamed Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 222).  All four motions were submitted by individuals, or groups of individuals, committed to the Minnesota Sex Offender Program ("MSOP") without the assistance or approval of class counsel.[1]

---

[1] The Court notes and reaffirms its Order of September 18, 2012 in which it directed individual class members to file any future letters, motions, or submissions through class

(Footnote Continued on Next Page)

I.      **Motion to Intervene or Consolidate**

Defendants and class counsel oppose Mr. Larson's motion to intervene or to consolidate.  (Doc. Nos. 214, 216.)

Mr. Larson claims that he is entitled to intervene in this action as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.  (Doc. No. 207.)  Mr. Larson has failed to point to a federal statute, however, that would entitle him to intervene unconditionally; he thus cannot establish that intervention is proper pursuant to Rule 24(a)(1).  Fed. R. Civ. P. 24(a)(1); *see United States v. Union Elec. Co.*, 64 F.3d 1152, 1160, n.3 (8th Cir. 1995).  Mr. Larson has also failed to establish that he is entitled to intervene pursuant to Rule 24(a)(2).  He has presented the Court with no facts that would demonstrate that his ability to protect his interests is impeded by the existence of the class action or that the parties to it will not adequately represent his interests.  *See* Fed. R. Civ. P. 24(a)(2).  Furthermore, to the extent Mr. Larson generally objects to the disposition of this case as a class action and the tactical choices of class counsel, Mr.

---

(Footnote Continued From Previous Page)
counsel.  (Doc. No. 237 at 2.)  Because the above-described motions predate the Court's September 18, 2012 Order, the Court will address the motions on the merits herein.  The Court's September 18, 2012 Order shall, however, remain in full force and effect.  The Court reminds the class that individual class members shall not file *pro se* motions without permission of the Court, and "[i]f individual class members or groups of class members send letters, motions, or other submissions to Chambers or to the Clerk's Office for filing in violation of [the September 18, 2012 Order], the Clerk of Court is directed to return such letter, motion, or submission to the sender along with a copy of [the September 18, 2012 Order]."  (*Id.* at 2-3.)

Larson's objections to class certification have already been heard and ruled upon by this Court.[2]  (*See* Doc. No. 189; Doc. No. 205 at 1-2; Doc. No. 203 at 10.)

Alternatively, Mr. Larson seeks to consolidate his suit with this class action. (Doc. No. 207.)  Courts have the discretion to consolidate cases involving common questions of law or fact pursuant to Rule 42 in order to avoid unnecessary cost or delay. *See* Fed. R. Civ. P. 42.  Here, the class action itself, along with the stays imposed in other cases filed by individual MSOP clients, serve such a purpose:  the class action provides a vehicle for efficiently litigating the claims common to the entire class.  Mr. Larson contends that he will "be prejudiced by any judgment that does not include relief for his specific claims and that does not include monetary damages," however, any such prejudice is merely speculative at this juncture.  (*See* Doc. No. 207 at 5.)  As noted below, the Court has reserved the right to create sub-classes should any actual conflict arise in the future.  The motion to intervene or consolidate is thus properly denied.

## II.     Motion to Create Sub-Class

Defendants and class counsel also oppose the Motion to Create Sub-Class filed by a group of unnamed plaintiffs ("Movants").  (Doc. Nos. 249, 259.)  The motion raises many of the same objections overruled by the Court at the time it certified the class. Class counsel notes that the Court considered the objections of MSOP clients not participating in treatment at the time it certified the class and contends that no new facts

---

[2]     For this reason, permissive intervention is also improper at this time.

exist at this time "to necessitate the creation of subclasses." (Doc. No. 249 at 3.)

Defendants join in this argument. (*See* Doc. No. 259.)

In its previous orders, the Court acknowledged, and overruled, the objections of certain unnamed class members to class certification.

> The Court recognized concerns that potential conflicts may arise between the named Plaintiffs and certain class members who have refused treatment or who may seek different remedies or relief. Consequently, the Court retained jurisdiction over the Class and reserved the right to reconsider the need for subclasses should any actual conflicts arise in the future.

(Doc. No. 205 at 2 (internal citations omitted); *see also* Doc. No. 203 at 10.) Although all MSOP patients may not be identically situated, the class claims, at their core, stem from allegations of the same principal constitutional violations as those raised by Movants. The class members generally assert the same injuries: "the lack of treatment, inadequate conditions of confinement, and lack of meaningful opportunity for release." (Doc. No. 203 at 6.) The Court finds that, at this pre-discovery stage of litigation, Movants have not presented any newly discovered facts that would warrant reconsideration of the Court's previous order certifying the class or require the creation of a sub-class.[3] Still, the Court once again reserves the right "to reconsider the need for subclasses should any actual conflicts arise in the future." (Doc. No. 205 at 2.) Consequently, the Court denies the motion to create a sub-class as premature.

---

[3] Additionally, Movants have failed to specifically identify the sub-class they seek to create.

**III.     Motions for TRO**

    **A.     Larson's Motion**

Mr. Larson has filed a motion for a temporary restraining order ("TRO") and injunction with respect to MSOP's planned, expanded implementation of the Area Monitoring System ("AMS"). (Doc. No. 218.) AMS requires the use of a transmitter worn on the ankle or wrist in order to monitor an MSOP client's location within the facility. (Doc. No. 255, Figueroa Aff. ¶ 2, Ex. A.) Defendants oppose Mr. Larson's motion and represent that, if a MSOP client refuses to wear an AMS transmitter, he will not be forced to wear one, however, his freedom of movement throughout the facility will be restricted. (*See* Doc. No. 257, Zimmerman Aff. ¶ 9.)

The Court concludes that Mr. Larson has failed to satisfy the *Dataphase* factors required to warrant injunctive relief at this time. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). He has not alleged an actual injury and has failed to articulate a legal or factual basis that would entitle him to an injunction or TRO. The motion appears to be premature with respect to any claims of threat of injury resulting from the devices, and any harm to Mr. Larson is speculative, as he has not yet worn such a device. (*See* Zimmerman Aff. ¶ 10.) The Court concludes that the perceived threat of any such injury is insufficient to warrant a TRO. As such, the motion is denied. The Court, however, reserves the right to evaluate the constitutionality of, or other challenges to, the AMS policy (or other restrictions on the freedom of movement of MSOP clients) if called upon at a future time during the course of this litigation.

B.     **Unnamed Plaintiffs' Motion**

Certain unnamed Plaintiffs ("Movants") have also filed a motion for a TRO. (Doc. No. 222.) Defendants oppose the motion.

To the extent the motion seeks relief with respect to AMS, the Court denies the motion for the reasons articulated above, as Movants have yet to wear AMS devices. (*See* Zimmerman Aff. ¶ 10.) To the extent the motion deals with allegations of class counsel's failure to adequately represent the "subclass," such arguments were addressed above, with respect to the motion to create a sub-class. To the extent Movants raise challenges outside the scope of the Amended Complaint in this case and identify claims asserted in any other action, the motion is properly denied. The Court, however, reserves the right to evaluate the constitutionality of, or other challenges to, MSOP policies, rules, and regulations (including its policies regarding treatment) if called upon at a future time during the course of this litigation.

### ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1.     Hollis J. Larson's Motion to Intervene or to Consolidate (Doc. No. [207]) is **DENIED**.

2.     Hollis J. Larson's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. [218]) is **DENIED**.

3.     Unnamed Plaintiffs' Motion to Create Sub-Class (Doc. No. [220]) is **DENIED**.

4.    Unnamed Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. [222]) is **DENIED**.

Dated:  December 4, 2012         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge