UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their individual and official capacities,<br><br>Defendants. | Court File No. 11-cv-03659 (DWF/JJK)<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY** |

## INTRODUCTION

Plaintiffs filed motions for preliminary injunctions and declaratory judgment on August 22, 2013. In order to provide additional factual support for these motions, Plaintiffs move that the Court's Order dated June 20, 2013 be amended to allow for expedited discovery on the issues raised in the preliminary injunction motions and declaratory judgment motion, including allowing for substantive interrogatory responses, production of documents and necessary depositions on these issues.

## BACKGROUND

This case was originally filed on December 21, 2011 as a *pro se* case. The undersigned counsel filed a Notice of Appearance on January 20, 2011. Plaintiffs filed

an Amended Complaint on March 15, 2012 alleging the following conduct by Defendants:  1) failure to provide treatment, 2) denial of right to be free from punishment, 3) denial of less-restrictive alternatives, 4) denial of right to be free from inhumane treatment, 5) denial of right to religious freedom, 6) unreasonable restrictions on speech and association, 7) unreasonable searches and seizures, 8) the civil commitment statute is unconstitutional as applied, 9) violation of court-ordered treatment, and 10) breach of contract.

On June 28, 2012, Plaintiffs moved to have an injunctive Class certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure [*Karsjens* Dkt. # 171]. On July 24, 2012, Judge Frank issued an Order certifying the Class defined as "All patients currently civilly committed in the Minnesota Sex Offender Program pursuant to Minn. Stat., §253B."

Discovery was initially stayed for sixty days on November 9, 2012 [*Karsjens* Dkt. # 275]. This stay was renewed for sixty days on January 25, 2013 [*Karsjens* Dkt. # 285] and for ninety days on March 22, 2013 [*Karsjens* Dkt. # 292]. This final stay Order expired on June 22, 2013.

On June 20, 2013, Magistrate Judge Keyes issued an Order setting forth a schedule regarding filing deadlines for amended pleadings and other motions and setting a deadline of August 1, 2013 for Plaintiffs to serve discovery and a deadline of September 2, 2013 for Defendants to provide objections to Plaintiffs' discovery [*Karsjens* Dkt. #298].

Plaintiffs served discovery on Defendants on August 1, 2013. On August 8, 2013, Plaintiffs filed a Second Amended Complaint [*Karsjens* Dkt. #171] ("*Karsjens* Complaint").

On August 22, 2013, Plaintiffs filed two motions for preliminary injunction and a motion for declaratory judgment.

The first motion for preliminary injunction asks for an Order requiring Defendants to immediately provide less restrictive alternative treatment facilities for the Plaintiffs and Class members in this case and to immediately re-evaluate each Plaintiff and Class member to determine if they should be placed in a less restrictive facility. *See* Plaintiffs' Motion for a Preliminary Injunction to Provide Less Restrictive Alternative Treatment Facilities and to Re-Evaluate Class Members [*Karsjens* Dkt. #310].

The second motion for preliminary injunction is based on Plaintiffs' allegations that Defendants are violating Plaintiffs' and Class members' constitutional rights by placing them in indefinite civil commitment with treatment that is so inadequate that it fails to bear some reasonable relation to the purpose for which the individual is committed and that Defendants are violating Plaintiffs' and Class members' statutory right, under Minn. Stat. §253B.03, Subd. 7, to receive proper care and treatment, best adapted, according to contemporary professional standards, to render further supervision unnecessary. *See* Plaintiffs' Motion for a Preliminary Injunction for the Appointment of a Special Master to Oversee the Minnesota Sex Offender Program [*Karsjens* Dkt. #313]. In their motion, Plaintiffs seek to have the Court appoint a Special Master to oversee the MSOP until a constitutionally adequate program is established, to have the Court order

that each Plaintiff and Class member be re-evaluated by independent sex offender experts to ensure they are in the proper treatment phase, and to have the Court order Defendants to immediately provide adequate staffing at the MSOP. *See id.*

The motion for declaratory judgment asks the Court to declare Minn. Stat. § 253B.185 B unconstitutional as a result of the unconstitutional application of the discharge standard. *See* Plaintiffs' Motion for Declaratory Judgment [*Karsjens* Dkt. #306].

## ARGUMENT

Plaintiffs respectfully request expedited discovery pursuant to Rule 26(b) of the Federal Rules of Civil Procedure in order to support their Motion for a Preliminary Injunction to Provide Less Restrictive Alternative Treatment Facilities and to Re-Evaluate Class Members, Motion for a Preliminary Injunction Finding that Defendants Have Violated Plaintiffs' Constitutional Rights and for the Appointment of a Special Master to Oversee the Minnesota Sex Offender Program, and Motion for Declaratory Judgment.

As extensively discussed in Plaintiffs' Memorandum in Support of Motion for a Preliminary Injunction to Provide Less Restrictive Alternative Treatment Facilities and to Re-Evaluate Class Members [*Karsjens* Dkt. #310] and Plaintiffs' Motion for Preliminary Injunction for the Appointment of a Special Master to Oversee the Minnesota Sex Offender Program [*Karsjens* Dkt. #313], Plaintiffs and Class members are suffering an irreparable injury and have a probability of success on the merits. Expedited discovery will assist Plaintiffs in fully arguing their motions for preliminary injunction, without

which Plaintiffs and Class members will continue to suffer great harm due to the loss of their constitutional and statutory rights.

Courts in this district have allowed expedited discovery when it will assist the court in deciding preliminary injunction motions.  *See Edudata Corp. v. Scientific Computers, Inc.* 599 F. Supp. 1084 (D. Minn. 1984) (noting that further development of the record before the preliminary injunction hearing will better enable the court to judge the parties' interests and respective chances for success on the merits.); *see also EMPO Corp. v. J.D. Benefits, Inc.,* No. Civ. 03-2480, 2003 WL 21517360 (D. Minn. June 26, 2003) (granting motion for expedited discovery relating to preliminary injunction motions); *Onan Corp. v. U.S.*, 476 F.Supp. 428 (D. Minn. 1979) (granting limited expedited discovery to prepare for possible injunction motions).[1]

Expedited discovery should also be granted on the issues presented in the Motion for Declaratory Judgment. Courts may award expedited discovery on a showing of good cause. *See Tuner Industries Group, LLC v. Int'l Union of Operating Engineers, Local 450*, Civil Action No. H-13-0456, 2013 WL 2147515 at * (S.D. Tex., Houston Div., May 10, 2013). Good cause exists when the need for expedited discovery due to irreparable harm being suffered by the moving party outweighs the prejudice to the responding party.

---

[1] It appears (although not expressly stated) that this District has adopted the good cause standard for determining whether to grant a motion for expedited discovery.  Courts have found that "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *See Ellsworth Associates, Inc. v. United States*, 917 F.Supp. 841, 844 (D.D.C. 1996) (citing *Optic-Electronic Corp. v. United States,* 683 F.Supp. 269, 271 (D.D.C. 1987); *Onan Corp. v. United States,* 476 F.Supp. 428, 434 (D. Minn. 1979)).  Thus, courts have routinely granted expedited discovery in cases involving challenges to constitutionality of government action.  *Id.* (citing *Optic–Electronic,* 683 F.Supp. at 271*; Sac Defense Sys. Div. Maremont Corp. v. Weinberger*, 606 F.Supp. 446, 449 (D. Me 1985)).

*Id.* Expedited discovery will assist Plaintiffs in fully arguing their Motion for Declaratory Judgment, without which Plaintiffs and Class members will continue to suffer great harm due to the loss of their liberty rights. Plaintiffs seek limited discovery on topics related to the discharge standards under Minn. Stat. § 253B.185, including decisions about discharging patients and how the discharge standard is applied.

All evidence in this case is in Defendants' possession. Plaintiffs and Class members do not even have access to their own treatment files with the MSOP. As a result, expedited discovery is necessary in order for Plaintiffs to provide additional factual support for this Motion for Preliminary Injunction.

## CONCLUSION

Based on the foregoing reasoning, Plaintiffs' and Class members' Motion for Expedited Discovery should be granted.

Dated:  August 22, 2013　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　s/Daniel E. Gustafson
　　　　　　　　　　　　　　　　　　　　Daniel E. Gustafson (#202241)
　　　　　　　　　　　　　　　　　　　　Karla M. Gluek (#238399)
　　　　　　　　　　　　　　　　　　　　David A. Goodwin (#386715)
　　　　　　　　　　　　　　　　　　　　Raina C. Borrelli (#392127)
　　　　　　　　　　　　　　　　　　　　**Gustafson Gluek PLLC**
　　　　　　　　　　　　　　　　　　　　Canadian Pacific Plaza
　　　　　　　　　　　　　　　　　　　　120 South Sixth Street, Suite 2600
　　　　　　　　　　　　　　　　　　　　Minneapolis, MN  55402
　　　　　　　　　　　　　　　　　　　　Telephone: (612) 333-8844

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*