UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Brian Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, and Brian K. Hausfeld, and others similarly situated, | Civil File No. 11-cv-3659 (DWF/JJK) |
| Plaintiffs, | |
| vs. | **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY** |
| Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hebert, and Ann Zimmerman, in their individual and official capacities, | |
| Defendants. | |

## INTRODUCTION

Just two months after entering into a stipulated scheduling order that called for no responses to written discovery before their deadline to file a Motion for Preliminary Injunctive Relief, Plaintiffs now come to the Court and ask to undo the schedule to which they agreed and require Defendants to respond to unlimited, unknown, and one-sided discovery to support three of Plaintiffs' motions. Plaintiffs have not shown that they need expedited discovery or that they cannot get the information they need from their own treatment records which they already have access to.

There is no reason – much less good cause – to depart from the previously agreed upon scheduling order.  Indeed, should Plaintiffs' expedited discovery motion be granted, Defendants will be forced to twice respond to Plaintiffs' three motions, once before and once after Plaintiffs obtain the discovery.

Defendants should not be forced to incur substantial time and expense in responding to Defendants' unspecified discovery in a shortened time frame at this stage of the proceedings, and Plaintiffs' motion should be denied.

## PROCEDURAL HISTORY

This case was originally filed on December 21, 2011 as a *pro se* case and Plaintiffs' counsel filed a Notice of Appearance on January 20, 2011.  Plaintiffs filed their First Amended Complaint on March 15, 2012 [Dkt. No. 151] alleging, among other things that Defendants violated Plaintiffs' constitutional, statutory, and common law rights to:  (1) receive proper care and treatment, best adapted, according to contemporary professional standards, rendering further supervision unnecessary in the least restrictive environment and (2) have less restrictive confinement.  *Id.* at 1-2.   As part of their prayer for relief, Plaintiffs sought, "That the Court order Defendants to provide proper treatment, appropriate less restrictive alternatives, and in general operate MSOP without an improper purpose of punishment."  *Id.* at 62.

On May 1, 2012, the Court adopted the parties' Stipulation to Extend Time to Answer and the deadline to file an Answer was postponed "until otherwise ordered by this Court."  Dkt. No. 160.  A Protective Order was entered and filed on May 31, 2012 [Dkt. No. 167].

Informal discovery has taken place throughout the pendency of this proceeding. In particular, in June 2012, Plaintiffs' Counsel received copies of all MSOP policies and full access to the records of thirteen of the fourteen currently named plaintiffs. *See* Alpert Aff. Exhibits 4 and 5.[1]

On June 28, 2012, Plaintiffs moved to have an injunctive Class certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure [Dkt. No. 171] and on July 24, 2012, the Court issued an Order certifying the Class. [Dkt. No. 203]. The Court defined the class as "All patients currently civilly committed in the Minnesota Sex Offender Program pursuant to Minn. Stat., §253B." [Dkt. No. 203 at 11].

On August 22, 2012, Magistrate Judge Boylan issued a Pretrial Scheduling Order. [Dkt. No. 213]. However, due to settlement discussions, formal discovery was initially stayed for sixty days on November 9, 2012. [Dkt. No. 275]. This stay was renewed for sixty days on January 25, 2013 [Dkt. No. 285], and for ninety days on March 22, 2013. [Dkt. No. 292].

Prior to expiration of the March 22, 2013 order staying discovery, the parties stipulated to a discovery and motion schedule and submitted it to the Court for approval. *See* Alpert Aff. Exhibits 1 and 2. This proposed order included two provisions that are material to the present motion: (1) "[n]o discovery responses shall be due until after the Court issues an order regarding Defendants' Motion to Dismiss", and (2) "Plaintiffs shall have until August 22, 2013 to file a Motion for Preliminary Injunctive Relief if they so

---

[1] Brian Hausfeld was not a named plaintiff in the First Amended Complaint.

choose."   Exhibit 2 at 4.   On June 20, 2013, Magistrate Judge Keyes issued an Order setting forth this agreed upon schedule regarding discovery and filing deadlines for amended pleadings and other motions, including the two provisions set forth above. *See* Dkt. No. 298.   In addition to the above, the Court ordered that Plaintiffs have until August 8, 2013, to file a Second Amended Complaint; Defendants shall have until September 9, 2013, to file a Motion to Dismiss; Plaintiffs shall serve discovery requests by August 1, 2013; Defendants shall provide any objections to Plaintiffs' discovery requests by September 2, 2013; and, Plaintiffs shall re-file their Motion for Payment of Fees and Costs by August 22, 2013.

Consistent with the agreed upon scheduling order, Plaintiffs served discovery on Defendants on August 1, 2013.   *See* Alpert Aff. Exhibit 8.   No mention was made about expedited discovery.   On August 8, 2013, Plaintiffs filed a Second Amended Complaint. [Dkt. No. 171].

On August 22, 2013, Plaintiffs filed three motions:   (1) Motion for Preliminary Injunction To Provide Less Restrictive Alternative Treatment; (2) Motion for Preliminary Injunction For Appointment of a Special Master; and (3) Motion for Declaratory Judgment.   Plaintiffs claim that they need expedited discovery.   Despite their claimed inability to fully argue their motions, however, Plaintiffs have scheduled all three motions to be heard by Judge Frank on November 15, 2013.

The present motion for expedited discovery seeks amendment of the current June 20, 2013 scheduling order (Dkt. No. 298) "to allow for expedited discovery on the issues raised in the preliminary injunction motions and declaratory judgment motion,

including allowing for substantive interrogatory responses, production of documents and necessary depositions on these issues." Dkt. No. 322. Aside from this general description of the discovery they say they need, Plaintiffs state that they "seek limited discovery on topics related to the discharge standards under Minnesota Statutes section 253B.185, including decisions about discharging patients and how the discharge standard is applied." Dkt. No. 324 at 6. As good cause for their request Plaintiffs simply add:

> All evidence in this case is in Defendants' possession. Plaintiffs and Class members do not even have access to their own treatment files with the MSOP. As a result, expedited discovery is necessary in order for Plaintiffs to provide additional factual support for this Motion for Preliminary Injunction.

*Id.*

As set forth below, Plaintiffs have failed to establish any cause for their request for expedited discovery, and their Motion should be denied. In any event, should the Court grant Plaintiffs' motion, Defendants respectfully request that the Court limit the type of discovery that Plaintiffs are allowed, and further order that Defendants are not required to respond to any of Plaintiffs' motions until after completion of such limited discovery and after Plaintiffs have amended their motions with whatever additional facts Plaintiffs have learned in discovery, if any.

## ARGUMENT

### I.    STANDARD FOR EXPEDITED DISCOVERY.

Courts maintain broad discretion in the discovery process, and although expedited discovery may be appropriate in certain limited circumstances, the party seeking such

discovery generally must establish "good cause" for the request to be granted. While it appears that the Eighth Circuit has not expressly adopted this standard, (*Cook v. Williams*, 2009 WL 3246877, at *1 (E.D. Mo. Oct. 6, 2009)), many courts use the good cause standard, including other federal district courts within the Eighth Circuit. *See Progressive Casualty Insurance Co. v. Federal Deposit Insurance Corp.*, 2012 WL 2870148, at *1 (N.D. Iowa Jul. 11, 2012); s*ee also, Ky. CVS Pharmacy, LLC v. McKinney*, No. 5:13-cv-25-KSF, 2013 WL 1644903, at * 1 (E.D. Ky. Apr. 16, 2013) (citing *5ifth Element Creative, LLC v. Kirsch*, No. 5:10-cv-255 - KKC, 2010 WL 4102907, at *2 (E.D. Ky. Oct. 18, 2010)); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000) ("[C]ourts should not grant such leave without some showing of the necessity for the expedited discovery.").

Under this standard, "the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to [the] responding party." *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008). The court should examine the entirety of the record to date and the reasonableness of the request in light of surrounding circumstances. *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000). "Expedited discovery is not the norm." *Id.* at 623.

Good cause has been found where there is a dying witness, *Cook,* 2009 WL 3246877, at *1, or where a plaintiff needed to collect seed samples in a patent infringement action before the crop could be destroyed. *Monsanto Co.,* 250 F.R.D. at 412. In both of these cases, however, the scope of the expedited discovery was limited.

6

*See St. Louis Group, Inc. v. Metals and Additives Corp.*, 275 F.R.D. 236, 240 (S.D.Tex.2011) (stating the subject matter of the discovery "should be narrowly tailored in scope."); *see also Bug Juice Brands, Inc. v. Great Lakes Bottling Co.*, No. 1:10-cv-229, 2010 WL 1418032, at *1 (W.D. Mich. Apr. 6, 2010) (denying expedited discovery because plaintiffs effectively sought any and all information necessary for them to establish their cause of action).

Courts have further explained that "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also 5ifth Element*, 2010 WL 4102907, at *2 (denying expedited discovery request because Plaintiffs' need did not outweigh the prejudice to Defendant). However, a good cause finding is not "automatic" in a preliminary injunction context. *MRP, Inc. v. Moreman*, No. 3:10-cv-707, 2011 WL 61177, at *2 (W.D. Ky. Jan. 7, 2011); *see also 5ifth Element*, 2010 WL 4102907, at *2 (rejecting party's assertion that it was "only seeking limited discovery" where requests did not specify any limitations on either the line of questions or types of documents sought). Rather, courts look to the expedited discovery requests to assess whether they are "'appropriately narrow and targeted.'" *Id.* (quoting *Johnson v. U.S. Bank Nat. Ass'n*, 2009 WL 4682668, at *1 (S.D. Ohio Dec. 3, 2009)).

## II.   PLAINTIFFS HAVE NOT SET FORTH SUFFICIENT GOOD CAUSE TO SUPPORT THEIR REQUEST FOR EXPEDITED DISCOVERY.

Although more than two months have passed since the Court entered the parties' agreed upon scheduling order, Plaintiffs chose to wait until their deadline for filing their motions for injunctive relief before seeking a modification of the stipulated scheduling order to obtain expedited discovery to support their motions.

Plaintiffs' general request, ("including allowing for substantive interrogatory responses, production of documents and necessary depositions on these issues, including unspecified depositions….")  is unlimited, unknown, and one-sided.   Because the request is not narrowly tailored or targeted, Plaintiffs have failed to establish good cause for expedited discovery at this time.

Plaintiffs also failed to establish good cause because any claimed need for expedited discovery at this time is caused by Plaintiffs.   Plaintiffs agreed to the very discovery schedule only two months ago, knowing that they had also agreed to certain deadlines that limited their ability to get responses to discovery before their deadline to file preliminary injunction motions.   Defendants should not be required to participate in expedited, open-ended discovery that will also necessarily require Defendants to prepare multiple responses to the motions currently filed.   Plaintiffs' request for expedited discovery is also properly denied on this basis.   Nor do Plaintiffs demonstrate that any of the required information would not be available during timeframes contemplated by the current scheduling order.

After this length of time, if there is insufficient information in the named plaintiffs' files, other informal discovery, public records or diligent investigation to support Plaintiffs' claims for immediate injunctive relief, then Plaintiffs' Counsel should be required to provide more specificity and support as to what Counsel believes it will find through immediate, expedited discovery.  Because the class is presumably similarly situated as the named plaintiffs, expedited discovery should be unnecessary.

Importantly, Plaintiffs' assertion that they need access to Plaintiffs' treatment records is wholly unsupported.  As clearly demonstrated in the Exhibits 3, 4, and 5 to Alpert Aff., Plaintiffs and Plaintiffs' Counsel have had full access to the named Plaintiffs' files for over a year.  Since all Plaintiffs are similarly situated, there should be adequate support for the generalized claims made in the various other motions as each relates to the availability of treatment at MSOP.[2]

Because Plaintiffs have failed to establish good cause for its generalized request, it is properly denied.

---

[2] A part of the injunctive relief Plaintiffs seek is an evaluation by an independent examiner for all Class Members to determine whether they might be appropriate for a less-restrictive placement.   However, named Plaintiff Karsjens was recently evaluated by Dr. Paul M. Reitman, a court-appointed, independent examiner for that very purpose.  As set out in the examiner's report and as found by the Supreme Court Appeals Panel, Mr. Karsjens did not meet the criteria for transfer to a less secure facility, and that decision is now final.  *See* Exhibits 6 and 7; Minn. Stat. § 253B.23 (appeal within 60 days).

III.   IF THE COURT IS NONETHELESS INCLINED TO GRANT THIS MOTION, THE COURT SHOULD REQUIRE PLAINTIFFS TO IDENTIFY WHAT IS NEEDED AND ORDER A NEW BRIEFING SCHEDULE.

Should the Court decide Plaintiffs are entitled to conduct expedited discovery, Defendants respectfully request the Court order that Plaintiffs identify exactly what is needed and then order only that limited discovery be expedited.  In addition, the Court should order a new briefing schedule for the underlying three motions for injunctive relief so that the Defendants need not respond to Plaintiffs' motions until after discovery to avoid having to respond twice to Plaintiffs' motions.  If appropriate, the Court could also consider a change to the hearing date.

## CONCLUSION

Based upon the foregoing, Plaintiffs' motion for expedited discovery should be denied.   In the alternative, Plaintiffs should be required to limit its proposed discovery as needed for any injunctive motions it intends to pursue, with appropriate adjustments to the June 20 Scheduling Order to minimize prejudice to Defendants.

Dated:  August 29, 2013.                    Respectfully submitted,

                                             s/Steven H. Alpert
                                             STEVEN H. ALPERT
                                             Assistant Attorney General
                                             Atty. Reg. No. 0001351
                                             Attorney for Defendants

                                             OFFICE OF THE ATTORNEY GENERAL
                                             State of Minnesota
                                             445 Minnesota Street, Suite 1100
                                             St. Paul, Minnesota 55101-2128
                                             Telephone:  (651) 757-1405
                                             TTY:  (651) 296-1410
                                             Fax:  (651) 282-5832
                                             Email: steve.alpert@ag.state.mn.us