UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Brian Christopher John Thuringer, Kenny S. Daywitt, and Bradley Wayne Foster, and Brian K. Hausfeld, and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hebert, and Ann Zimmerman, in their individual and official capacities,<br><br>Defendants. | Civil File No. 11-cv-3659 (DWF/JJK)<br><br><br><br><br><br><br><br>**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION AND PAYMENT OF FEES AND COSTS** |

## INTRODUCTION

Plaintiffs, on behalf of the Class Members, seek an Order against the State of Minnesota for advance payment of their litigation costs and expenses under Rule 706 of the Federal Rules of Evidence or alternatively the Minnesota *In Forma Pauperis* Statute, Minn. Stat. § 563.01 (2012). Plaintiffs' motion should be denied because Rule 706 does not authorize Plaintiffs and Class Members to use a court-appointed expert witness for their own purposes. Additionally, the award of litigation costs and expenses in this action

is governed by federal law, which does not authorize the payment of litigation expenses to indigent litigants. Plaintiffs' Motion should therefore be denied.

## FACTUAL BACKGROUND

This case was originally filed on December 21, 2011 as a *pro se* case and Plaintiffs' counsel filed a Notice of Appearance on January 20, 2011. Plaintiffs filed their First Amended Complaint on March 15, 2012 [Doc. No. 151.].

On June 28, 2012, Plaintiffs moved to have an injunctive Class certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure [Doc. No. 171.] and on July 24, 2012, the Court issued an Order certifying the Class. [Doc. No. 203.] The Court defined the class as "[a]ll patients currently civilly committed in the Minnesota Sex Offender Program pursuant to Minn. Stat., §253B." [Doc. No. 203 at 11.]

On August 22, 2012, Chief Magistrate Judge Boylan issued a Pretrial Scheduling Order. [Doc. No. 213.] On September 21, 2012, Plaintiffs filed a motion for fees and costs that was subsequently withdrawn due to continued settlement talks. [Doc. No. 268.] For the same reason, formal discovery was initially stayed for sixty days on November 9, 2012. [Doc. No. 275.] This stay was renewed for sixty days on January 25, 2013 [Doc. No. 285], and for ninety days on March 22, 2013. [Doc. No. 292.]

On August 1, 2013, Plaintiffs served on Defendants their Amended First Set of Interrogatories and Document Requests. On August 8, 2013, Plaintiffs filed their Second Amended Complaint. [Doc. No. 301.]

Plaintiffs now move for Defendants to pay their costs and expenses for discovery and experts. [Doc. No. 319 pp. 1-20.] As explained below, there is no authority or basis

for this Court to order Defendants to advance Plaintiffs' unknown costs and expenses in this matter.

## ARGUMENT

### I. PLAINTIFFS AND CLASS MEMBERS MISCONSTRUE THE PURPOSE OF RULE 706 OF THE FEDERAL RULES OF EVIDENCE.

Plaintiffs argue that Rule 706 of the Federal Rules of Evidence allows this Court to appoint an expert for the exclusive use by the Plaintiffs and to order Defendants to pay for that expert. [Doc. No. 319 pp. 6-12.] Plaintiffs, however, misconstrue the purpose of Rule 706.

The Rules of Evidence do not allow this Court to require Defendants to fund Plaintiffs' litigation against them. Federal Rule of Evidence 706 allows courts, in certain limited circumstances, to designate a neutral expert witness. Rule 706 only allows appointment of an expert when "the complexity of the matters to be determined [compel] the fact-finders' need for a *neutral*, expert view." *Tangwall v. Robb*, 2003 WL 23142190 at *3 (E.D. MI Dec. 23, 2003) (emphasis added). Courts do not, however, appoint expert witnesses for the purpose of assisting a litigating party. *See Hannah v. United States*, 2006 WL 2583190 at *4 (N.D. Tex. Sept. 1, 2006) (declining to appoint an expert witness for a *pro se* plaintiff because such an appointment would merely assist the plaintiff to prove his case rather than provide a neutral expert view for the court); *Daker & Kennedy v. Wetherington*, 2006 WL 648765 at *5 (N.D. GA Mar. 15, 2006) (noting that "[l]itigant's assistance is not the purpose of Rule 706"). The Advisory Committee Notes also support this interpretation of Rule 706 by indicating that the Rule provides the Court

the power to appoint an expert as a "counter balance" to the other experts that may be hired by the parties. Fed. R. Evid. 706 Advisory Committee Notes.

Here, Plaintiffs seek the appointment of an expert pursuant to Rule 706 for their own benefit, not a neutral expert for the Court's benefit. Plaintiffs' Motion should therefore be denied.[1]

Plaintiffs cite to *Stidnicka v. Pinheiro,* Civ. No. 05-723 (JRT/FLN), 2006 WL 1579876, at *1 (D. Minn. June 2, 2006), and *Ake v. Oklahoma,* 470 U.S. 68 (1985), but these cases do not support the appointment of an expert for the Plaintiffs' sole benefit. [Doc. No. 319 pp. 9-10.] In *Stidnicka,* the court appointed an expert under Rule 706 *to assist the court* in examining plaintiff's medical records and provide *the court* with an opinion on the merits of plaintiff's medical malpractice claim. 2006 WL 1579876,. at *3. In *Ake,* the court stated that an indigent criminal defendant is entitled to have access to raw materials integral to his defense and the fair opportunity to present his claims in order to avoid fundamental unfairness, but the Court did not require the government to pay for an expert for the indigent criminal defendant. 470 U.S. at 77. These cases lend no support for Plaintiffs' argument that an expert can be paid for by one party for the exclusive use by the opposing party.

Plaintiffs also cite to *Vitek v. Jones*, 445 U.S. 480 (1980) for the proposition that expert witnesses would provide qualified assistance to Plaintiffs in keeping with due

---

[1] The fact that the Court may order one or both parties to advance fees and expenses for such an appointment does not modify or change the purpose of Rule 706 to provide a <u>neutral</u> expert.. *See U.S. Marshals Serv. v. Means*, 741 F. 2d at 1057-58.

process requirements. [Doc. No. 319 pp. 10-12.] But the qualified independent assistance that the Court held should be provided to the mentally ill inmate in *Vitek*, consisted of either an attorney or a lay person to assist the inmate in understanding the proceedings relating to involuntary transfer to a mental hospital. *Id.* 496-97, 500. Plaintiffs have an attorney here, and *Vitek* does not support Plaintiffs' motion.

Plaintiffs further argue that they require advancement of litigation expenses so that their access to courts is not constricted. But their constitutional right of access to the courts does not encompass a requirement that a government advance payment of Plaintiffs' and Class members' expert witness fees and discovery costs. *See Delaney v. Marsh,* No. 7:08CV00465, 2012 WL 1339741 at *4 (W.D. Va. April 17, 2012) (right of access to courts does not require government to pay litigation expenses for indigent litigant). Ultimately, Plaintiffs are responsible for their own costs and expenses in this class action litigation. *See Dalton v. FMA Enterprises, Inc.,* Civ. No. 95-396-CIV-FTM-17D, 1996 WL 379105, at *6 (M.D. Fla. July 1, 1996) (stating that "it is Plaintiff's ultimate responsibility to provide adequate financing" in a class action).

## II. FEDERAL LAW, NOT STATE LAW, CONTROLS THE AWARD OF COSTS AND EXPENSES IN THIS ACTION.

In a footnote [Doc No. 319 p.12 n.9], Plaintiffs acknowledge that the federal *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915, does not allow for the award of the litigation expenses Plaintiffs seek. *See U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1056 (8th Cir. 1984). *See also Toliver v. Comm. Action Com'n To Help The Economy, Inc.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985), aff'd, 800 F.2d 1128, *cert. denied*, 479

U.S. 863 (there is no clear statutory right to prepayment of discovery costs). Indeed, there is no provision in the federal IFP statute for payment of deposition transcripts or for any other litigation expenses. *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). *See also Ortiz v. Baird*, 2012 WL 1391649 (W. Dist. PA 2012) (it is Plaintiff's obligation to pay for deposition transcripts or other litigation expenses arising during the course of a civil lawsuit brought by an indigent litigant). A court "cannot, in the absence of any clear statement to the contrary, infer congressional intent to have section 1915 cover witness fees and expenses." *U.S. Marshals Serv. v. Means*, 741 F.2d at 1056. Congress specifically omitted any authority for a federal court to award discovery or other litigation expenses to indigent litigants proceeding under the federal IFP statute. *Id.* Section 1915 also does not provide for the appointment of expert witnesses to aid indigent litigants. *See Pedrazza v. Jones*, 71 F.3d 194, 197 n.5 (5th Cir. 1995).

   As Plaintiffs in this case are foreclosed from seeking the relief requested under the federal IFP statute, Plaintiffs look to the Minnesota IFP statute, Minn. Stat. § 563.01, as their basis to obtain advancement of discovery costs and expenses in this matter. But federal law governs the procedure of this federal district court case, and the payment of fees and expenses and the application of IFP is a procedural matter. Under *Erie R. R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts apply state substantive law to any issue which has its source in state law. *Id.* at 78. Yet federal law, rather than state law, invariably governs procedural matters in federal courts. *Continental Cable Vision, Inc. v.*

*Storer Broadcasting Co.*, 583 F.Supp. 427, 431 (D.C. MO. 1984).[2] This is why the award of costs in federal court is a procedural matter governed by the Federal Rules of Civil Procedure rather than State law. *See Humann v. KEM Elec. Co.-Op, Inc.*, 497 F.3d 810, 813 (8th Cir. 2007). As Congress has made no exception for the award of such litigation expenses, the federal IFP statute must be deemed controlling "and excludes the application in the federal courts of any different state practice." *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1091 (D. Minn. 1999).

As federal law is controlling, Plaintiffs' argument that the presence of state-law claims arising out of the same set of operative facts as their federal law claims provides a basis for applying the Minnesota IFP statute is of no help. [Doc. No. 319 pp. 12-13.] "The mere presence of state-law claims under supplemental jurisdiction does not make application of [federal law] a subversion of a state-law right." *Felder v. King*, Civ. No. 07-4929 (DSD/JJK), 2011 WL 2174538 at *4 (D. Minn. May 31, 2011) (citing *Humann v. Kem Elec. Co-Op., Inc.*, 497 F.3d 810, 813 (8th Cir. 2007)). *See also Henkel v. Chicago, St. Paul, Minneapolis & Omaha Ry.*, 284 U.S. 444, 446 (1932) (rejecting argument that Minnesota's discretionary rule allowing an award of expert witness fees to the prevailing party should supersede the predecessor to 28 U.S.C. § 1821).

---

[2] "The *Erie* case and the Supreme Court's decisions following it apply in federal question cases as well." C. Right, A. Miller & E. Cooper, 19 Federal Practice and Procedure (2d Ed. 2002) p. 3, § 4520.

In short, federal law, not state law, governs the issue of whether a federal court may award litigation expenses to an indigent litigant through application of the federal IFP statute. *See Felder v. Cain*, Civ. No. 07-4929 (DSD/JJK), 2011 WL 2174538 at *4 (D. Minn. May 31, 2011) (holding that award of expert witness fees is governed by federal law and not state law). Because the federal IFP does not authorize advancement of litigation expenses and does not explicitly provide any deference to state practice with respect to the advancement of discovery costs and expenses, Plaintiffs have no basis for seeking litigation expenses from the State under the Minnesota IFP statute.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that Plaintiffs' and Class Members' motion for payment of fees and costs at this stage of the litigation be denied.

Dated: September 9, 2013                    Respectfully submitted,

s/**Ricardo Figueroa**
RICARDO FIGUEROA
Assistant Attorney General
Atty. Reg. No. 0282224

STEVEN H. ALPERT
Assistant Attorney General
Atty. Reg. No. 0001351
Attorneys for Defendants

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota
445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2128
Telephone: (651) 757-1233
TTY: (651) 296-1410
Fax: (651) 282-5832
Email: ricardo.figueroa@ag.state.mn.us