UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld, and all others similarly situated,<br><br>           Plaintiffs,<br><br>v.<br><br>Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their individual and official capacities,<br><br>           Defendants. | Civil No. 11-3659 (DWF/JJK)<br><br>**ORDER** |

      Plaintiffs are civilly committed to the Minnesota Sex Offender Program ("MSOP"). The background and procedural history of this case is laid out in detail in the Court's prior orders and the briefing of the parties and is incorporated by reference herein.

      This matter is now before the Court on Plaintiffs' Motion for Payment of Fees and Costs (Doc. No. 317). In their motion, Plaintiffs request that the Court appoint experts on their behalf and require Defendants to pay for several litigation expenses. The Court addresses each of the requests in turn.

I.     **Experts**

Plaintiffs request that the Court appoint experts in this matter pursuant to Rule 706 of the Federal Rules of Evidence.  Rule 706(a) provides:

> On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations.  The court may appoint any expert that the parties agree on and any of its own choosing.  But the court may only appoint someone who consents to act.

Fed. R. Evid. 706(a).  With respect to compensation, Rule 706(c) states that "[t]he expert is entitled to a reasonable compensation, as set by the court."  Fed. R. Evid. 706(c).  The rule further explains that such compensation is payable "by the parties in the proportion and at the time that the court directs—and the compensation is then charged like other costs."  Fed. R. Evid. 706(c)(2).

Plaintiffs argue that Rule 706 "can reasonably be extended to allow the Court to provide for compensation of experts to assist Plaintiffs."  (Doc. No. 319 at 6.)  Plaintiffs rely upon Eighth Circuit case law for the proposition that the district court has discretionary power to call an indigent party's lay and expert witnesses as the court's own witnesses and to order the government as a party to the case "to advance their fees and expenses, such advance payment to be later taxed as costs."  *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984).

Defendants, however, assert that Rule 706 was intended to permit courts to designate neutral expert witnesses in certain limited circumstances and that the rule does not provide a basis to appoint expert witnesses "for the purpose of assisting a litigating party."  (Doc. No. 328 at 3.)

2

The Court acknowledges the need for experts in this case in order to fully and properly litigate the claims at issue.  The Court makes no determination as to whether Plaintiffs are entitled to appointment of experts solely on their behalf pursuant to Rule 706, but simply recognizes that the Court requires the assistance of expert testimony to properly adjudicate the claims in this matter.  Thus, the parties shall each submit nominations to the Court and identify the particular area of expertise of each nominee.  The parties shall also identify the hourly rate of each such nominee.  Given Plaintiffs' indigent status, and the particular facts and circumstances of this case, the Court reserves the right to require Defendants to advance the fees and expenses for any such appointed experts.

## II.   Costs and Fees

Plaintiffs also seek to require Defendants to pay various other litigation costs and fees, including Plaintiffs' witness, deposition, transcript, and copying costs.  Plaintiffs acknowledge that the federal *in forma pauperis* ("IFP") statute "does not appear to encompass the expenses requested," however, Plaintiffs seek relief under the related Minnesota IFP statute.  (Doc. No. 319 at 12 n.9); *compare* 28 U.S.C. § 1915 *with* Minn. Stat. § 563.01.

Defendants maintain, however, that there is no basis upon which to order Defendants to pay costs and fees because the federal IFP statute, not the state statute, applies in this case.  *See* 28 U.S.C. § 1915; Minn. Stat. § 563.01.  The Court finds that Minnesota Statutes section 563.01 is not the governing law in this matter, which was initiated and filed in federal court.  Plaintiffs must abide by the provisions of the federal

IFP statute, 28 U.S.C. § 1915, pursuant to which they were granted IFP status.  (*See* Doc. No. 180.)  And section 1915 "does not authorize government payment of witness fees and expenses for indigent litigants."  *Means*, 741 F.2d at 1056 (noting that, "[w]hile the plain language of section 1915 expressly provides for service of process for an indigent's witnesses, it nowhere mentions payment of fees and expenses for such witnesses").  In any event, at this early stage, when costs related to discovery have yet to be incurred by Plaintiffs, such expenses are unknown, and the motion is premature.  The Court's ruling, however, in no way prohibits Plaintiffs from recovering their costs and fees if ultimately successful at the close of the case.  Consequently, the Court denies Plaintiffs' motion for litigation costs and fees as premature at this time.

### ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Payment of Fees and Costs (Doc. No. [317]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.     To the extent Plaintiffs seek the appointment of expert witnesses for the benefit of the Court pursuant to Rule 706, the motion is **GRANTED**.  The parties shall each submit nominations for such experts and identify the experts' respective areas of expertise and hourly rates.

2.     To the extent Plaintiffs seek an order requiring Defendants to advance payment for Plaintiffs' discovery costs or other litigation fees, the motion is **DENIED**.

3. In all other respects, the motion is **DENIED**.

Dated:  October 25, 2013                          s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge

5