**GUSTAFSON GLUEK PLLC**
ATTORNEYS AT LAW

CANADIAN PACIFIC PLAZA
120 SOUTH SIXTH STREET, SUITE 2600
MINNEAPOLIS, MINNESOTA 55402
TEL (612) 333-8844 • FAX (612) 339-6622

DANIEL E. GUSTAFSON
DGUSTAFSON@GUSTAFSONGLUEK.COM

January 22, 2014

**VIA ECF**
The Honorable Jeffrey J. Keyes
United States District Court
646 Warren E. Burger Federal Courthouse
316 N. Robert Street
St. Paul, MN 55101

    Re:    <u>Karsjens, et al. v. Jesson, et al.</u>
            Court File No. 11-cv-03659 (DWF/JJK)

Dear Judge Keyes:

       On December 26, 2014, the parties received an email from the Court's technical advisor, David Ferleger, stating that a meeting between the Court and the experts will occur on January 22, 2014. At the January 2, 2014, status conference, Magistrate Judge Keyes further clarified that the parties would not participate or be present for the meeting; however, the Court invited the parties to submit proposals regarding the experts.

       The parties in the above-referenced matter jointly submit the following proposals regarding (1) the scope of work to be performed by the experts appointed in this matter (Doc. 393) ("Expert Order"), and (2) the procedures for the performance of that work. As discussed below, the parties generally agree that the start of any Rule 706 expert work should be tied to the disposition of the pending motions. If the work begins before such disposition, the parties provide separate proposals about the scope of that work. The parties jointly propose several procedures relating to any Rule 706 expert work.

      **A. RELATION OF RULE 706 EXPERT WORK TO PENDING MOTIONS**

Four motions are pending before this Court:

- Plaintiffs' Motion for Declaratory Judgment (Doc. 360);
- Plaintiffs' Motion for Preliminary Injunction to Provide Less Restrictive Alternatives (Doc. 364);

Page 2
January 22, 2014

- Plaintiffs' Motion for Preliminary Injunction to Appoint a Special Master to Oversee the MSOP (Doc. 370); and,
- Defendants' Motion to Dismiss the Plaintiffs' Second Amended Complaint (Doc. 374).

The Court announced its intention to issue its Orders on those motions by February 16, 2014.

The parties agree that the Court's ruling on those motions may have a substantial impact on the scope of work that may be necessary for the experts to undertake. As such, the parties further agree that the experts should not begin work prior to the issuance of those Orders.

Plaintiffs would make an exception to the extent the Court seeks expert assistance in making its determinations with regard to the pending motions. Defendants do not join Plaintiffs in making that exception.

Connecting the timing of the experts' work to the resolution of the pending motions is necessary because significant legal questions must be addressed in order to ensure that the work of the experts is on issues that are properly before the Court and to ensure the efficient use of what could be a substantial expenditure by the parties.

Defendants' general position is that failure to specify the issues, questions, and standards that the experts are to be working on subjects Defendants to an open-ended investigation that is not tied to any particular legal issues, precedent, or authority. An open-ended investigation converts the experts from Rule 706 to an adjunct of Plaintiffs that the Court has so far refused to allow (see Doc. 354). Uncertainty around which legal standards will apply to Plaintiffs' claims creates the potential for prejudice to the parties and unnecessary expenditure of resources.

### B. PARTIES' PROPOSALS FOR SCOPE OF RULE 706 EXPERT WORK

Without waiving any objections to the timing or the scope of the Rule 706 experts' work, the parties provide the following proposals in response to the Court's request.

The parties agree that, if the experts begin work before disposition of the pending motions, additional refinements to the scope of the work may be appropriate after such disposition.

31334

Page 3
January 22, 2014

**Plaintiffs' Proposal**

Plaintiffs propose that the experts focus the scope of their work on the following areas:

1. Evaluation of all Class members and make recommendations as to whether each Class member is in the correct treatment phase; whether the Class member should be recommended for provisional or full discharge and/or whether the Class member could be placed in a less restrictive treatment setting;
2. Review of the current treatment program at MSOP and how it is being implemented to determine whether the program on its face and as implemented meets the professional standard of care and treatment of sex offenders and make recommendations for any changes that should be made to the treatment program;
3. Review the current MSOP policies and practices with regard to the conditions of confinement to determine whether they satisfy the balance between security and a therapeutic environment and make recommendations for any changes that should be made to the conditions of confinement at both the Moose Lake and St. Peter facility; and
4. Provide the Court with recommendations as to less restrictive alternatives and how such facilities may operate.

Consistent with the Court's broad mandate, the experts should look to other states that have civil commitment programs for sex offenders to provide guidance on alternative options. The experts should also have liberal access to the relevant people, policies, files, and assistance needed to satisfy their duty to the Court including access to the following information:

- **Review of Patient Files:** The experts shall be afforded full access to all patient files and related documentation to verify that the proper professional standards of care and treatment are being applied to all areas of patient care, including treatment, risk assessment, discipline, and client placement in the MSOP. The experts shall be afforded the opportunity to meet with clients - subject to client consent to such participation - to discuss client treatment files and treatment status.

- **Review of MSOP Policies:** The experts shall be afforded full access to all MSOP policy makers as well as all policies and related documentation to verify that professional standards of care and treatment are being applied to all areas of the MSOP, including client treatment and placement, conditions of confinement, security, and any other matters the experts believe are pertinent to the discharge of their duties under the Expert Order.

- **Review of Conditions of Confinement:** The experts shall be afforded full access to review the current conditions of confinement and related policies and rules

31334

Page 4
January 22, 2014

   regarding the same within the MSOP in order to advise the Court on professional standards regarding the conditions of confinement that establish a therapeutic environment that provides adequate security for clients, staff, and visitors.

- **Review of the Treatment Program:** The experts shall be afforded full access to review all aspects of the current treatment program provided by the MSOP to verify that professional standards of care are being applied to client treatment. The review shall encompass the physical and psychological testing applied to clients, amount and format of treatment, applicable standards for progression and discharge, and any other matters the experts believe are pertinent to the discharge of their duties to the Court under the Expert Order.

- **Review of Less Restrictive Alternatives:** The experts shall review the current and proposed less restrictive alternative facilities and advise the Court on the professional standards of care in such facilities as well as the experiences of other states regarding the establishment and use of less restrictive alternatives and client placement in those less restrictive alternatives.

**Defendants' Proposal**

The experts shall prepare and provide to the parties and the Court a report addressing the following topics:

1. The current professional standards for the treatment of civilly committed sex offenders and the extent to which MSOP's program design reflects those standards;
2. How other civil commitment programs have reintegrated civilly committed sex offenders into the community, with particular attention to community relations; and,
3. How other states, if any, are providing treatment and management of lower-functioning civilly committed sex offenders in community settings.

Following receipt of this report, the parties shall submit to the Court proposals for further work on the above topics or on new topics.

**C. PARTIES' PROPOSED PROCEDURES FOR THE PERFORMANCE OF RULE 706 EXPERT WORK**

The parties agree that the work to be performed by the experts should be prioritized, directed, and overseen by Judge Keyes, with the input from the Court appointed technical advisor David Ferleger.

31334

Page 5
January 22, 2014

    Counsel for the parties may object to the substantive areas of the work or the methods of the expert evaluation in writing to the Court. Counsel for the parties may specifically object to the amount of time, actual or proposed, and attendant costs in connection with the experts' work. Opposing counsel may submit written responses to the objections within five business days to the Court.

    The focus of the expert work should be prioritized subsequent to the issuance of the Orders pending before this Court.

    The experts shall determine the division of labor among themselves for any work requested by the Court.

    The experts shall communicate their findings and conclusions in writing to the Court with copies to counsel for the parties. Parties may submit written responses to any expert submission.

                                          Sincerely,

                                          GUSTAFSON GLUEK PLLC

                                            s/Daniel E. Gustafson

                                          Daniel E. Gustafson

DEG/sam

31334