UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin Scott Karsjens, David Leroy Gamble,    Civil No. 11-3659 (DWF/JJK)
Jr., Kevin John DeVillion, Peter Gerard
Lonergan, James Matthew Noyer, Sr.,
James John Rud, James Allen Barber,
Craig Allen Bolte, Dennis Richard Steiner,
Kaine Joseph Braun, Christopher John
Thuringer, Kenny S. Daywitt, Bradley Wayne
Foster, Brian K. Hausfeld, and all others
similarly situated,

        Plaintiffs,

                                     **ORDER TO SHOW CAUSE**

v.

Lucinda Jesson, Dennis Benson, Kevin
Moser, Tom Lundquist, Nancy Johnston,
Jannine Hébert, and Ann Zimmerman,
in their individual and official capacities,

        Defendants.

This matter is before the Court on a report by the Court-appointed experts dated May 18, 2014 ("Expert Recommendation"), which is attached as a sealed exhibit to this Order. (Ex. 1.)

## BACKGROUND

On December 6, 2013, the Court appointed four experts pursuant to Rule 706 of the Federal Rules of Evidence. (Doc. No. 393 at 1-2.) On February 19, 2014, the Court ordered that the experts begin their work, in part, by "[i]dentifying residents who are not receiving appropriate services and making recommendations related thereto." (Doc. No. 427 at 72.) The experts were also ordered to prioritize their evaluations of those

individuals residing in the Young Adult Unit, the Assisted Living Unit, and the Alternative Program Units. (*Id*. at 70 n.54, 72.)

## DISCUSSION

The Court has received the Expert Recommendation dated May 18, 2014, which it has filed under seal as an attachment to this Order. (Ex. 1.) The Expert Recommendation includes a summary and discharge recommendation for an individual who the Court will identify only as "E.T." (*Id.*) E.T. has "no adult criminal history" and was 19 years old when committed to MSOP. (*Id.* at 1.) According to the experts, E.T.'s commitment to MSOP "was as a result of behavior that he engaged in between the ages of 10 and 14." (*Id.*) E.T.'s file also apparently makes reference to incidents that occurred while he was in juvenile placement facilities, and for which no charges were filed against him. (*See id.* at 1-2.) The experts opine that it "is likely" that E.T.'s "history of general delinquency," including "fighting, running away," and "engaging in rule violating behaviors," contributed to his commitment to MSOP. (*Id.* at 2.) In their report, the experts ultimately conclude that:

> [E.T.] has no adult criminal history. The sexual offending behavior leading to his indefinite placement at MSOP occurred while he was a juvenile only. There is good reason to believe that these sexual offenses were influenced by his own history of sexual victimization and a lack of understanding as to how to deal with his trauma. These and other problematic behaviors were likely exacerbated by his ADHD status and untreated complex trauma. Overall, there is little evidence to suggest that [E.T.] is a dangerous sexual offender who poses a significant risk to public safety. As such, the panel unanimously agrees that [E.T.] should be unconditionally discharged from MSOP.

(*Id.* at 4.) The experts further identify a family member with whom E.T. would be welcome to live and work upon discharge. (*Id.*) Additionally, the experts state that E.T.

2

"has been medication compliant since arriving at MSOP." (*Id.* at 2.) They also note that "[i]t appears that [E.T.] completed treatment related to his sexual offending history prior to placement at MSOP" and that "[i]t is unlikely that he requires additional intervention in this regard." (*Id.*)

In support of their conclusions, the experts discuss E.T.'s pertinent history and treatment participation at MSOP. (*Id.* at 2-3.) The experts also highlight risk assessment processes for juveniles and state the following:

> The literature on sexual offender risk assessment is clear that juveniles are not just "small adults"; specialized tools and methods are required for use with this population. Research also shows a strong effect of aging on risk in the juvenile population, in that most sexual offending committed by juveniles is linked more to development than to deviance, *per se*. Use of actuarial methods is common amongst adult sexual offenders, but the literature is cautionary with respect to the use of such methods with youth. In particular, those tools that have been developed for use with juveniles have only short-term predictive validity; there are no tools in common use that profess to provide long-term predictive validity in juveniles.
>
> It is also important to note that research on juvenile sexual offenders suggests that they have low recidivism rates and that they are more similar to other justice-involved juveniles than adult sexual offenders. In fact, most juveniles who engage in sexually abusive behaviors do not continue to offend sexually during adulthood (only 4.3% are arrested for a sexual offense as an adult). This finding is most likely due to the fact that juvenile offending behaviors are driven by different issues than those that drive adults to commit sexual offenses (e.g., more opportunistic than predatory, curiosity based, related to social problems, less compulsive). Moreover, juveniles are more amenable to change than adults and, as such, those who engage in sexually abusive behaviors during youth are more responsive to interventions.

(*Id.* at 3.)

In light of the Expert Recommendation with respect to E.T., as well as the Court's prior order on Defendants' motion to dismiss and Plaintiffs' requests for injunctive relief

(Doc. No. 427), the Court orders Defendants to show cause why E.T.'s continued confinement is not unconstitutional and why E.T. should not be immediately and unconditionally discharged from MSOP, as unanimously recommended by the experts.

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants shall show cause why E.T.'s continued confinement at MSOP does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

2. Defendants shall show cause why E.T. should not be immediately and unconditionally released from MSOP.

3. Defendants shall show cause in the form of a written brief to be filed with the Court on or before **June 11, 2014**.

4. Plaintiffs shall file a responsive brief on or before **June 18, 2014**.

5. Counsel for the parties shall appear before the Court for a hearing on this matter on **June 25, 2014** at **2:00 p.m.** in Courtroom 7C, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

Dated: June 2, 2014	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge