UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their individual and official capacities,<br><br>Defendants. | Civil No. 11-3659 (DWF/JJK)<br><br><br><br>**ORDER DEFINING THE PURPOSE AND SCOPE OF THE JULY 14 & 15, 2014 EVIDENTIARY HEARING** |
| E.T.,<br><br>Petitioner,<br><br>v.<br><br>Lucinda Jesson, Commissioner of the Minnesota Department of Human Services,<br><br>Respondent. | Civil No. 14-2002 (DWF/JJK) |
| R.B.,<br><br>Petitioner, | Civil No. 14-2362 (DWF/JJK) |

v.

Lucinda Jesson, Commissioner of
the Minnesota Department of
Human Services,

                Respondent.

On June 2, 2014, the Court issued an Order in the *Karsjens* § 1983 action directing the Defendants to show cause why a person named E.T. should not be immediately and unconditionally discharged from MSOP, as unanimously recommended by the four Rule 706 experts. (*Karsjens*, Civ. No. 11-3659, Doc. No. 468.) Thereafter, Plaintiffs' attorneys filed a motion seeking the immediate transfer of another individual, R.B., to a different treatment facility, based on the unanimous recommendation of the four Rule 706 experts. (*Karsjens*, Civ. No. 11-3659, Doc. No. 478.) A hearing was held on these matters on June 25, 2014. (*Karsjens*, Civ. No. 11-3659, Doc. No. 549.) On June 28, 2014, and June 27, 2014, Plaintiffs' attorneys filed habeas corpus petitions on behalf of E.T. and R.B., respectively. (Civ. No. 14-2002, Doc. No. 1; Civ. No. 14-2362, Doc. No. 1.) Because of the relatedness of the two habeas cases and the *Karsjens* § 1983 action, the Court issued Orders reassigning the two habeas cases to Judge Donovan W. Frank and Magistrate Judge Jeffrey J. Keyes, for the purpose of serving judicial economies, to increase the likelihood of consistent rulings, and for ease in managing the cases in a way that conserves time and efforts of all parties, attorneys, and judges involved. (*Karsjens*, Civ. No. 11-3659, Doc. Nos. 502, 515; Civ. No. 14-2002, Doc. No. 3; Civ. No. 14-2362, Doc. No. 3.) The two habeas cases and the *Karsjens* § 1983 action are not consolidated.

After the June 25, 2014 hearing, and upon the request of the parties, the Court set an evidentiary hearing for July 14-15, 2014, where all individuals who have issued reports regarding E.T. and R.B. would be present to offer testimony. (Doc. No. 516.) In addition, the Court set a briefing schedule with respect to the habeas petitions. (*Id.*) The Court left open the determination of whether the testimony received would be considered pursuant to the habeas petitions or the *Karsjens* § 1983 action. The Court set this hearing in all three cases for the convenience of the Court and the parties involved.

On July 7, 2014, Respondent in the habeas cases filed her Responses to the habeas petitions. (Civ. No. 14-2002, Doc. Nos. 8, 9; Civ. No. 14-2362, Doc. Nos. 6, 7.) In the Responses, Respondent has raised the argument that the petitions should be dismissed for lack of exhaustion.

This matter is before the Court on Defendants' Motion in Limine for an Order Defining the Purpose and Scope of the July 14 & 15, 2014 Evidentiary Hearing (*Karsjens*, Civ. No. 11-3659, Doc. No. 541). Based on the file, records, submissions, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Defendants' Motion in Limine for an Order Defining the Purpose and Scope of the July 14 & 15, 2014 Evidentiary Hearing (*Karsjens*, Civ. No. 11-3659, Doc. No. [541]), is **GRANTED IN PART**. The evidentiary hearing scheduled for July 14 and 15, 2014, is limited in scope to evidence relating to the opinions of all individuals, including the Rule 706 experts, who have issued reports or filed affidavits on E.T. and R.B in relation to the *Karsjens* § 1983 action. The evidence received at this hearing can

be used, if relevant, to evaluate the class action claims in the *Karsjens* § 1983 action. The Court reserves the right to preserve the evidence insofar as it may pertain to the habeas matters.

2. Following the testimony as described in paragraph 1, the Court will hear argument from counsel in the *Karsjens* § 1983 action on Plaintiffs' Motion for the Creation of an Aftercare Plan for E.T. Pursuant to Minn. Stat. § 253D.35 (Doc. No. 526), and separately will hear argument from the parties on the two habeas petitions in Civ. No. 14-2002 and Civ. No. 14-2362, including any argument on the exhaustion issues.

3. At the hearing, the Court would also like an update from counsel regarding E.T.'s July 2, 2014 SRB hearing, and an update on the current status of E.T. and R.B.'s residence and living situation. Counsel should also be prepared to discuss modifying the schedule in the *Karsjens* § 1983 action.

Date: July 10, 2014          s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge