UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld, and all others similarly situated, | Civil No. 11-3659 (DWF/JJK) |
| Plaintiffs, | |
| v. | **ORDER** |
| Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their individual and official capacities, | |
| Defendants. | |

Daniel E. Gustafson, Esq., David A. Goodwin, Esq., Karla M. Gluek, Esq., and Raina Borrelli, Esq., Gustafson Gluek PLLC, counsel for Plaintiffs.

Aaron Winter, Ricardo Figueroa, Adam H. Welle, Nathan A. Brennaman, and Scott H. Ikeda, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

# INTRODUCTION

This matter is before the Court on Defendants' request for a jury trial (Doc. No. 589) and Plaintiffs' request for a bench trial (Doc. No. 590) for the first phase of trial ("Phase One") scheduled to begin on February 9, 2015. For the reasons discussed below, the Court denies Defendants' request and grants Plaintiffs' request.

**BACKGROUND**

At the August 21, 2014 Scheduling Conference, the Court proposed bifurcating the proceedings into phased bench and jury trials, based on the nature of the issues presented, in order to promote efficiency and expediency. (Doc. No. 593.) Following the Scheduling Conference, the Court ordered the parties to file simultaneous briefs on whether the Seventh Amendment provides a right to a jury trial on the issues proposed for Phase One. (Doc. No. 586.) The parties filed briefs on August 29, 2014 (Doc. Nos. 589, 590) and response memoranda on September 2, 2014 (Doc. Nos. 594, 595).

**DISCUSSION**

**I.     The Scope of Phase One**

The Court proposes that the following issues be addressed in Phase One: (1) whether the civil commitment statute is unconstitutional on its face; and (2) whether the civil commitment statute is unconstitutional as applied. These systemic constitutional issues encompass the nature and duration of civil confinement, including the following nonexhaustive list of sub-issues: whether periodic independent reviews are provided; whether risk or dangerousness is evaluated during reviews; whether less restrictive alternatives are required; whether the treatment provided is constitutionally infirm; whether the systemic conditions of confinement are unconstitutional; and whether the reduction in custody and discharge procedure is constitutionally infirm. Phase One will not include inquiry into individual class member cases and, therefore, will not reach issues of damages or individual injunctive relief. Phase One will also not foreclose a

number of issues, including issues related to qualified immunity and individual circumstances.

## II.     The Seventh Amendment Right to a Jury Trial for Phase One

### A.     Legal Standard

The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . . ." U.S. Const. amend. VII.  "Suits at common law" refer to suits in which legal rights are to be ascertained and determined, in contrast to those where equitable rights alone are recognized, and equitable remedies are administered.  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989); *see also City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 719 (1999) (holding that "[i]t is settled law that the Seventh Amendment does not apply" in "suits seeking only injunctive relief" or "suits seeking only equitable relief").

"The law is well settled that whether plaintiffs are entitled to a jury trial cannot be determined solely on the basis of allegations contained in the complaint," but must be resolved "by an appraisal of the basic nature of the claims or issues presented, and the type of relief sought."  *Klein v. Shell Oil Co.*, 386 F.2d 659, 663 (8th Cir. 1967); *see also In re Vorpahl*, 695 F.2d 318, 322 (8th Cir. 1982) (providing that "[t]he right to a jury trial under the Seventh Amendment depends on the nature of the issue to be tried").  Specifically, courts must apply a two-part test to determine whether a Seventh Amendment right to a jury trial exists:  (1) whether the action before it is comparable "to 18th-century actions brought in the courts of England prior to the merger of the courts of

law and equity"; and (2) whether the remedy sought "is legal or equitable in nature." *Chauffers, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).

### B. Application of the Seventh Amendment to Phase One Issues

To determine whether the Phase One issues are within the ambit of the Seventh Amendment, the Court must apply the two-part test. First, the Court must determine whether the causes of action are analogous to those that would be tried to a jury "prior to the merger of the courts of law and equity." In the Second Amended Complaint, Plaintiffs allege that the civil commitment statute is unconstitutional on its face and as applied under the federal and state constitutions. For example, in Count I, Plaintiffs allege that Defendants' failure to provide Plaintiffs with treatment that is reasonably related to the purpose of their civil commitment violates the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983, and Article 1 of the Minnesota Constitution. (Doc. No. 301 at 58.) In Count IV, Plaintiffs allege that denial of Plaintiffs' rights to less restrictive alternative placements violates the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983, and Article 1 of the Minnesota Constitution. (*Id.* at 64.) Similarly, in Count IX, Plaintiffs allege that enforcement of the civil commitment statute violates Plaintiffs' constitutional rights. (*Id.* at 72.)

Defendants characterize these claims as primarily legal in nature. (Doc. No. 589 at 5.) Defendants correctly point out that the Supreme Court has held that "a [Section] 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment." (*Id.* (citing *City of Monterey*, 526 U.S. at 709-11).) However, Plaintiffs

4

dispute the characterization of the relief sought as primarily "legal" and instead contend that the relief sought is primarily "equitable." (Doc. No. 594 at 3.) The Court finds that the relief sought in these claims is predominantly equitable in nature with respect to the Phase One issues being considered by the Court.

The Court next examines whether the remedy sought "is legal or equitable in nature." First, although Plaintiffs admit that they seek legal relief in the form of monetary damages, Plaintiffs also concede that "they are not seeking damages at this point on the Phase One issues." (*Id.* at 4.) Second, as Plaintiffs contend, and the Court agrees, "[m]erely requesting damages does not lead to a blanket Seventh Amendment right to a jury trial on all issues presented in the case." (*Id.* at 2); *see also Klein*, 386 F.2d at 663 (noting that "the form of relief sought by a plaintiff is not necessarily determinative of the method of trial"). Finally, Plaintiffs assert claims for declaratory and injunctive relief in their Second Amended Complaint for the alleged constitutional violations, which neither party disputes are equitable in nature. Plaintiffs maintain that the "equitable relief is at the heart of Plaintiffs' claims" and that, "[g]iven the equitable nature of Plaintiffs' claims, any damages are incidental" to the principal challenge to the constitutionality of the civil commitment statute and request for declaratory and injunctive relief. (Doc. No. 594 at 3.) The Court finds that the remedy sought in these claims is primarily equitable in nature.

Moreover, in cases involving both legal and equitable claims, the Supreme Court has recognized that courts may resolve the equitable claim prior to the legal claim even though the results might be dispositive of the issues involved in the legal claim. *See*

5

*Katchen v. Landry*, 382 U.S. 323, 339-40 (1966); *see also* Fed. R. Civ. P. 39(a) (providing that a jury trial may be denied on some issues if "the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States"). The claims proposed for Phase One, however couched, assert predominantly equitable claims, seek predominantly equitable remedies, and rest entirely on equitable principles. Although Plaintiffs also seek legal relief in the form of monetary damages, such issues would be addressed in the second phase of trial. Thus, the Court concludes that a bench trial is appropriate in Phase One and is consistent with the Seventh Amendment.

In sum, the Court determines that the Seventh Amendment does not require a trial by jury for Phase One. Instead, the Court concludes that a bench trial adjudicating the Phase One systemic constitutional issues is consistent with the parties' Seventh Amendment right to a jury trial. The broad substantive due process challenge to the constitutionality of the Minnesota Sex Offender Program involves the type of liability issues that are "of course, routinely reserved without question for the Court." *City of Monterey*, 526 U.S. at 753 (Souter, J., concurring in part and dissenting in part). In the event that the Phase One systemic issues incidentally relate to any individual claims for damages, such individual claims will be reserved for trial by jury.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' request for a jury trial for Phase One (Doc. No. [589]) is **DENIED** and Plaintiffs' request for a bench trial for Phase One (Doc. No. [590]) is **GRANTED**.

Dated: September 9, 2014　　　　　　　s/Donovan W. Frank
　　　　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　　　　United States District Judge