# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld, and all others similarly situated,

                 Plaintiffs,

v.

Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their official capacities,

                 Defendants.

Civil No. 11-3659 (DWF/JJK)

**ORDER**

This matter is before the Court on Defendants' objections (Doc. No. 650) to Magistrate Judge Jeffrey J. Keyes's October 28, 2014 Order (Doc. No. 636) granting Plaintiffs' Motion for Leave to File a Third Amended Complaint and For Dismissal of Damages Claims Without Prejudice (Doc. No. 622). Plaintiffs filed a response to Defendants' objections on November 19, 2014. (Doc. No. 659.)

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is

'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Defendants argue that the Magistrate Judge improperly granted Plaintiffs' motion. (*See* Doc. No. 650.)  In support of this argument, Defendants contend that:  (1) the Magistrate Judge erred in allowing Plaintiffs to file an amended complaint because "the proposed amendment's late filing is unfairly prejudicial to Defendants, especially without a modified scheduling order" (*id.* at 3); and (2) the Magistrate Judge erred in denying Defendants' request to condition granting the motion upon the dismissal of Plaintiffs' damages claims with prejudice because "Defendants have the right to have *all* claims related to the allegations decided now on the merits rather than through multiple wasteful future lawsuits" (*id.* at 4).

Plaintiffs, on the other hand, argue that the Magistrate Judge properly granted their motion.  (*See* Doc. No. 659.)  Specifically, Plaintiffs contend that Defendants have not been unfairly prejudiced by the Magistrate Judge's ruling because Defendants were "well-aware of each claim and allegation in the [amended complaint] for years" and because the amended complaint merely adds specificity and clarification to Plaintiffs' existing constitutional claims.  (*Id.* at 4.)  In addition, Plaintiffs argue that the Magistrate Judge correctly denied Defendants' request to dismiss Plaintiffs' damages claims with prejudice because granting the request would unfairly prejudice absent class members and because "whether or not discovery in this litigation can be used in any future

2

damages actions related to the same claims is a decision for the Court to make at a later time."  (*Id.* at 5-6.)

The Court concludes that Defendants have failed to demonstrate that the Magistrate Judge's Order is either clearly erroneous or contrary to law.  Therefore, the Court overrules Defendants' objections and affirms Magistrate Judge Keyes's October 28, 2014 Order in all respects.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Defendants' objections (Doc. No. [650]) to Magistrate Judge Jeffrey J. Keyes's October 28, 2014 Order are **OVERRULED**.

2.      Magistrate Judge Jeffrey J. Keyes's October 28, 2014 Order (Doc. No. [636]) is **AFFIRMED.**


Dated: December 1, 2014            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge