# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their official capacities,<br><br>    Defendants. | Civil No. 11-3659 (DWF/JJK)<br><br><br><br><br><br><br>**ORDER** |

---

Daniel E. Gustafson, Esq., Karla M. Gluek, Esq., David A. Goodwin, Esq., Raina Borrelli, Esq., Lucia G. Massopust, Esq., and Eric S. Taubel, Esq., Gustafson Gluek PLLC, counsel for Plaintiffs.

Nathan A. Brennaman, Scott H. Ikeda, Adam H. Welle, and Aaron Winter, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

---

  This matter came before the Court for pretrial hearing on February 3, 2015. Consistent with, and in addition to the Court's rulings and remarks from the bench, and based upon the memoranda, pleadings, and arguments of counsel, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiffs' Motion *in Limine* to Exclude Irrelevant Evidence Relating to any Class Member's Sexual Offenses Prior to his or her Civil Commitment or Evidence Related to any Class Member's Civil Commitment Proceeding (Doc. No. [798]) is **DENIED**. Such evidence is presumptively admissible subject to the Court's analysis of Article 4 and Rule 104 of the Federal Rules of Evidence.

2. Plaintiffs' Motion Requesting the Court to Take Judicial Notice of Documents Pertinent to this Matter (Doc. No. [803]) is **DENIED** under Rule 201.

However, the following evidence is presumptively admissible pursuant to the Court's Rule 702, Rule 703, Rule 807, Rule 403, and Rule 102 analysis, subject to any objections that Defendants may raise at trial: (i) the State of Minnesota's Office of the Legislative Auditor's March 2011 Evaluation Report ("OLA Report"); (ii) the MSOP Program Evaluation Team's February 2013 Report ("MPET Report"); and (iii) the Sex Offender Civil Commitment Advisory Task Force's December 2012 and December 2013 Reports ("Task Force Reports"). To the extent either party believes any of the remaining evidence referenced in Plaintiffs' motion is admissible notwithstanding the Court's ruling, the Court reserves the right to revisit the issue of the admissibility of such evidence at or before trial.

3. Defendants' Rule 702 Motion to Exclude Testimony of Dean R. Cauley (Doc. No. [777]) is **DENIED**. On the record before the Court, and assuming proper foundation is laid, the Court concludes that such testimony survives an Article 4 and Article 7 analysis. The Court finds that the objections raised by Defendants go to the

weight to be accorded to the evidence, not to its admissibility. The Court will entertain objections, including any objections on foundation or cumulative grounds, at the time of the testimony at trial.

4. Defendants' Rule 702 Motion to Exclude Testimony of Dr. Michael F. Caldwell (Doc. No. [779]) is **DENIED**. On the record before the Court, and assuming proper foundation is laid, the Court concludes that such testimony survives an Article 4 and Article 7 analysis. The Court finds that the objections raised by Defendants go to the weight to be accorded to the evidence, not to its admissibility. The Court will entertain objections, including any objections on foundation or cumulative grounds, at the time of the testimony at trial.

5. Defendants' Rule 702 Motion to Exclude Testimony of Gregory J. Van Rybroek (Doc. No. [781]) is **DENIED**. On the record before the Court, and assuming proper foundation is laid, the Court concludes that such testimony survives an Article 4 and Article 7 analysis. The Court finds that the objections raised by Defendants go to the weight to be accorded to the evidence, not to its admissibility. The Court will entertain objections, including any objections on foundation or cumulative grounds, at the time of the testimony at trial.

6. Defendants' Motion *in Limine* to Exclude Evidence of Non-Classwide Issues (Doc. No. [783]) is **DENIED**. Assuming proper foundation is established, the Court concludes that such evidence survives an Article 4 analysis, and shall be presumptively admissible. The Court finds that such evidence, subject to any objections

that Defendants may raise at trial, is relevant to the scope, nature, and extent of the alleged unconstitutionality of MSOP.

7. Defendants' Motion to Exclude Evidence Unrelated to Official-Capacity Claims (Doc. No. [785]) is **DENIED**. Assuming proper foundation is established, the Court finds that such evidence survives an Article 4 analysis, and shall be presumptively admissible.

8. Defendants' Motion to Exclude Evidence Related to the Sex Offender Civil Commitment Advisory Task Force (Doc. No. [787]) is **DENIED** as follows:

   a. Assuming proper foundation is established, the Court concludes that such evidence is presumptively admissible pursuant to the Court's Rule 807 analysis. (*See also supra* ¶ 2.)

   b. Contrary to Defendants' assertions, neither Rule 408 nor Magistrate Judge Arthur J. Boylan's Order Regarding Sex Offender Civil Commitment Advisory Task Force (Doc. No. 250) preclude the admission of the December 2012 and December 2013 Task Force Reports because the Task Force Reports were not created or drafted for settlement purposes and Judge Boylan's Order does not include any reference to the admissibility of the Task Force Reports themselves within the specific context of settlement negotiations. Moreover, Rule 408 is intended to apply to conduct or statements made during negotiations; the purpose of Rule 408 is to protect the freedom of communication between the parties themselves when discussing offers of acceptance and compromise. On the record before the

4

Court, the Task Force Reports, and the recommendations therein, are not precluded by Rule 408.

The Court's analysis of Rule 408 and Judge Boylan's Order is bolstered by the fact that the Task Force Reports have been referenced in public documents and made available to the public through a variety of public mediums. As this Court has referenced in prior orders as early as February 20, 2014 (*see* Doc. No. 427), the Task Force Reports were made available to the public via the State of Minnesota's Department of Human Services' official website, which continues to include links to the Task Force Reports, as well as the Task Force meeting minutes and agendas (*see* Minnesota Department of Human Services, Sex Offender Civil Commitment Advisory Task Force, http://www.dhs.state.mn.us/main/ idcplg?IdcService=GET_DYNAMIC_CONVERSION&RevisionSelection Method=LatestReleased&dDocName=dhs16_171337 (last visited Feb. 5, 2015)). In addition, the Task Force Reports have been the subject of extensive news coverage (*see, e.g.*, Dan Nienaber, *Minnesota sex offender task force's recommendations put pressure on Legislature*, Pioneer Press (Dec. 4, 2012), http://www.twincities.com/ci_22125443/sex-offender-taskforces-recommendations-puts-pressure-legislature). Finally, the parties' own experts relied upon the Task Force Reports in preparing their expert reports. (*See* Doc. No. 757, Ex. 14 ("Dr. Cauley's Expert Report"); Doc. No. 792, Ex. 3 ("Dr. Van Rybroek's Expert Report"); Doc. No. 792,

Ex. 2 ("Dr. Caldwell's Expert Report"); Doc. No. 792, Ex. 4 ("Dr. Jumper and Carabello's Expert Report"); Doc. No. 757, Ex. 13 ("Carabello Dep.").)

9. Defendants' Motion to Exclude Previously Undisclosed Witnesses (Doc. No. [789]) is **DENIED** as follows:

    a. With respect to Defendants' request to exclude the testimony of Class Members Larry Dean and Wallace Terwedow, the motion is **DENIED**, subject to any objections that Defendants may raise at trial.

    b. With respect to Defendants' request to exclude the testimony of past MSOP employees, Mischelle Vietanen and Ryan Goldenstein, and past members of the Hospital Review Board ("HRB"), Bill Johnson, Jeff Martin, and Josephina Colond, the motion is **DENIED**, subject to any objections that Defendants may raise at trial and subject to Defendants' right to depose the above-named witnesses before or during trial.

10. Plaintiffs and Defendants shall each be allotted 30 minutes for opening statements.

11. Plaintiffs and Defendants shall provide written submissions of closing arguments after the conclusion of trial. A schedule shall be set for those submissions at that time.

Date: February 5, 2015        s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge