UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld, and all others similarly situated,

    Plaintiffs,

v.

Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their official capacities,

    Defendants.

Civil No. 11-3659 (DWF/JJK)

**ORDER**

---

Daniel E. Gustafson, Esq., Karla M. Gluek, Esq., David A. Goodwin, Esq., Raina Borrelli, Esq., Eric S. Taubel, Esq., and Lucia G. Massopust, Esq., Gustafson Gluek PLLC, counsel for Plaintiffs.

Nathan A. Brennaman, Scott H. Ikeda, Adam H. Welle, and Aaron Winter, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

---

**INTRODUCTION**

  This matter is before the Court on Plaintiffs' Motion to Dismiss Counts IV, XI, XII, and XIII of the Third Amended Complaint Without Prejudice. (Doc. No. 925.) For the reasons set forth below, the Court defers ruling on Plaintiffs' motion.

## DISCUSSION

Plaintiffs move to dismiss Counts IV, XI, XII, and XIII of the Third Amended Complaint pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rule 41(a)(2) provides that after a defendant has served its answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[A] dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court." *Great Rivers Coop. of SE Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999). In ruling on a Rule 41(a)(2) motion, a district court considers "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 727 (8th Cir. 2014) (internal citations omitted).

Plaintiffs contend that they are entitled to dismissal of Counts IV, XI, XII, and XIII without prejudice because: (1) these claims "add little, if anything, to Plaintiffs' basis for future injunctive relief"; (2) granting dismissal "will conserve judicial resources because the pending appeal would be rendered moot and these claims would not require further litigation in this Court"; and (3) granting dismissal will not prejudice Defendants because "[t]hese counts have never been central to Plaintiffs' case, and Defendants have not expended significant time and effort, if any, preparing to defend these claims" and "dismissal now will actually aid Defendants as it makes any future proceedings in phase two less likely and Defendants will no longer have to appeal or defend these claims." (Doc. No. 927 at 6, 8.)

Defendants do not object to the dismissal of Counts IV, XI, XII, and XIII. (Doc. No. 961 at 2.) However, Defendants argue that the Court should deny Plaintiffs' motion because "the Court currently lacks jurisdiction over these claims, and in any event the law requires that they be dismissed with prejudice." (*Id.*) Specifically, Defendants assert that: (1) the Eighth Circuit has jurisdiction over the claims at issue in Plaintiffs' motion because those claims are the subject of Defendants' pending appeal; and (2) the claims at issue in Plaintiffs' motion should be dismissed with prejudice because "a dismissal without prejudice at this late stage will undoubtedly prejudice Defendants." (*Id.* at 4, 11.)

In response, Plaintiffs argue that "the jurisdictional issue does not bar this Court from determining Plaintiffs' Rule 41 motion" because Defendants' appeal is an improper appeal of a non-appealable order and because the issue raised in Plaintiffs' motion is unrelated to the matters currently on appeal. (Doc. No. 927 at 9-10.) Alternatively, Plaintiffs argue that this Court could provide an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 stating that it would grant the motion to dismiss if the case were remanded.[1] (*Id.* at 10 (citing Fed. R. Civ. P. 62.1); *see also* Doc. No. 961 at 2 ("Defendants agree[] that the Court could issue an indicative ruling under Federal Rule of Civil Procedure 62.1.").)

---

[1] Rule 62.1 provides that: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state[] that it would grant the motion if the court of appeals remands for that purpose[.]" Fed. R. Civ. P. 62.1(3).

The Court first considers Defendants' jurisdictional argument. As a general matter, when a party appeals a decision of the district court, the district court is divested of jurisdiction over the matters on appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curium); *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996). However, "[t]his jurisdictional principle is not absolute." *State of Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). The district court "does not normally lose jurisdiction to proceed with the case when one party appeals a non-appealable order." *Id.* In addition, a district court retains jurisdiction to adjudicate matters that are collateral to the appeal. *See id.* at 1107 n.3; *Gundacker v. Unisys Corp.*, 151 F.3d 842 (8th Cir. 1998); *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995); *Garcia v. Burlington N. R.R.*, 818 F.2d 713, 721 (10th Cir. 1987).

Here, Defendants appeal the Court's February 2, 2015 Order denying Defendants' motion for summary judgment with respect to Counts IV, XI, XII, and XIII of Plaintiffs' Third Amended Complaint.[2] (*See* Doc. No. 880 ("Notice of Appeal"); *see also* Doc. No. 828 ("February 2, 2015 Order") at 23, 40-41 (denying Defendants' motion as to Counts IV, XI, XII, and XIII based on material disputes of fact).) According to the Notice of Appeal, "Defendants bring this appeal under 28 U.S.C. § 1291, and the collateral order doctrine." (Notice of Appeal at 1.) However, there appears to be no dispute that the February 2, 2015 Order is not a "final decision" within the meaning of

---

[2] Defendants seek review of the February 2, 2015 Order "on the grounds that Defendants are immune from suit under the Eleventh Amendment and *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)." (Notice of Appeal at 1.)

4

28 U.S.C. § 1291[3] because the February 2, 2015 Order did not dismiss all claims against all parties and did not enter final judgment as to any claim or party. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however, designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties[.]"); *Davis v. Vill. of Decatur*, 23 Fed. Appx. 595, 596 (8th Cir. 2001) (per curium) ("Orders disposing of fewer than all the claims or all the parties are not final judgments."); *see also, e.g.*, *Pac. Union Conference of Seventh-Day Adventists v. Marshall*, 434 U.S. 1305, 1306 (1977) (finding that the district court's order denying summary judgment was not appealable under 28 U.S.C. § 1291 because it was not a "final order or decision"); *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991) (finding that the district court's order granting summary judgment was not a final and appealable order because "counterclaims were still outstanding"). Therefore, Defendants' appeal must fall within the "narrow exception to the normal application of the final judgment rule [that] has come to be known as the collateral order doctrine." *See Lauro Lines v. Chasser*, 490 U.S. 495, 497 (1989) (internal quotations omitted).

Although the Court finds that there is a serious question as to whether the February 2, 2015 Order falls within the "limited class of prejudgment orders[] sufficiently important and sufficiently separate from the underlying dispute that immediate appeal should be available," *Stringfellow v. Concerned Neighbors in Action*,

---

[3] Section 1291 provides that: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]" 28 U.S.C. § 1291.

480 U.S. 370, 375 (1987) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)), it is not for this Court to determine ultimately whether the February 2, 2015 Order is a properly appealable collateral order such that jurisdiction has vested in the appellate court. *See Nixon*, 164 F.3d at 1107 (stating that "appellate jurisdiction is primarily an issue for the appellate court"). Therefore, the Court indicates that, without conceding authority over Plaintiffs' present motion, the Court intends to partially grant Plaintiffs' motion and dismiss Counts IV, XI, XII, and XIII with prejudice upon remand pursuant to Rule 62.1. *See* Fed. R. Civ. P. 62.1(3).

## ORDER

Based upon the foregoing, and the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court defers ruling on Plaintiffs' Motion to Dismiss Counts IV, XI, XII, and XIII of the Third Amended Complaint Without Prejudice (Doc. No. [925]).

2. Pursuant to Rule 62.1, the Court indicates that it will partially grant Plaintiffs' motion and dismiss Counts IV, XI, XII, and XIII with prejudice upon remand.

Dated: April 24, 2015          s/Donovan W. Frank
                                                   DONOVAN W. FRANK
                                                   United States District Judge