# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their official capacities,<br><br>    Defendants. | Civil No. 11-3659 (DWF/JJK)<br><br><br><br><br><br>**ORDER** |

---

Daniel E. Gustafson, Esq., Karla M. Gluek, Esq., David A. Goodwin, Esq., Raina Borrelli, Esq., Lucia G. Massopust, Esq., and Eric S. Taubel, Esq., Gustafson Gluek PLLC, counsel for Plaintiffs.

Nathan A. Brennaman, Deputy Attorney General, Scott H. Ikeda, Adam H. Welle, and Aaron Winter, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

---

## INTRODUCTION

  This matter is before the Court on Plaintiffs' Motion to Dismiss Counts IV, XI, XII, and XIII of the Third Amended Complaint Without Prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. No. 925.)

## DISCUSSION

I. **Voluntary Dismissals Under Rule 41(a)(2)**

Rule 41(a)(2) authorizes voluntary dismissals "on terms that the court considers proper" after a defendant has served its answer. Fed. R. Civ. P. 41(a)(2). "[A] dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court." *Great Rivers Coop. of SE Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999). In ruling on a Rule 41(a)(2) motion, a district court considers "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 727 (8th Cir. 2014); *see also Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (internal citations omitted).

If a court determines that a dismissal without any terms or conditions will prejudice defendants, it is within the discretion of the court to grant the motion and attach conditions that cure the prejudice. *See Ortega Trujillo v. Banco Central Del Ecuador*, 379 F.3d 1298, 1301 (11th Cir. 2004) (citing *Yoffe v. Keller Ind., Inc.*, 580 F.2d 126, 129 (5th Cir. 1978)); *Ratkovich v. Smith Kline*, 951 F.2d 155, 158 (7th Cir. 1991). "Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002); *see also Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995) ("Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion for dismissal without prejudice."). "If the court chooses

2

to craft conditions, the plaintiff must be given an opportunity to withdraw its motion to dismiss rather than accept those conditions." *BriovaRx, LLC v. Savedra*, Civ. No. H-13-3056, 2015 WL 769741, at *2 (S.D. Tex. Feb. 20, 2015) (internal citations omitted); *see also Jaramillo*, 59 F.3d at 79 ("When a plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, however, the district court must give the plaintiff notice of its intention and a chance to withdraw the request.") (internal citations omitted). Failure to timely withdraw a motion shall constitute a binding election to accept the condition of dismissal with prejudice. *See Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301-02 (5th Cir. 1990); *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 555 (9th Cir. 1986).

Plaintiffs contend that they are entitled to dismissal of Counts IV, XI, XII, and XIII *without* prejudice because: (1) these claims "add little, if anything, to Plaintiffs' basis for future injunctive relief"; (2) granting dismissal "will conserve judicial resources because the pending appeal would be rendered moot and these claims would not require further litigation in this Court"; and (3) granting dismissal will not prejudice Defendants because "[t]hese counts have never been central to Plaintiffs' case, and Defendants have not expended significant time and effort, if any, preparing to defend these claims" and "dismissal now will actually aid Defendants as it makes any future proceedings in phase two less likely and Defendants will no longer have to appeal or defend these claims." (Doc. No. 927 at 6, 8.)

Defendants do not object to the dismissal of Counts IV, XI, XII, and XIII. (Doc. No. 961 at 2.) However, Defendants oppose Plaintiffs' motion on the grounds that the

3

counts should be dismissed *with* prejudice because "a dismissal without prejudice at this late stage will undoubtedly prejudice Defendants." (*Id.* at 4, 11.)

In light of the parties' agreement that Counts IV, XI, XII, and XIII should be dismissed, the Court concludes that Plaintiffs' motion should be granted insofar as those counts should be dismissed from the pending litigation. However, in consideration of the status of this case and the significant time and effort that the parties and the Court have exerted in this matter, and the likelihood that Defendants would face future litigation, the Court determines that a dismissal without any conditions will unfairly prejudice Defendants. Therefore, the Court agrees with Defendants that dismissal *with* prejudice is an appropriate Rule 41(a)(2) condition. However, because Plaintiffs are entitled to notice of the Court's intention, and a chance to withdraw their voluntary dismissal motion, Plaintiffs may refuse the Court's Rule 41(a)(2) dismissal condition and withdraw their Rule 41(a)(2) motion. *See United States v. One Tract of Real Property*, 95 F.3d 422, 425-26 (6th Cir. 1996); *Jaramillo*, 59 F.3d at 79.

## II. Class Notice Under Rule 23(e)

Because this is a class action, the Court must determine whether the requirements of Rule 23(e) apply to Plaintiffs' motion for voluntary dismissal. *See* Fed. R. Civ. P. 23(e) ("A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such a manner as the court directs."). Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order," and Rule 41(a)(1) begins with an introductory clause noting

4

that it is "[s]ubject to Rule 23(e)." Fed. R. Civ. P. 41(a)(1)-(2). Although Rule 41(a)(1), by its plain terms, protects plaintiff class members by subjecting the litigants to the requirements of Rule 23(e), Rule 41(a)(2) is less clear. Courts are divided as to whether the phrase "subject to Rule 23(e)" in Rule 41(a)(1) means that the Rule 23(e) requirements are imputed to the provisions of Rule 41(a)(1), and whether the clause "[e]xcept as provided in Rule 41(a)(1)" in Rule 41(a)(2) implicates the Rule 23(e) requirements. *Compare Dixon v. Miller*, 599 F. Supp. 395, 396 (N.D. Ill. 1984) (granting plaintiffs' Rule 41(a)(2) motion after providing notice to classes and holding a fairness hearing), *with Catherwood v. Portland Gen. Corp.*, Civ. No. 92-23-JE, 1992 WL 226930 at *2 (D. Or. June 24, 1992) (granting Rule 41(a)(2) dismissal, but concluding that no Rule 23(e) notice to class was necessary where absent class members would suffer no prejudice).

In light of the fact that a dismissal with prejudice constitutes a rejection of the claims on the merits, and considering the significant stakes underlying this dispute, the Court finds that Plaintiffs' Rule 41(a)(2) motion is within the ambit of Rule 23(e) and therefore requires Court approval and appropriate notice.

## ORDER

Based upon the foregoing, and the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court intends to grant Plaintiffs' Motion to Dismiss Counts IV, XI, XII, and XIII of the Third Amended Complaint Without Prejudice (Doc. No. [925]) on the condition that the motion be dismissed with prejudice.

5

2. Plaintiffs may refuse the Court's Rule 41(a)(2) dismissal condition and withdraw their motion on or before **June 26, 2015**. Failure to timely withdraw the motion shall constitute a binding election to accept the condition of dismissal with prejudice.

3. Pursuant to Rule 23(e), if the Rule 41(a)(2) motion is not withdrawn, the Court will hold a fairness hearing on the dismissal of Counts IV, XI, XII, and XIII on **August 10, 2015,** at **2:00 p.m.,** in Courtroom 7C, 7th Floor, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

4. Counsel for Plaintiffs is directed to give notice of the hearing and the proposed dismissal to the class members by mail on or before **July 20, 2015**. The parties shall negotiate the content of the class notice and shall submit a joint proposed notice to the Court on or before **July 8, 2015**. If the parties are unable to agree on the content of the notice, the parties shall each submit a proposed notice, together with briefing not to exceed ten pages per party, on or before **July 13, 2015**.

Dated: June 17, 2015     s/Donovan W. Frank
                         DONOVAN W. FRANK
                         United States District Judge