UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld, and all others similarly situated,

        Plaintiffs,

v.

Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their official capacities,

        Defendants.

Civil No. 11-3659 (DWF/JJK)

**MEMORANDUM OPINION AND ORDER**

___

Daniel E. Gustafson, Esq., Karla M. Gluek, Esq., David A. Goodwin, Esq., Raina Borrelli, Esq., Lucia G. Massopust, Esq., and Eric S. Taubel, Esq., Gustafson Gluek PLLC, counsel for Plaintiffs.

Nathan A. Brennaman, Deputy Attorney General, Scott H. Ikeda, Adam H. Welle, and Aaron Winter, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

___

## INTRODUCTION

This matter is before the Court on Defendants' request for certification of appeal pursuant to 28 U.S.C. § 1292(b) or, alternatively, Federal Rule of Civil Procedure 54(b). (*See* Doc. No. 973.) For the reasons set forth below, the Court denies Defendants' request.

## BACKGROUND

Defendants filed the present request for certification in response to the Court's Findings of Fact, Conclusions of Law, and Order (Doc. No. 966), filed on June 17, 2015, in which the Court granted Plaintiffs' request for declaratory relief with respect to Counts I and II of their Third Amended Complaint (Doc. No. 635). Defendants seek review of at least the following issues: (1) the Court's determination that the strict scrutiny standard of review applies to Plaintiffs' claims; (2) the Court's determination that strict scrutiny requires a continuum of less restrictive alternatives for civilly committed individuals confined at the Minnesota Sex Offender Program ("MSOP"); and (3) the Court's determination that civilly committed individuals are being unconstitutionally detained at the MSOP. (*See* Doc. No. 973.) Defendants now ask the Court to certify its June 17, 2015 Order for interlocutory appeal under 28 U.S.C. § 1292(b) or, alternatively, under Rule 54(b).

## DISCUSSION

### I. Certification Under 28 U.S.C. § 1292(b)

Defendants first request that the Court certify its June 17, 2015 Order under 28 U.S.C. § 1292(b). 28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). "Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially

advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (internal quotations omitted). The party requesting certification "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* at 376. "Permission to allow interlocutory appeals should []be granted sparingly and with discrimination" due to the additional burdens that such appeals place on both the courts and the litigants. *Union Cnty. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White*, 43 F.3d at 376).

Although the parties do not dispute that the first statutory requirement is satisfied because the Court's June 17, 2015 Order involves a "controlling question of law," the parties strongly dispute whether the remaining criteria for certification are satisfied. Defendants argue that with respect to the second statutory requirement, "there is a substantial ground for difference of opinion" on the "novel legal theory that strict scrutiny applies in these circumstances, or that it is permissible to hold in a § 1983 action that state civil committees are being unconstitutionally detained." (Doc. No. 973 at 6.) Plaintiffs, on the other hand, argue that "Defendants have []failed to demonstrate that there is a 'substantial ground for difference of opinion' on a controlling question of law." (Doc. No. 975 at 4.) Plaintiffs assert that the cases that Defendant relies upon to support its argument are distinguishable and are not controlling in this matter because those cases did not address whether an entire system of civil commitment is constitutional, as is the case here. (*See id.* at 4-5.) In addition, Plaintiffs assert that "[i]t is simply wrong to suggest that the Supreme Court has not clearly found that civil commitment constitutes a significant deprivation of liberty and thus affects a fundamental liberty right." (*See id.* at 5 (internal

3

citations omitted).) Plaintiffs further argue that "the lack of cases addressing due process concerns in sex offender civil commitment systems simply does not create a 'substantial ground for difference of opinion.'" (*Id.* at 5-6 (citations omitted).)

The Court finds that certification under 28 U.S.C. § 1292(b) is improper because the requisite statutory certification requirements have not been met. Even assuming that the first criterion for certification is satisfied, as both parties appear to agree, the Court finds that the second criterion cannot be satisfied because there is no substantial ground for difference of opinion. *See White*, 43 F.3d at 378. "[A] 'dearth of cases' does not constitute 'substantial ground for difference of opinion.'" *Union Cnty.*, 525 F.3d at 647 (quoting *White*, 43 F.3d at 378). As Plaintiffs correctly observe, the fact that other courts have yet to address the systemic issues identified above with respect to the civil commitment of sex offenders does not mean that the applicable legal standard is unclear. (*See* Doc. No. 972 at 10.) Contrary to their assertions, Defendants have presented no case directly addressing the constitutionality of the civil commitment statutory scheme in the context of a systemic challenge; the constitutionality of the statute's failure to require regular risk assessments to determine whether committed individuals continue to meet the criteria for commitment; or constitutionality of the statute's failure to require the MSOP to initiate the petitioning process when it is aware that a committed individual likely meets the statutory discharge criteria. Moreover, the United States Supreme Court and Minnesota Supreme Court cases referenced in the Court's June 17, 2015 Order clearly establish that freedom from physical restraint, including in a civil commitment context, is a fundamental right, and therefore, strict scrutiny applies. (*See* Doc. No. 966 at 53-54 (citing *Foucha v. United States*, 504 U.S.

4

71, 80 (1992); *Jones v. United States*, 463 U.S. 354, 361 (1983); *Cooper v. Oklahoma*, 517 U.S. 348, 368-69 (1996); *Reno v. Flores*, 507 U.S. 292, 316 (1993) (O'Connor, J., concurring); *Vitek v. Jones*, 445 U.S. 480, 492 (1980); *In re Blodgett*, 510 N.W.2d 910, 914 (Minn. 1994).) Therefore, the Court concludes that there is "no substantial ground for difference of opinion" and, as such, the second statutory criterion for certification has not been satisfied.[1] *See Union Cnty.*, 525 F.3d at 647. Because Defendants cannot meet their "heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted" under 28 U.S.C. § 1292(b), Defendants' request for certification under 28 U.S.C. § 1292(b) is denied. *See White*, 43 F.3d at 377.

## II. Certification Under Rule 54(b)

Defendants alternatively ask the Court to certify its June 17, 2015 Order for appeal under Rule 54(b). Rule 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "[I]nterlocutory appeals under Rule 54(b) are 'generally disfavored.'"

---

[1] Moreover, even assuming that the first and second criteria can be met, the Court finds that the third criterion cannot be satisfied because the Remedies Phase will begin soon, so there will be no delay in proceedings, and it may be that the Remedies Phase, including the pre-hearing conference discussions, will "materially advance" the termination of the litigation. *See White*, 43 F.3d at 377 (internal quotations omitted).

*Clos v. Corrs. Corp. of Am.*, 597 F.3d 925, 928 (8th Cir. 2010) (citations omitted). In deciding whether to certify a judgment under Rule 54(b), the Court must first determine whether there has been an ultimate disposition on a cognizable claim for relief as to a claim such that there is a "final judgment." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). If the Court determines that there is a final judgment for purposes of Rule 54(b), it "must go on to determine whether there is any just reason for delay," taking into account "judicial administrative interests as well as the equities involved." (*Id.* at 6-7.)

Defendants argue that both of these factors support certification under Rule 54(b) in this case. (*See* Doc. No. 973 at 7-8.) First, Defendants submit that "[t]he Court has issued a declaratory judgment in favor of Plaintiffs on Counts I and II." (*Id.* at 8.) Second, Defendants submit that there is no just cause for delay under these "exceptional circumstances" because "[a]n immediate appeal would minimize the hardship or injustice that would be caused by delay, and would provide guidance as soon as possible to courts considering the myriad collateral challenges the Court's order has fostered." (*Id.*)

Plaintiffs oppose Defendants' request under Rule 54(b). (*See* Doc. No. 972 at 6-8.) Plaintiffs argue that Defendants have failed to satisfy the first factor because "the Court's Order is not a final judgment on Counts I and II of the Third Amended Complaint." (*Id.* at 7.) Plaintiffs assert that "[t]he Order declares that the [MCTA] is unconstitutional on its face and as applied by the MSOP, but does not provide resolution on the concomitant claims for injunctive relief." (*Id.*) Plaintiffs further assert that "[t]he Court is clearly contemplating granting additional relief given the serious constitutional issues it found with the [MCTA] as it is written and as it is being applied." (*Id.* at 8.) In addition, Plaintiffs submit that, "[e]ven

if the Court were persuaded that the Order were final, there is just reason to delay the entry of a final judgment" to prevent "piecemeal appeals" and to ensure that the parties and interested non-parties "work to address the deficiencies identified in the Order before any appeal occurs." (*Id.*)

The Court concludes that the June 17, 2015 Order does not constitute a "final judgment" under Rule 54(b). *See Curtiss-Wright Corp.*, 446 U.S. at 6-7. The Court finds that the June 17, 2015 Order, which reserved imposing relief with respect to Counts I and II of Plaintiffs' Third Amended Complaint, does not constitute a final judgment in the sense that it was not an ultimate disposition of Counts I and II, and therefore, the Court cannot certify the June 17, 2015 Order as a final judgment under Rule 54(b). *See In re Lull Corp.*, 52 F.3d 787, 788 (8th Cir. 1995). Because the Court concludes that the June 17, 2015 Order is not a final judgment, the Court need not address whether the judgment is otherwise certifiable for Rule 54(b) purposes.[2] Accordingly, Defendants' request for Rule 54(b) certification is denied.

---

[2] Nonetheless, the Court notes that, even if the Court were to accept that the June 17, 2015 Order constituted a final judgment, the Court cannot accept Defendants' assertion that a delay in the imposition of injunctive relief rises to the level of a "hardship or injustice" that is properly alleviated by interlocutory appeal. Moreover, the Court finds that judicial administrative interests, including the interest in preventing piecemeal appeals, weigh against certification. *See Clark v. Baka*, 593 F.3d 712, 715 (8th Cir. 2010). This case has already generated two appeals, and even if the Court were to grant Defendants' request for certification, and even assuming that the Eighth Circuit were to reach the merits of the appeal, it is possible that Defendants would appeal yet again after injunctive relief is imposed or after Plaintiffs' remaining claims are finally resolved. In addition, even if the Eighth Circuit were to reach the merits of Defendants' interlocutory appeal and were to agree with Defendants that the applicable standard of review is not strict scrutiny and remand the case to this Court for further proceedings, the Court would likely find that, even

(Footnote Continued on Next Page)

**ORDER**

Based on the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' request for certification of appeal pursuant to 28 U.S.C. § 1292(b) or, alternatively, Rule 54(b) (Doc. No. 973) is **DENIED**.

Dated: July 22, 2015          s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge

---

(Footnote Continued From Previous Page)

under a heightened standard of review, the Minnesota statutes governing civil commitment and treatment of sex offenders are unconstitutional as written and as applied. As such, the Court determines that "this is not a case where sufficient reason for Rule 54(b) certification is evident from the record." *Clos*, 597 F.3d at 929 (citations omitted).