UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld, and all others similarly situated,

        Plaintiffs,

v.

Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their official capacities,

        Defendants.

Civil No. 11-3659 (DWF/JJK)

**ORDER**

___

Daniel E. Gustafson, Esq., Karla M. Gluek, Esq., David A. Goodwin, Esq., Raina Borrelli, Esq., Eric S. Taubel, Esq., and Lucia G. Massopust, Esq., Gustafson Gluek PLLC, counsel for Plaintiffs.

Nathan A. Brennaman, Scott H. Ikeda, Adam H. Welle, and Aaron Winter, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

___

**INTRODUCTION**

    This matter is before the Court on a Motion to Intervene and Access Court Proceedings brought by the Star Tribune Media Company, LLC, American Public Media Group, The Associated Press, CBS Broadcasting, Inc., the Saint Paul Pioneer Press,

Times Media, d/b/a, the Saint Cloud Times, KSTP-TV, LLC, the Minnesota Broadcasters Association, the Minnesota Newspaper Association, the Minnesota Coalition on Government Information, the Minnesota Society of Professional Journalists, MinnPost, The New York Times Company, Public Record Media, and the Reporters Committee for Freedom of the Press (collectively, the "News Organizations"). (Doc. No. 996.) For the reasons set forth below, the motion to intervene for the purpose of seeking access to the August 10, 2015 Conference (the "Conference") is denied.

## DISCUSSION

The News Organizations move "to intervene for the limited purpose of asserting public access to court proceedings, including access to the pre-hearing conference scheduled in the above-referenced matter for August 10, 2015." (*Id.* at 2.) The News Organizations alternatively request "that the pre-hearing conference be transcribed, in its entirety." (Doc. No. 997 at 11.) The News Organizations further request a hearing on their motion "immediately prior to the pre-hearing conference" on August 10, 2015. (Doc. No. 996 at 2.)

In support of their motion, the News Organizations assert that "[i]n the Eighth Circuit, a motion is the apparent preferred procedural mechanism for objecting to limitations on access." (Doc. No. 997 at 5.) Relying exclusively on non-binding authority, the News Organizations argue, in cursory manner, that "[t]he public and the news media have a presumptive right of access to judicial proceedings." (*Id.* at 7-8.) In addition, the News Organizations argue that "[t]he Court's *sua sponte* decision to close the pre-hearing conference to the public is not supported by adequate findings." (*Id.* at 8.) Specifically, the News Organizations contend that the Court's reasoning for its decision to close the

2

Conference to the public based on Rule 16 of the Federal Rules of Civil Procedure is insufficient and "minimizes the true nature of the August 10 conference." (*Id.* at 9.) Furthermore, the News Organizations assert that "[t]he press and public have a significant and legitimate interest in observing discussions on [the topic of remedies] by their elected leaders and those leaders' political appointees." (*Id.* at 10.)

Although neither the News Organizations' motion nor their supporting brief state the applicable procedural rule under which they move, the Court construes their motion as a request for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).[1] *See* Fed. R. Civ. P. 24(b) (providing, in relevant part, that "[o]n a timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact"). "Such intervention is discretionary with the trial court, with its ruling to be reviewed only for abuse of discretion." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1377 (8th Cir. 1990) (internal citations omitted). In this

---

[1] Intervention may also be granted as of right under Rule 24(a). Under Rule 24(a), an intervenor as of right must either: (1) be "given an unconditional right to intervene by federal statute"; or (2) "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1)-(2). In the present case, the News Organizations filed their Notice of Motion without stating whether they were proceeding under Rule 24(a) or (b). (*See* Doc. No. 996.) Under the circumstances, the Court finds that permissive intervention under Rule 24(b) is the proper procedural route for the News Organizations seeking intervention and, accordingly, there is no need for the Court to address whether the News Organizations are entitled to intervention as of right under Rule 24(a).

3

case, the Court will permit the News Organizations to intervene for the limited purpose of bringing this motion.[2]

However, as to the News Organizations' specific request for access to the Conference,[3] the Court finds that the News Organizations' request is without basis in law, and, accordingly, is without merit. "The [United States] Supreme Court *never* has found a First Amendment right of access to civil proceedings or to the court file in a civil proceeding." *Webster Groves Sch. Dist.*, 898 F.2d at 1374 (emphasis added); *see also id.* (stating that the Supreme Court "has never held that there is a constitutional right of access to civil trials") (citing *Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 & n.17 (1980)) (internal quotations omitted). "The press has no greater right of access to the courts than does the public." *Webster Groves Sch. Dist.*, 898 F.2d at 1374 n.3 (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 610 (1978)).

The Court concludes that, even if there is a general First Amendment right of access in some proceedings, it does not attach to the Conference. First, the Court observes that the cases relied upon by the News Organizations are inapposite in this particular situation. This proceeding is neither a criminal proceeding nor a contempt hearing nor does it involve unsealing documents, and thus, the authority relied upon by the News Organizations is inapplicable. To the extent that the News Organizations suggest that the invitation by the

---

[2] The Court decides the News Organizations' motion based on their written submissions and without a hearing, in light of timing of the motion and the Conference. Accordingly, the News Organizations' request for a hearing on their motion is denied.

[3] To the extent that the News Organizations seek access for a broader purpose, it is not entirely clear based upon their written submissions.

Court to certain non-parties to this proceeding, including the Governor and select legislative leadership, transformed the Conference into an adjunct to a trial proceeding or contempt hearing, which are presumptively open to the public, this suggestion is without factual foundation, as discussed more in depth below.

Significantly, the Court's prior Orders have foreshadowed a potential confidential settlement meeting. As the Court has repeatedly emphasized, the Court hopes that the parties and non-party stakeholders in this proceeding will come together and settle or otherwise resolve this case, minimizing delay and cost to the parties, the Court, and the public, and in furtherance of the interests of all concerned individuals. The Court's invitation of the parties and non-party stakeholders to the Conference was based on two primary assumptions: (1) in light of the systemic nature of the constitutional deficiencies and the changes that must be made to Minnesota's sex offender civil commitment scheme, the state's problem highlighted by this case may not be resolved, in whole or in part, without all interested stakeholders, including those that work within the system and those affected by the system, coming together to fashion a solution; and (2) the interests of all parties and the interests of justice would be served by doing so. Thus, convening the Conference, in the Court's view, is necessary to preserve "higher values." The Court has always believed and has repeatedly stated that the best way to resolve the constitutional infirmities would be through the voluntary efforts of all stakeholders to propose remedies that will protect both the public, including victims, as well as the constitutional rights of the committed individuals at the Minnesota Sex Offender Program ("MSOP").

Furthermore, contrary to the News Organizations' assertions, the Court has previously described the non-adjudicative and mediating nature of the Conference, which is altogether consistent with the format of a Rule 16 conference. For example, in the Court's July 29, 2015 Order, the Court stated that the Conference would be closed to the public "to allow the Court to hear and assess remedy proposals in advance of the public Remedies Phase hearing," which the Court contemplated would encompass listening to the parties and stakeholders' candid input on remedies to determine whether progress could be made towards settlement. (*See* Doc. No. 986 at 2.) Similarly, in the Court's June 17, 2015 Order, the Court stated that "[t]he parties shall participate in a Remedies Phase pre-hearing conference . . . to discuss the relief that they find appropriate with respect to both Counts I and II." (*See* Doc. No. 966 at 75.) Stakeholders responsible for the ultimate resolution of the case, whether by settlement or compliance with the Court's Order, have been invited so that there can be a full discussion of the opportunities and obstacles to settlement or other resolution. As such, the Court views this proceeding as an opportunity to discuss possible resolution of the outstanding issues in this case, which is entirely consistent with Rule 16. The News Organizations miss the point that not only does Rule 16 contemplate meetings to discuss scheduling matters, but Rule 16 also provides that "[i]n any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as . . . facilitating settlement." Fed. R. Civ. P. 16(a)(5).

Moreover, the Conference is not a traditional "judicial proceeding" in the sense that settlement and scheduling conferences are rarely, if ever, public components of a civil trial, and, in general, they are conducted in private as a matter of modern practice. The

Conference allows for candid discussion of the difficult issues surrounding resolution in this case. The private meeting setting will also allow for creative thinking, both with the large group and perhaps in smaller groups. The Conference will include a discussion of procedures for adjudicating the remaining issues and settlement proposals, although it is contemplated that settlement discussions will largely outline general concepts and set the stage for further discussions. No decision will be made at the Conference with respect to remedies or injunctive relief. After the Conference, the Court will be scheduling a public hearing to receive the arguments of the parties about the remedies in this case.

Because the proceeding will be in the nature of a preliminary mediation regarding both future proceedings and possible settlement, it will remain closed. Accordingly, the Court denies the News Organizations' motion.[4]

---

[4] For the same reasons that the Court denies the News Organizations' motion for access to the Conference, the Court similarly denies their request that the Conference be transcribed. (*See* Doc. No. 997 at 11.) Although the News Organizations correctly assert that "details on what transpires [at the Conference] are likely to find their way to the news media and then to the public" (*id.* at 10 n.2), the Court has never intended to prevent the press from publicizing any reports of the Conference as relayed by the Conference attendees. Indeed, the Court has never suggested that the Conference attendees would be prevented or barred from commenting on the Conference to the press or any other public audience.

**ORDER**

Based upon the foregoing, and the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The News Organizations' motion (Doc. No. [996]) is **DENIED**, consistent with the terms of this Order.

Dated: August 7, 2015          s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge