UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld, and all others similarly situated,

        Plaintiffs,

v.

Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their official capacities,

        Defendants.

Civil No. 11-3659 (DWF/JJK)

**SCHEDULING ORDER**

---

Daniel E. Gustafson, Esq., Karla M. Gluek, Esq., David A. Goodwin, Esq., Raina Borrelli, Esq., Lucia G. Massopust, Esq., and Eric S. Taubel, Esq., Gustafson Gluek PLLC, counsel for Plaintiffs.

Nathan A. Brennaman, Deputy Attorney General, Scott H. Ikeda, Adam H. Welle, and Aaron Winter, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

---

This matter is before the Court on the parties' joint proposed briefing and hearing schedule for the Remedies Phase of this case. Based on the submissions of the parties, the entire record before the Court, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiffs shall file their remedy proposals and their supporting brief with the Court no later than **August 20, 2015**.

2. Defendants shall file their remedy proposals and their supporting brief with the Court no later than **September 21, 2015**.

3. Plaintiffs shall file their reply brief with the Court no later than **September 25, 2015**.

4. The Court shall hear arguments from the parties on their remedy proposals on **September 30, 2015, at 9:00 a.m.**, in Courtroom 7C, 7th Floor, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

5. It would be in the best interests of everyone, including the public at large, if the State of Minnesota began preparing now to solve the previously determined and identified constitutional infirmities in the Minnesota Sex Offender Program ("MSOP") and its corresponding statutory scheme. The Court has previously identified a variety of specific measures for Defendants to implement in order to remedy the constitutional deficiencies at the heart of this case in a way that will protect and promote public safety and the civil commitment and criminal justice system's operation. For example, the state could: (i) create assessment teams and enter contracts to provide independent, periodic risk assessments; (ii) develop transitional services; (iii) establish facilities to be used for less restrictive alternative options; and (iv) design a statewide public education plan on civil commitment, alternative facilities, provisional discharge conditions, and risk of

**ORDER**

1. Plaintiffs shall file their remedy proposals and their supporting brief with the Court no later than **August 20, 2015**.

2. Defendants shall file their remedy proposals and their supporting brief with the Court no later than **September 21, 2015**.

3. Plaintiffs shall file their reply brief with the Court no later than **September 25, 2015**.

4. The Court shall hear arguments from the parties on their remedy proposals on **September 30, 2015, at 9:00 a.m.**, in Courtroom 7C, 7th Floor, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

5. It would be in the best interests of everyone, including the public at large, if the State of Minnesota began preparing now to solve the previously determined and identified constitutional infirmities in the Minnesota Sex Offender Program ("MSOP") and its corresponding statutory scheme. The Court has previously identified a variety of specific measures for Defendants to implement in order to remedy the constitutional deficiencies at the heart of this case in a way that will protect and promote public safety and the civil commitment and criminal justice system's operation. For example, the state could: (i) create assessment teams and enter contracts to provide independent, periodic risk assessments; (ii) develop transitional services; (iii) establish facilities to be used for less restrictive alternative options; and (iv) design a statewide public education plan on civil commitment, alternative facilities, provisional discharge conditions, and risk of

re-offense data, as much of the information that is being stated publicly is either inaccurate, unfounded, or misleading.

Recognizing the history of the state's failure to meet minimum constitutional requirements, as well as the continuing injury and harm resulting from these serious violations, the Court notes that, at some point, if the state proves unwilling or incapable of remedying the constitutional violations, to which insufficient funding is not a defense, that failure may demand a more forceful solution. Any delay by the state to prepare for the inevitable relief to be imposed by the Court in light of the previously determined constitutional violations would only increase the risk to public safety.

Dated: August 12, 2015	s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge