UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>Emily Johnson Piper, Kevin Moser, Peter Puffer, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their individual and official capacities,<br><br>      Defendants. | Court File No. 11-cv-03659 (DWF/TNL)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' BILL OF COSTS** |

## INTRODUCTION

After nearly eight years of hard-fought litigation, the Court dismissed Plaintiffs' remaining claims. In what can only be described as retribution, Defendants now seek to tax more than $800,000 in costs against these Plaintiffs who (as the Court is fully aware) are involuntarily and indefinitely civilly committed to the Minnesota Sex Offender Program ("MSOP"). These Plaintiffs did nothing more than fight for a class of their peers to vindicate their fundamental federal constitutional rights. This request for costs, the bulk of which is for payments to the Rule 706 experts appointed by this Court and

whose opinions were used repeatedly by Defendants as support for their positions, should be denied in its entirety.[1]

## RELEVANT PROCEDURAL BACKGROUND

This *pro se* case was filed on December 21, 2011, alleging constitutional and state law violations regarding Minnesota's civil commitment of sex offenders. At that same time, these *pro se* Plaintiffs filed for *in forma pauperis* status, which was granted on July 3, 2012. ECF. Nos. 2-15, 180.[2] A short time later, at the request of the Minnesota *Pro Se Project*, Gustafson Gluek PLLC agreed to represent these Plaintiffs and the purported class.

During the discovery phase, the Court appointed four experts under Rule 706. ECF No. 393. These experts produced a joint report, sat for depositions and subsequently testified at trial. Phase One of trial, involving Counts I, II, III, IV, V, VI, VII and XI, began on February 9, 2015, and concluded on March 18, 2015.[3] ECF Nos. 839, 847-48, 851-52, 860-62, 865-66, 869-72, 883-85, 887-88, 892-93, 902, 906-08. Counts VIII, IX, and X, were reserved for a Phase Two of trial. Doc. No. 647. During motion practice and the trial, Defendants repeated relied on the testimony of the 706 experts. *See, e.g.* ECF No. 1097 at 15; ECF No. 930 at 31, 83.

---

[1] To the extent that the Court believes Defendants are entitled to certain costs, Plaintiffs object to specific items in this opposition as improper.
[2] Should Defendants challenge Plaintiffs' financial status, Plaintiffs hereby request an evidentiary hearing to resolve any such disputes.
[3] Counts IV, XI, XII, and XIII were dismissed with prejudice on August 10, 2015. ECF. No. 1005.

On June 17, 2015, the Court issued an Order finding for Plaintiffs on Counts I and II and concluding that the Minnesota Civil Commitment and Treatment Act, Minn. Stat. §253D (the "Act") was unconstitutional on its face and as applied by the Defendants. *See* ECF No. 966 at 59, ¶25; 65, ¶36. The Court expressly declined to decide Counts III, V, VI and VII, stating, "because any remedy fashioned will address the issues raised in the remaining Phase One Counts, the Court need not address Counts III, V, VI and VII." ECF No. 966 at 65, ¶38.

Defendants appealed this Court's decision to the Eighth Circuit, which reversed the findings on Counts I and II, holding that the Act was not unconstitutional on its face or as applied. *See Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017). After Plaintiffs' petition for certiorari was denied by the Supreme Court, the Court granted Defendants' motion for summary judgment on the remaining claims. *See* ECF No. 1108.

## ARGUMENT

**I.      THE COURT SHOULD NOT ORDER PLAINTIFFS TO PAY ANY COSTS**

Although Fed. R. Civ. P. 54(d) provides that costs other than attorneys' fees are allowed "to the prevailing party unless the court otherwise directs," an award of costs is not appropriate here. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006). Whether or not to award costs is entirely left to the Court's discretion. *See Katryna L. Damgaard as parent & natural guardian of I.L.D. v. McKennan*, No. 13-CV-2192 (SRN/JSM), 2016 WL 1718370, at *2 (D. Minn. Apr. 29, 2016) (citing *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006)) ("…courts have wide discretion in awarding costs generally."); *Marmo*, 457 F.3d at 762 (concluding that "Rule

3

54(d) presumes an award of costs to the prevailing party; however, the district court has substantial discretion in awarding costs.") (citation omitted). "Indeed, Rule 54(d) is phrased in permissive terms and generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party." *Id.* The Court should exercise its discretion here to deny Defendants' punitive request for costs given the important constitutional issues at stake and Plaintiffs' financial and committed status.

### A.     Plaintiffs Brought this Case in Good Faith

The history of the litigation demonstrates that Plaintiffs raised important constitutional claims against Defendants in good faith. These claims were certainly not frivolous given that the Court found in favor of Plaintiffs on Counts I and II after a six-week trial. ECF No. 966; *see Kaplan v. Mayo Clinic*, No. CIV. 07-3630 JRT, 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011) (denying the imposition of costs against Plaintiffs after finding that "the[y] brought their claims in good faith and their claims were not frivolous…."); *Damgaard*, 2016 WL 1718370 at *2 (citing cases) (observing that "[c]ourts routinely refuse to tax costs where the non-prevailing party is unable to pay those costs and did not bring a frivolous suit.").

Defendants ultimately prevailed against Plaintiffs to be sure.  But only after filing two unsuccessful motions to dismiss (ECF Nos. 427, 828), an unsuccessful summary judgment motion (ECF No. 828), and losing at trial after nearly six weeks of testimony for multiple reasons. *See* ECF Nos. 8 39, 847, 848, 851, 852, 860, 861, 862, 865, 866, 869, 870, 871, 872, 883, 884, 885, 887, 888, 892, 893, 902, 906, 907, 908; *see also* ECF No. 966 (finding the Act unconstitutional on its face and as applied for multiple reasons).

4

The Court then entered an injunction requiring Defendants to correct these constitutional deficiencies. ECF No. 1035.

Defendants sought a stay pending appeal (which was denied by this Court, ECF No. 1055, and granted by the Eighth Circuit, ECF No. 1058) and appealed the Court's ruling, ECF No. 966, to the Eighth Circuit, which ultimately reversed the Court's findings on Counts I and II. ECF No. 1068. Defendants then filed yet another motion for summary judgment on the remaining claims, which was granted. ECF No. 1108. This is clearly not a case involving frivolous claims, and an award of the entirety of Defendants' allowable litigation costs would be inequitable.

### B.   Plaintiffs Cannot Pay the Requested Costs

As the Court knows, the Plaintiffs are indigent, as stated in their applications to proceed in forma pauperis, which were granted by the Court. ECF Nos. 2-15, 180. "Indigence is recognized as an appropriate justification for denial of costs." *Kaplan*, 2011 WL 3837095 at *1–2 (citation omitted). This is particularly appropriate where the litigant is unlikely to be able to pay the costs in the future. *Id.*; *see also Pimentel v. St. Louis Pub. Sch.*, No. 4:08CV1477 TIA, 2011 WL 3847413, at *1 (E.D. Mo. Aug. 26, 2011) (where plaintiffs had been granted IFP status and there was no evidence that their financial situation had improved since that time, an award of costs to the opposing party was not appropriate). For example, in *Finch v. Texarkana Sch. Dist. No. 7 of Miller Cty.*, No. 05-CV-4070, 2009 WL 196546, at *1 (W.D. Ark. Jan. 28, 2009), the court found that the plaintiff was unable to work because of a disability and because she had to care for her disabled son, and thus it would be "an undue economic hardship" to tax costs to the

5

plaintiff. Similarly, courts have denied requests for costs where a party has "been unable to find permanent employment." *Taylor v. Georgia-Pac. Corp. & Int'l Ass'n of Machinist & Aerospace Workers Local W475*, No. 06-CV-1079, 2008 WL 5156315, at *1 (W.D. Ark. Dec. 8, 2008).

Plaintiffs are currently, involuntarily and indefinitely civilly committed to the MSOP and that status is unlikely to change soon. ECF No. 966, 6 at ¶2. To the extent some Plaintiffs have jobs at the MSOP, they are paid a pittance, half of which is withheld by the MSOP to cover the costs of operating the MSOP. *See* Minn. Stat. §246B.06, subd. 6 ("The commissioner has the authority to retain up to 50 percent of any payments made to an individual participating in the vocational work program for the purpose of reducing state costs associated with operating the Minnesota sex offender program."). Additionally, Plaintiffs have received bills from Defendants (and will continue to receive further bills) totaling thousands of dollars for the cost of their care during their involuntary commitment. *See* Minn. Stat. §246B.07, subd. 3 ("The commissioner may recover… the cost of any care provided by the Minnesota sex offender program."). Given that Plaintiffs are indefinitely committed to the MSOP, their financial situation is essentially fixed and simply do not have the ability to pay these costs, now or likely in the future. *See Kaplan*, 2011 WL 3837095 at *1–2 (observing that it "is not just a matter of being unable to presently pay the costs; it must also be shown that the litigant is not likely to be able to pay the costs in the future.") (quoting *Denson v. Ne. Ill. Reg. Commuter R.R. Corp.,* No. 00 C 2984, 2003 WL 21506946, at * 1 (N.D. Ill. June 27, 2003)).

## II. EVEN IF THE COURT GRANTS DEFENDANTS' REQUEST FOR COSTS, NOT ALL ITEMS ON THE BILL OF COSTS ARE TAXABLE

Even when a court exercises its discretion to grant costs pursuant to Fed. R. Civ. P. 54(d), the only items allowed to be taxed are those enumerated in 28 U.S.C. § 1920, including "[f]ees of the clerk and marshal," fees for transcripts "necessarily obtained for use in the case," fees for printing and witnesses, fees for copies that are "necessarily obtained for use in the case," docket fees, and "compensation of court appointed experts."

Here, Defendants seek over $700,000 in costs related to the Court-appointed Rule 706 experts as if only the Plaintiffs used these experts. In fact, the Court appointed the Rule 706 experts to assist the Court and both parties relied on portions of their testimony for motion practice during trial. But regardless, Plaintiffs cannot pay for this or other costs. Furthermore, Defendants seek impermissible costs related to deposition and hearing transcripts that should be denied even if the Court grants some other portion of the cost request.

### A. Costs for the Rule 706 Experts Should be Denied

The bulk of the costs sought by Defendants is for compensation of court-appointed experts. ECF No. 1114 (seeking $732,923.92 for the Rule 706 experts). Defendants' argument that Plaintiffs should now pay for the 706 Experts conveniently ignores that the Defendants relied on the 706 Experts' findings and testimony to support their defenses at trial and heavily cited to the 706 Experts' report and trial testimony in support of their motion for summary judgment on the Phase Two claims. *See, e.g.* ECF No. 1097 at 15 (quoting the Rule 706 Experts' finding that the MSOP's policies are akin to those at other

civil commitment programs), 21-22 (spending two pages quoting testimony by 706 Experts Deb McCulloch and Dr. Naomi Freeman stating that they had no concerns with the MSOP's policies as written). Defendants' motion was granted. ECF No. 1108. This reliance and their reliance on these experts as to the Phase I trial (which they lost but ultimately prevailed on appeal) further supports this Court's decision to apportion the Rule 706 Experts' costs to Defendants.

Additionally, as discussed above, Plaintiffs are indigent. Courts have held that it is appropriate for the costs of Rule 706 experts to be apportioned based on the parties' respective assets. *See, e.g. Norwood v. Liping Zhang*, No. 10 C 3143, 2013 WL 5162202, at *7 (N.D. Ill. Sept. 13, 2013) (finding the plaintiff, who demonstrated he had very few assets, was only responsible for the cost of Rule 706 experts up to a certain dollar amount, and anything over that amount was to be paid by the defendants). Plaintiffs should not be responsible for any of the cost of the Rule 706 experts.

### B.   Certain Transcript Costs Should be Denied

Under 28 U.S.C. §1920, fees for printed and electronically recorded transcripts "necessarily obtained for use in the case" may be recovered by the prevailing party. Defendants are seeking reimbursement of impermissible costs related to deposition and court transcripts.

First, the Bill of Costs Guide for this Court (*available at* http://www.mnd.uscourts.gov/FORMS/Clerks_Office/Bill-of-Costs-Guide.pdf) provides that court reporter postage or delivery charges for a transcript are *not* taxable. For the transcripts listed in Exhibit A, Defendants included the delivery charge for the transcript

in their requested costs. *See* ECF No. 1114-1. These inappropriate charges should not be taxed to Plaintiffs. *See Strutton v. Meade*, No. 4:05CV02022 ERW, 2010 WL 4609365, at *3 (E.D. Mo. Nov. 4, 2010) (citing *Smith v. Tenet Healthsystem SL, Inc.,* 436 F.3d 879, 889 (8th Cir.2006)) (stating that some of the transcript fees requested by Defendants include charges for postage or shipping and handling. The Court will not require Plaintiff to reimburse Defendants for these delivery expenses because the Eighth Circuit has established that such expenses are not recoverable.").

Second, Defendants seek costs for deposition transcripts that were not "necessarily obtained for use in the case." The Bill of Costs Guide notes that transcript costs may be granted where the deponent testified at trial, the deposition was admitted into evidence, the deposition was submitted in connection with an event that terminated the litigation (such as summary judgment), or where the requesting party explains why the transcript was necessarily obtained. Defendants seek costs for deposition transcripts of Brian Buse (a MSOP patient deposed by Defendants), Robin Benson (a Minnesota Department of Human Services employee deposed by Plaintiffs), Samantha Benson (a MSOP employee deposed by Plaintiffs), Sheila Brandt (a MSOP employee deposed by Plaintiffs), Alissa Hannah (n MSOP employee deposed by Plaintiffs), Mari Moen (a MSOP employee deposed by Plaintiffs), Ana Remiger (a Minnesota Department of Human Resources employee deposed by Plaintiffs), and Ken Carabello (an expert retained by Defendants). ECF No. 1114-1. None of these witnesses testified at trial, none of these depositions were admitted into evidence, and none of these depositions were submitted in connection with an event that terminated the litigation. The only explanation provided by Defendants for

why they were "necessarily obtained" is either that "Plaintiffs noticed the deposition" or it was cited in the original summary judgment briefing in this case (ECF Nos. 721, 741), a motion that the Court denied in its entirety. ECF No. 828. Additionally, with respect to Mr. Carabello's deposition, there is no explanation of why an expedited transcript was needed. *See* ECF Nos. 11114-1, 1114-2 at 59. These deposition transcript costs should not be taxed to Plaintiffs.

Finally, Defendants seek costs for transcripts of certain court proceedings, but do not sufficiently explain how such transcripts were "necessary for use in the case" or "necessarily obtained." *See* Bill of Costs Guide at 5. Defendants' explanations merely state that such transcripts were "necessary" for various reasons without explaining why they were necessary. *See* ECF No. 1114-1 at entries 100-105, 112-113. Such conclusory explanations are not sufficient to allow those costs to be taxed to Plaintiffs.

## CONCLUSION

Defendants' Bill of Costs should be denied in its entirety and, if not in its entirety, with respect to the costs for the Rule 706 Experts and certain transcript costs.

Dated: October 4, 2018

s/Daniel E. Gustafson
Daniel E. Gustafson (#202241)
Karla M. Gluek (#238399)
David A. Goodwin (#386715)
Raina C. Borrelli (#392127)
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN  55402
Telephone: (612) 333-8844

*Attorneys for Plaintiffs*

10