

**MINNESOTA OFFICE**
CANADIAN PACIFIC PLAZA
120 S. 6TH ST., STE 2600
MINNEAPOLIS, MN 55402

**CALIFORNIA OFFICE**
600 B STREET
17TH FLOOR
SAN DIEGO, CA 92101

**DANIEL E. GUSTAFSON**
dgustafson@gustafsongluek.com
TEL (612) 333-8844 • FAX (612) 339-6622
MINNESOTA OFFICE

March 10, 2021

**VIA E-MAIL**
The Honorable Donovan W. Frank
U.S. District Court Judge, District of Minnesota
United States District Court
316 North Robert Street
St. Paul, MN 55101
frank_chambers@mnd.uscourts.gov

Re: **Karsjens, et al. v. Minnesota Department of Human Services, et al.**
    **Case No. 0:11-cv-03659 (DWF/TNL)**

Dear Judge Frank:

Pursuant to the Court's email on March 4, 2021, Plaintiffs submit this letter setting forth their position on the current status of this litigation and how it should proceed.

As you know, the Eighth Circuit and remanded Counts 5, 6 and 7 for further proceedings and offered some guidance on the applicable legal standard. Although the 2015 trial encompassed these claims, this Court did not make specific findings of fact and conclusions of law on Counts 3, 5, 6, and 7 as it believed that its ruling on Counts 1 and 2 would control the outcome of Counts 3, 5, 6, and 7. After remand from *Karsjens I,* this Court applied the "shocks the conscience" standard required by the Eighth Circuit and granted summary judgment for Defendants.

Now that the Eighth Circuit has reversed that summary judgment order because shocks the conscience does not apply, we are essentially back to the point where trial findings of fact and conclusions of law should be made. But, because more than five years has passed during the two trips to the Eighth Circuit, Plaintiffs believe other steps should

Page 2
March 10, 2021

be undertaken first before this Court rules on the remaining counts.[1]  As such, we think the following steps are warranted.

### 1. The Court Should Order Plaintiffs to File a Fourth Amended Complaint to Conform to the Trial Evidence.

This Court should order Plaintiffs to amend the current complaint to conform to the evidence from the trial record pursuant to Fed. R. Civ. P. 15(b)(2).  This will allow all parties and the Court to clearly identify what claims remain and what evidence in the record supports those claims.  Plaintiffs suggest that can be accomplished by April 30, 2021.

### 2. The Court Should Order Limited Additional Discovery.

The Court certified a class in this litigation pursuant to Rule 23(b)(2) which includes "all patients currently civilly committed in the Minnesota Sex Offender Program" *See* ECF No. 203.  As a result, unless Defendants are prepared to limit the effect of this litigation to a date in 2015 when the trial record closed, the record is badly outdated. More than five years have passed since the trial and Plaintiffs have no updated information that demonstrates what, if any, changes have been made in policies, practices, or procedures at the MSOP and how those changes affect Plaintiffs' remaining claims.

Given that these claims are still pending, and that the class does not have an end date, the Court should order Defendants to update the outstanding discovery responses under Rule 26(e)(1) and permit Plaintiffs to take a handful of depositions to inquire about the updated discovery. In the alternative, and perhaps a more efficient approach, the Court could order Plaintiffs to serve limited, targeted discovery requests based on the remaining claims including a Rule 30(b)(6) deposition and key fact witness depositions.[2]

### 3. Supplementing the Record.

After the new amended complaint is filed and the additional discovery completed, Plaintiffs suggest that further trial proceedings commence to supplement the record.  In the alternative, the parties could agree to put the discovery into the record by stipulation.

---

[1] As you know, in *Karsjens II,* the Eighth Circuit dismissed Count 3 based on its conclusion that the U.S. Supreme Court has not recognized a constitutional right to treatment. *Id.* at 4 (citing *Karsjen I* and *Strutton v. Meade*, 668 F.3d 549, 557 (8th Cir. 2012)). There currently exists a circuit split on that question and Plaintiffs are considering filing a petition for certiorari on that issue.  The deadline for that petition is in early May 2021.  Plaintiffs see no reason to hold up the rest of the case while that issue is resolved.

[2] Although Plaintiffs did not seek additional discovery after the initial appeal, the substantial passage of time and the change in the entire state administration as well as MSOP leadership warrant limited additional discovery so that the parties have current and accurate information.

Page 3
March 10, 2021

### 4. Supplemental Findings of Fact and Conclusions of Law.

After the record is updated as described above, Plaintiffs recommend that the parties submit new findings of fact and conclusions of law on the remaining counts. The Court could then hold argument (as Plaintiffs request now) or simply enter judgment on the papers applying the new legal standard as set out in the briefs.

### 5. Settlement Discussions.

As to the Court's request on the parties' positions as to settlement discussions, Plaintiffs believe that the parties should discuss settlement and would appreciate the assistance of the Magistrate Judge.

Please call me if you have any questions.

Sincerely,

GUSTAFSON GLUEK PLLC

Daniel E. Gustafson

DEG/sam

cc: Via E-mail
Scott Ikeda (scott.ikeda@ag.state.mn.us)
Aaron Winter (aaron.winter@ag.state.mn.us)