UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld, and all others similarly situated, | Civil No. 11-3659 (DWF/TNL) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Jodi Harpstead[1], Kevin Moser, Peter Puffer, Nancy Johnson, Jannine Hébert, and Ann Zimmerman, in their individual and official capacities, | |
| Defendants. | |

Daniel E. Gustafson, Esq., Karla M. Gluek, Esq., and David A. Goodwin, Esq., Gustafson Gluek PLLC, counsel for Plaintiffs.

Aaron Winter, Scott H. Ikeda, and Brandon L. Boese, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

# INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Leave to File a Fourth Amended Complaint (Doc. No. 1152 ("Motion")) following the Eighth Circuit's reversal

---

[1]   Pursuant to Fed. R. Civ. P. 25(d), Jodi Harpstead, in her official capacity as the current commissioner of the Department of Human Services, is automatically substituted for former commissioner Emily Johnson Piper. Fed. R. Civ. P. 25(d).

and remand of this Court's dismissal of Counts V, VI, and VII in their Third Amended Complaint, *Karsjens v. Lourey*, 988 F.3d 1047, 1051 (8th Cir. 2021) ("*Karsjens II*"). For the reasons set forth below, the Court respectfully denies Plaintiffs' Motion.

## BACKGROUND

The Court has detailed the complex history of this case in previous orders including its February 2, 2015 Memorandum and Opinion (Doc. No. 828) and June 17, 2015 Findings of Fact, Conclusions of Law, and Order (Doc. No. 966 ("Phase One Order")) and incorporates them by reference herein. The Court assumes that the parties are familiar with these and other relevant orders and only summarizes the relevant background here.

Plaintiffs are individuals residing at the Minnesota Sex Offender Program ("MSOP") who are civilly committed under Minnesota Statute § 253D, the Minnesota Civil Commitment and Treatment Act ("MCTA"). (*See* Doc. No. 635 ("Third Am. Compl.") ¶ 2.) The fourteen named Plaintiffs represent a class certified under Federal Rule of Civil Procedure 23(b)(2), consisting of "[a]ll patients currently civilly committed to [MSOP] pursuant to Minn. Stat § 253B." (*See* Doc. No. 203.) Plaintiffs' lawsuit challenges the constitutionality of the MCTA on its face and as applied, as well as various aspects of the MSOP's operation and treatment regimen. (*See generally* Third Am. Compl. ¶ 1.)

Specifically, Plaintiffs' Third Amended Complaint, filed on October 28, 2014, asserts the following thirteen claims: (I) Minnesota Statute § 253D is facially

unconstitutional; (II) Minnesota Statute § 253D is unconstitutional as applied; (III) Defendants have failed to provide treatment in violation of the Fourteenth Amendment to the United States Constitution and the Minnesota Constitution; (IV) Defendants have failed to provide treatment in violation of the MCTA; (V) Defendants have denied Plaintiffs the right to be free from punishment in violation of the Fourteenth Amendment to the United States Constitution and the Minnesota Constitution; (VI) Defendants have denied Plaintiffs the right to less restrictive alternative confinement in violation of the Fourteenth Amendment to the United States Constitution and the Minnesota Constitution; (VII) Defendants have denied Plaintiffs the right to be free from inhumane treatment in violation of the Fourteenth Amendment to the United States Constitution and the Minnesota Constitution; (VIII) Defendants have denied Plaintiffs the right to religion and religious freedom in violation of the First and Fourteenth Amendments to the United States Constitution; (IX) Defendants have unreasonably restricted free speech and free association in violation of the First Amendment to the United States Constitution and the Minnesota Constitution; (X) Defendants have conducted unreasonable searches and seizures in violation of the Fourth Amendment to the United States Constitution and the Minnesota Constitution; (XI) Defendants have violated court ordered treatment; (XII) individual Defendants have breached Plaintiffs' contractual rights; and (XIII) individual Defendants have tortiously interfered with contractual rights and have intentionally violated Minn. Stat. § 253B.03, subd. 7.  (Third Am. Compl. at 59-84.)

On February 2, 2015, the Court issued an order denying Defendants' Motion for Summary Judgment on all counts in Plaintiffs' Third Amended Complaint. (Doc. No. 828.) The matter proceeded to trial in two phases. (*See* Doc. No. 647.) The Phase One bench trial ("Phase One Trial"), which encompassed Counts I, II, III, IV, V, VI, VII, and XI of the Third Amended Complaint, commenced on February 9, 2015 and lasted nearly six weeks.[2] (Doc. Nos. 839, 908.) The Phase One Trial specifically addressed:

> (1) whether Minnesota Statute Chapter 253D is unconstitutional on its face and as applied; (2) whether the treatment provided is constitutionally and/or statutorily infirm; (3) whether the treatment program complies with court-ordered treatment; (4) whether confinement is tantamount to unconstitutional punitive detention; and (5) whether less restrictive alternatives to confinement are constitutionally required.

(Doc. No. 647.)

On June 17, 2015, the Court issued its Findings of Fact, Conclusions of Law, and Order, granting Plaintiffs' request for declaratory relief on Counts I and II. (Phase One Order at 75.) The Court stated, "[b]ecause the Court finds the program is unconstitutional on its face and as applied (Counts I and II), and because any remedy fashioned will address the issues raised in the remaining Phase One Counts, the Court

---

[2]  Phase Two, which encompassed Counts VIII, IX, X, XII, and XIII of the Third Amended Complaint, was to "commence after the conclusion of Phase One" and address: (1) whether confinement conditions constitute unconstitutional restrictions on freedom of speech, religion, and association; (2) whether confinement procedures constitute unconstitutional searches and seizures; (3) whether the treatment program and its implementation constitutes a breach of contract, tortious interference with contract, and intentional violation of Minnesota Statute Section 253B.03(7). (Doc. No. 647.)

4

need not address Counts III, V, VI, and VII."³ (*Id.* at 65.) The Court noted that its "determination that the MSOP and its governing civil commitment statutes are unconstitutional concludes Phase One of this case." (*Id.* at 5.) The Court also reiterated that "Counts VIII, IX, and X, will be tried in the second phase of trial ('Phase Two')." (*Id.* at 76.) On October 29, 2015, the Court issued a First Interim Relief Order directing injunctive relief to remedy its findings of unconstitutionality. (Doc. No. 1035 ("Injunctive Relief Order").)

Defendants appealed the Court's Phase One and Injunctive Relief Orders to the Eighth Circuit. (Doc. No. 1036.) The Eighth Circuit reversed this Court's Phase One order and entered judgment in favor of Defendants on Counts I and II. *Karsjens v. Piper*, 845 F.3d 394, 409 (8th Cir. 2017) ("*Karsjens I*"). It also vacated this Court's injunctive order and remanded the case for further proceedings on the remaining claims. *Id.*

The remanded Phase One claims included Counts III, V, VI, and VII of the Third Amended Complaint. Each claim arises under the due process clause of the Fourteenth Amendment and challenges Defendants' acts and omissions relating to the creation and implementation of various policies at the MSOP. (*See* Third Am. Compl. ¶¶ 254-61, 269-97.) Count III raises a failure-to-provide treatment claim. (*Id.* ¶¶ 254-61.) Counts V, VI, and VII challenge the conditions of confinement within the MSOP

---

³   On April 10, 2015, Plaintiffs moved to voluntarily dismiss Counts IV, XI, XII, and XIII of the Third Amended Complaint. (Doc. No. 925 ("Motion to Dismiss").) Thus, the Court did not address Counts IV and XI in its Phase One Order, but ultimately granted Plaintiffs' Motion to Dismiss after a fairness hearing on August 10, 2015. (Doc. Nos. 1004, 1005.)

facilities. (*See* Third Am. Compl. ¶¶ 269-297.) Specifically, Counts V and VII challenge the punitive nature of confinement (*id.* ¶¶ 269-83, 292-97), and Count VI asserts that Defendants have infringed on Plaintiffs' constitutionally protected right to less restrictive alternative confinement (*id* ¶¶ 292-97).[4]

In response to *Karsjens I*, the parties filed supplemental briefing on the remaining Phase One claims, and Defendants moved for summary judgment on the Phase Two claims.[5] On August 23, 2018, the Court dismissed with prejudice the remaining Phase

---

[4] Count V asserts rights under the Fourteenth Amendment to be free from punishment and includes allegations that Plaintiffs: (1) are double bunked in wet cells in a facility modeled after a prison; (2) lack a reasonable grievance procedure when punished; (3) are punished by having their rights to access activities and areas of the facility limited or completely taken away, or by being placed in protective isolation; (4) are not allowed to possess certain property and their property is wrongfully destroyed prior to completion of the applicable grievance procedure; (5) are denied access to group therapy; (6) have furniture removed as punishment for alleged rules violations; (7) are punished by having their employment options taken away; and (8) and are placed in shackles and black boxes anytime they leave the facility. (Third Am. Compl. ¶¶ 273-79.) Count VII asserts rights under the Fourteenth Amendment to be free from inhumane treatment and reiterates that Plaintiffs are double-bunked in wet cells. (*Id.* ¶ 294.) It further alleges that Plaintiffs receive inadequate meals, are subject to arbitrary discipline and decision-making, receive inadequate medical treatment, and have their rights restricted for minor rules violations. (*Id.*)

Count VI alleges that the MSOP does not account for the possibility that not all Plaintiffs require the same level of security and that if a Plaintiff no longer meets the statutory requirements for civil commitment, there is not a less restrictive facility or program for them to enter. (*Id.* ¶ 288.)

[5] Defendants argued the remaining Phase One claims should be dismissed because the Eighth Circuit implicitly determined that they failed when it found that Defendants did not engage in conduct that shocked the conscience with respect to Counts I and II. (Doc. No. 1095.) Plaintiffs countered that the remaining Phase One claims should be decided on the merits because the Eighth Circuit's decision on Counts I and II did not dictate their outcome. (Doc. No. 1100.)

One claims under the "shocks the conscience standard." (Doc. No. 1108.) In the same Order, the Court granted Defendants' motion for summary judgment and dismissed with prejudice the Phase Two claims as well. (*Id.*) Plaintiffs appealed the Court's ruling on the Phase One claims to the Eighth Circuit. (Doc. No. 1118 ("Appeal").) On February 24, 2021, the Eighth Circuit reversed the dismissal of Counts V, VI, and VII after finding that this Court applied the wrong legal standard and remanded the case again for further proceedings.[6] *Karsjens II*.

Plaintiffs now move for leave to file a Fourth Amended Complaint under Fed. R. Civ. P. 15(b)(2). (Motion; *see also* Doc. No. 1155 ¶ 3, Ex. A ("Proposed Fourth Amended Complaint").) Plaintiffs assert that amendment is necessary to conform their complaint to the evidence accepted at the Phase One trial and clarify the factual

---

[6]  The Eighth Circuit affirmed dismissal of Count III. *Karsjens II*, 988 F.3d at 1051. In finding that this Court applied the wrong legal standard to Counts V, VI, and VII, the Eighth Circuit explained:

> In Karsjens I, the claims and allegations in Counts [I and II]—and subsequent bench trial and findings—focused on the statutory scheme itself and the officials' implementation thereof, specifically the indefinite nature of [Plaintiffs'] confinement; the lack of automatic periodic review; and the administration of the treatment program. By contrast, the present claims and allegations focus squarely on the conditions of confinement including the inadequacy of meals, double-bunking, overly harsh punishment for rules violations, property being taken and destroyed before any hearing, the lack of less restrictive alternatives, and the inadequacy of medical care.

*Karsjens II*, 988 F.3d at 1051. While the "shocks the conscience standard" was appropriate for Counts I and II, the Eighth Circuit determined that this Court should have considered the claim of inadequate medical care under the "deliberate indifference standard" outlined in *Senty-Haugen v. Goodno*, 462 F.3d 876, 889-90 (8th Cir. 2006), and the remaining claims under the standard for punitive conditions of confinement outlined in *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). *Karsjens II*, 988 F.3d at 1054.

7

allegations that support the remaining claims. (Doc. No. 1154 ("Pl. Memo.") at 1-2; *see also* Phase One Order at 6-66.) Defendants contend that Plaintiffs' proposed amendments improperly seek to get a "do-over" on Counts I and II which "they lost years ago." (Def. Opp. at 1.)

## DISCUSSION

Under Fed. R. Civ. P. 15(b)(2), when an issue "not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." Fed. R. Civ. P. 15(b)(2). At any time, even after judgment, a party may move "to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." *Id.* Amendments under Rule 15(b) are to be "liberally granted where necessary to bring about the furtherance of justice and where the adverse party will not be prejudiced." *Am. Fed'n of State, Cty. & Mun. Emp. v. City of Benton, Arkansas*, 513 F.3d 874, 882–83 (8th Cir. 2008) (internal quotation marks and citation omitted). "The decision to permit or deny such an amendment remains within the discretion of the district court." *Id.* (internal quotation marks and citation omitted).

Plaintiffs claim that because they did not try Counts V, VI, and VII as pled in the Third Amended Complaint, amendment is necessary to correct the underlying theory of their existing claims.[7] (Pl. Memo. at 6-10.) To this end, Plaintiffs argue that their

---

[7] Plaintiffs explain that while the focus of Counts V and VII in the Third Amended Complaint was on conditions of confinement, the evidence they advanced during the Phase One trial and have argued throughout the case is that the MSOP is punitive because Defendants operate it in such a way as to continue confinement beyond the time that the legitimate goals of public safety and treatment are served. (Pl. Memo. at 7-10.) To this end, they assert that the Proposed Fourth Amended Complaint adds allegations to

8

proposed amendments do not include new legal claims or factual allegations, but simply add factual allegations directly from the Findings of Fact in the Court's Phase One Order to support the remaining claims. (*Id.*) Plaintiffs also argue that Defendants granted implied consent to try the facts and issues in the Proposed Fourth Amended Complaint when Defendants did not object to the evidence during the Phase One Trial. (*Id.* at 12-13.) Plaintiffs similarly contend that the Proposed Fourth Amended Complaint will not prejudice Defendants because Defendants have been on notice of the factual allegations and legal theory behind Counts V, VI, and VII that the amendments will make clear. (*Id.* at 11-14.)

Defendants argue that the Proposed Fourth Amended Complaint seeks to recreate legal claims for the now dismissed Counts I and II by relocating them to Counts V, VI, and VII. (Def. Opp. at 15-17.) They assert that the subject matter of the proposed amendments is the same as the subject matter underlying the now vacated Phase One and Injunctive Orders and improperly seeks to relitigate issues Defendants have already prevailed on. (*Id.* at 13-17; 21-22.) Because the Fourth Amended Complaint does not raise any previously unpled issue but simply rebrands Counts I and II under different

---

Counts V and VII regarding the lack of less restrictive alternatives, that Defendants know individuals continue to be committed or confined in a secure facility beyond the time they meet commitment criteria, and that rules violations impede release. (*Id.* at 9.) As for Count VI, the proposed amendments reflect Plaintiffs' theory that Defendants violate Plaintiffs' substantive due process rights by failing to provide less restrictive alternatives including few community placement options and Defendants' knowledge that some Plaintiffs could be housed in less restrictive settings. (*Id.*)

9

counts, Defendants argue that amendment is improper under Rule 15(b)(2).[8]  (*Id.* at 19, 21-22.)

Defendants further argue that even if the proposed amendments were not already pled and resolved in Counts I and II of the Third Amended Complaint, Plaintiffs' Motion still fails because Defendants never consented to trying Counts V-VII as an alternative or concurrent avenue to release-related relief, and that treating the claims as anything other than conditions of confinements claims would violate the Eighth Circuit's remand instructions.  (*Id.* at 20-21, 24-26.)  Specifically, Defendants contend that prior to the Phase One Trial, Plaintiffs did not treat Counts V-VII as anything other than conditions of confinement claims, and that during the Phase One Trial, Plaintiffs appeared to abandon the claims as opposed to trying them as release-related claims.[9]  (Def. Opp. at 9-10.)  Defendants assert that it was only after the Phase One Trial that Plaintiffs occasionally and vaguely referenced Counts V-VII as related to the duration of confinement, but that Plaintiffs' Appeal specifically directed the Eighth Circuit to

---

[8]  Defendants similarly contend that amendment would be futile because the law-of-the-case doctrine dictates that the substantive due process claims underlying Counts I and II fail regardless of whether they are relocated to different Counts.  (Def. Opp. at 23-24.)

[9]  Defendants note that because Plaintiffs did not communicate any intention to amend the Third Amended Complaint before or during trial, Defendants had no way of connecting any release related discussion to Counts V-VII rather than Counts I and II.  (*Id.* at 20-21.)

Counts V-VII as pled in the Third Amended Complaint and that the Eighth Circuit ruled accordingly.[10]  (*Id.* at 10-11.)

In consideration of the parties' arguments and a upon a thorough review of the Proposed Fourth Amended Complaint, the Court finds that amendment is not appropriate under Rule 15(b)(2) or any other Rule.  Specifically, the Court agrees with Defendants that the Proposed Fourth Amended Complaint seeks to reanimate Counts I and II of the Third Amended Complaint by relocating their underlying facts and issues to Counts V-VII.  While Rule 15(b)(2) clearly permits amendment to raise unpled issues, it does not permit amendment to plead old issues in new places.  *See* Fed. R. Civ. P. 15(b)(2).  Even if it did, amendment would be futile because the law of the case dictates that the facts and issues underlying Counts I and II fail regardless of where they appear.[11]  *Pediatric Specialty Care, Inc. v. Arkansas Dep't of Hum. Servs.*, 364 F.3d 925, 931 (8th Cir. 2004) ("It is well settled that when a matter is decided by [the Eighth Circuit], it becomes the law of the case; the district court is not free on remand to reconsider any question finally disposed of by the court of appeals.").

---

[10]   Defendants claim that because Plaintiffs now assert that they did not try Counts V-VII as pled in the Third Amended Complaint, they in effect abandoned the only portion of the case the Eighth Circuit believed it was remanding.  (Def. Opp. at 26.)  Accordingly, they assert that this Court should "simply dismiss the remainder of the case with prejudice."  (*Id.*)  The Court finds insufficient grounds to conclude that Plaintiffs have abandoned Counts V-VII and declines to dismiss them at this time.

[11]   An amendment is futile if the amended claim "could not withstand a motion to dismiss under Rule 12(b)(6)."  *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014) (citation omitted).

11

Moreover, the Court finds that allowing the Proposed Fourth Amended Complaint would improperly expand the scope of the Eighth Circuit's remand. As discussed above, the Eighth Circuit clearly differentiated between Plaintiffs' release related claims (Counts I and II) and their conditions of confinement claims (Counts V-VII) and instructed this Court to consider the latter under specific legal standards. *See Karsjens II*, 988 F.3d at 1051. This Court is bound by that directive. *Thompson v. C.I.R.*, 821 F.3d 1008, 1011 (8th Cir. 2016). The Court therefore cannot permit Plaintiffs to expand their claims beyond the interpretation the Eighth Circuit gave them, and which formed the basis of the remand.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiffs' Motion. In short, the Court finds that the Proposed Fourth Amended Complaint is improper under Rule 15(b)(2), could not survive a motion to dismiss, and would improperly expand the scope of the Eighth Circuit's remand pursuant to *Karsjens II*.

At this important crossroads in this case, the Court strongly encourages the parties to attempt to settle all remaining issues. Absent resolution, the Court expects to see an explosion of individual lawsuits, more than two hundred of which it has already resolved, and over one hundred others that are currently pending or stayed. A global resolution is far more likely to serve the ends of justice than continued litigation.

## ORDER

Based on the files, record, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File a Fourth Amended Complaint (Doc. No. [1152]) is respectfully **DENIED**.

Dated: June 30, 2021            s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge