## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Scott Karsjens, David Leroy Gamble, Jr., Kevin John DeVillion, Peter Gerard Lonergan, James Matthew Noyer, Sr., James John Rud, James Allen Barber, Craig Allen Bolte, Dennis Richard Steiner, Kaine Joseph Braun, Christopher John Thuringer, Kenny S. Daywitt, Bradley Wayne Foster, Brian K. Hausfeld and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Jodi Harpstead, Kevin Moser, Peter Puffer, Nancy Johnston, Jannine Hébert, and Ann Zimmerman, in their individual and official capacities,<br><br>Defendants. | Court File No. 11-cv-03659 (DWF/TNL)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' BILL OF COSTS** |

## <u>INTRODUCTION</u>

This case was filed in 2011. In over a decade of litigation, the case has fostered two appeals to the Eighth Circuit Court of Appeals and a third appeal is pending. Twice the United States Supreme Court has denied *certiorari*. Now while the latest appeal is pending, Defendants seek to recover nearly $850,000 in costs against the Plaintiffs. The motion is premature and should be held in abeyance until the case finally resolves. But in any event, the bulk of the costs Defendants seek are for payments to Rule 706 experts appointed by this Court and whose opinions were used repeatedly by Defendants as support for their

positions. Thus, to the extent that the Court decides to determine the motion now, Defendants' request should be denied in its entirety.[1]

## RELEVANT PROCEDURAL BACKGROUND

The procedural posture of this case is long and complicated. A comprehensive summary of the relevant actions in this case is found in ECF. No. 1197.

In short form, Plaintiffs filed this *pro se* case on December 21, 2011, alleging state and constitutional violations regarding Minnesota's civil commitment of sex offenders. ECF No. 1. Plaintiffs also filed for *in forma pauperis* status, which was granted on July 3, 2012. ECF Nos. 2-15, 180.[2] Shortly thereafter, Gustafson Glueck PLLC agreed to represent Plaintiffs and the purported class through the *Pro Se Project*.

During the discovery phase, the Court appointed four experts under Rule 706. ECF No. 393. These experts produced a joint report, sat for depositions, and subsequently testified at trial. Phase One of the trial, involving Counts I, II, III, IV, V, VI, VII, and XI, began on February 9, 2015, and concluded on March 18, 2015.[3] ECF Nos. 839, 847-48, 851-52, 860-62, 865-66, 869-72, 883-85, 887-88, 892-93, 902, 906-08. Counts VIII, IX, and X were reserved for Phase Two of trial. ECF No. 647. During motion practice and the trial, Defendants repeatedly relied on the testimony of the 706 experts. *See, e.g.,* ECF No. 1097 at 15; ECF No. 930 at 31, 83.

---

[1] To the extent that the Court believes Defendants are entitled to certain costs, Plaintiffs object to specific items in this opposition as improper.
[2] Should Defendants challenge Plaintiffs' financial status, Plaintiffs hereby request an evidentiary hearing to resolve any such disputes.
[3] Counts IV, XI, XII, and XIII were dismissed with prejudice on August 10, 2015. ECF. No. 1005.

On June 17, 2015, the Court issued an Order finding for Plaintiffs on Counts I and II and concluding that the Minnesota Civil Commitment and Treatment Act, Minn. Stat. § 253D (the "Act") was unconstitutional on its face and as applied by defendants. *See* ECF No. 966 at 59, ¶25; 65 ¶36. The Court expressly declined to decide Counts III, V, VI, and VII, stating, "because any remedy fashioned will address the issues raised in the remaining Phase One Counts, the Court need not address Counts III, V, VI, and VII." ECF No. 966 at 65, ¶38.

Defendants appealed and the Eighth Circuit reversed, holding that the Act was not unconstitutional on its face or as applied. *See Karsjens v. Piper,* 845 F.3d 394 (8th Cir. 2017) (*"Karsjens I"*). On October 2, 2017, the Supreme Court denied *certiorari. Karsjens v. Piper,* 138 S.Ct. 106 (2017). On August 28, 2018, this Court granted summary judgment for Defendants on their remaining claims. *See* ECF No. 1108. Defendants again relied on the Rule 706 Experts in their briefs in support of summary judgment. *See, e.g.,* ECF No. 1097 at 15-22.

On October 24, 2018, Plaintiffs appealed the Court's ruling on Counts III, V, VI and VII to the Eighth Circuit. ECF No. 1118. Following briefing by the parties, on February 24, 2021, the Eighth Circuit affirmed the dismissal of Plaintiffs' Count III as duplicative of Counts I and II, *see Karsjens v. Lourey,* 988 F.3d 1047 (8th Cir. 2021) ("*Karsjens II*") and reversed and remanded the deficient medical treatment aspect of Count VII to be determined under the *Senty-Haugen v. Goodno* deliberate indifference standard and to apply the *Bell v. Wolfish* standard to Counts V, VI, and the remaining portion of Count VII.

3

*Id.* Plaintiffs petitioned the Supreme Court for *certiorari* on the dismissal of Count III, which was denied on October 4, 2021. *See Karsjens v. Lourey* 142 S.Ct. 232 (2021).

On remand, the parties briefed Counts V, VI, and VII and submitted proposed findings of fact and conclusions of law. ECF Nos. 1173-78. Defendants extensively cited to the Expert Reports in their briefing. *See, e.g.,* EFC No. 1173 at 5-9, 16, 23. On February 23, 2022, this Court dismissed Plaintiffs' remaining claims with prejudice. EFC. No. 1197 at 41. On March 2, 2022, Plaintiffs filed their notice of appeal to the Eighth Circuit Court of Appeals. EFC No. 1200.

## <u>ARGUMENT</u>

### I.     THE COURT SHOULD STAY DEFENDANTS' MOTION FOR COSTS UNTIL PLAINTIFFS' APPEAL IS RESOLVED

"No clear standard has developed to guide district courts in the exercise of their discretion in deciding whether or not to stay the taxation of costs pending results of the appeal." *Burdess v. Cottrell, Inc.,* No. 4:17-CV-01515-JAR, 2022 WL 888135 (E.D. Mo. Mar. 25, 2022) (citing *Blakely v. Schlumberger Tech. Corp.,* 648 F.3d 921, 930 (8th Cir. 2011)). Because "costs are appealable separately from the merits," a court still has the power to award costs when an appeal on the merits is pending. *Blakely*, 648 F.3d at 930. However, "Rule 54(d) does not provide any timetable or time restrictions for the taxation of costs, but neither is it mandatory to stay taxation of costs until final disposition of all appeals and petitions for certiorari; thus, whether or not to stay an award of costs is within the sound discretion of the court. *Maytag Corp. v. Electrolux Home Prod., Inc.,* No. C 04-4067-MWB, 2006 WL 8456956 (N.D. Iowa Dec. 11, 2006) (citing *American Infra-Red*

4

*Radiant Co. v. Lambert Indus., Inc.,* 41 F.R.D. 161, 163 (D. Minn. 1966)) (internal quotation marks omitted).

Here, it is in the interest of this Court and the parties to stay the taxation of costs pending appeal in this case. In *Inline Packaging, LLC v. Graphic Packaging Int'l , Inc.,* No. CV 15-3183 ADM/LIB, 2019 WL 1058241, at *1-2 (D. Minn. Mar. 6, 2019), the court analyzed defendants' request for a stay on plaintiffs' motion for taxation of costs under the following factors: judicial economy, whether the movant has a strong showing of success on appeal, whether the movant will suffer irreparable injury without a stay, and whether a stay harms the public interest. (citing *Waine-Golston v. Time Warner Entm't-Advance/New House P'ship,* No. 11cv1057, 2013 WL 1899928, at *1 (S.D. Cal. May 7, 2013).

First, judicial economy weighs in favor of a stay. While courts have suggested that the possibility of reversal on appeal is too speculative to outweigh the benefit of the trial court conducting a review of the bill of costs while the case is still fresh, *see, e.g., Maytag Corp.,* 2006 WL 8456956 at *2, this is unique case compared to cases in which courts have held taxation of costs should be resolved quickly. *Compare, e.g., Id.* (patent dispute); *Inline Packaging,* 2019 WL 1058241 (three-and-a-half-year-old antitrust case); *Starr Indem. And Liab. Co. v. Cont'l Cement Co.,* No. 4:11-CV-809 JAR, 2013 WL 3154009 (E.D. Mo. June 21, 2013) (insurance and indemnity dispute). This is not a case where the taxations issues should be resolved now since they are still fresh. This case has been pending for years and these taxation issues do not need immediate resolution. Additionally, none of those cases that found cost issues should be involved quickly raised the type of constitutional or the injunctive claims requested in the current case. Second, the procedural history of this case,

including an initial victory for Plaintiffs and partial victory on one of two appeals, suggests that Plaintiffs have strong likelihood of success on the merits of their appeal. Third, Defendants will not suffer irreparable injury without a stay. As detailed below and in their previous objection to Defendants' Bill of Costs (ECF No. 1116), even if the Court taxed to Plaintiffs the entire amount requested by Defendants, Plaintiffs would be wholly unable to pay. Defendants suffer no risk of harm if this matter is stayed pending appeal. Finally, the public's interest is in resolving this case on its merits, not in the allocation of court costs between Defendants and the indigent Plaintiffs. The Court should stay taxation of costs pending resolution of Plaintiffs' appeal.

In the alternative, if the Court will not grant a stay in this matter, Plaintiffs request that the Court tax costs as it determines is appropriate but stay execution of the bill of costs pending Plaintiffs' appeal. *Burdess,* 2022 WL 888135 at *4 (taxing costs against plaintiffs but ordering execution of such costs to be stayed pending resolution of plaintiffs' appeal).

## II.    THE COURT SHOULD NOT ORDER PLAINTIFFS TO PAY ANY COSTS

Although Fed. R. Civ. P. 54(d) provides that costs other than attorneys' fees are allowed "to the prevailing party unless the court otherwise directs," an award of costs is not appropriate here. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006). Whether or not to award costs is entirely left to the Court's discretion. *See Katryna L. Damgaard as parent & natural guardian of I.L.D. v. McKennan*, No. 13-CV-2192 (SRN/JSM), 2016 WL 1718370, at *2 (D. Minn. Apr. 29, 2016) (citing *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006)) ("…courts have wide discretion

6

in awarding costs generally."); *Marmo*, 457 F.3d at 762 (concluding that "Rule 54(d) presumes an award of costs to the prevailing party; however, the district court has substantial discretion in awarding costs.") (citation omitted). "Indeed, Rule 54(d) is phrased in permissive terms and generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party." *Id.* The Court should exercise its discretion here to deny Defendants' punitive request for costs given the important constitutional issues at stake and Plaintiffs' financial and committed status.

### A. Plaintiffs Brought this Case in Good Faith

The history of the litigation demonstrates that Plaintiffs raised important constitutional claims against Defendants in good faith. These claims were certainly not frivolous given that the Court found in favor of Plaintiffs on Counts I and II after a six week trial, ECF No. 966, and the Eighth Circuit and reversed and remanded the District Court's dismissal of Counts V, VI, and VII, *Karsjens II. See Kaplan v. Mayo Clinic*, No. CIV. 07-3630 JRT, 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011) (denying the imposition of costs against Plaintiffs after finding that "the[y] brought their claims in good faith and their claims were not frivolous…."); *Damgaard*, 2016 WL 1718370 at *2 (citing cases) (observing that "[c]ourts routinely refuse to tax costs where the non-prevailing party is unable to pay those costs and did not bring a frivolous suit.").

Defendants ultimately prevailed against Plaintiffs on Courts I and II to be sure, although an appeal to the Eighth Circuit on the District Court's dismissal of Plaintiffs' remaining claims remains pending. But only after filing two unsuccessful motions to dismiss (ECF Nos. 427, 828), an unsuccessful summary judgment motion (ECF No. 828),

losing at trial after nearly six weeks of testimony for multiple reasons, and losing on appeal. *See* ECF Nos. 839, 847, 848, 851, 852, 860, 861, 862, 865, 866, 869, 870, 871, 872, 883, 884, 885, 887, 888, 892, 893, 902, 906, 907, 908; *see also* ECF No. 966 (finding the Act unconstitutional on its face and as applied for multiple reasons); *see also Karsjens II* (remanding the case to the District Court to evaluate Plaintiffs' Counts V and VII under the *Bell v. Wolfish* standard and Count VII under the *Senty-Haugen v. Goodno* standard).

The Court granted Defendants' motion for summary judgment on February 23, 2022 and dismissed Plaintiffs' remaining claims. However, the Court cautioned Defendants:

> "Notwithstanding [dismissal of Plaintiffs' claims], the confinement of the elderly, individuals with substantive physical or intellectual disabilities, and juveniles, who might never succeed in the MSOP's treatment program or who are otherwise unlikely to reoffend, remains of serious concern for the Court and should be for the parties as well. The Court continues to believe that politics or political pressures should not compromise Class Members' rights to treatment and eventual reintegration into society."

ECF No. 1197 at 40 (footnotes omitted). In this and multiple other orders, the District Court emphasized the gravity of the Plaintiffs' allegations and the weight of the rights being challenged in this case. *See, e.g.,* ECF No. 966 at 1 ("This case challenges the constitutionality of the statutes governing civil commitment and treatment of sex offenders in Minnesota as written and as applied, and in doing, challenges the boundaries that we the people set on the notions of individual liberty and freedom, the bedrock principles embedded in the United States Constitution."); ECF No. 1108 at 41-42 ("Furthermore, the Court views the continued confinement of elderly individuals with a low likelihood of re-offense as an egregious affront to liberty, particularly in light of the pervasive sense of hopelessness at the MSOP . . . The Court hopes that the public and all stakeholders will

8

carefully consider the complex issues raised by this litigation, moving forward in a manner that balances the interests of public safety, fundamental justice, and basic human dignity. Justice requires no less."). As the Court has recognized, this is clearly not a case involving frivolous claims, and an award of the entirety of Defendants' allowable litigation costs would be inequitable.

## B. Plaintiffs Cannot Pay the Requested Costs

As the Court knows, the Plaintiffs are indigent, as stated in their applications to proceed in forma pauperis, which were granted by the Court. ECF Nos. 2-15, 180. "Indigence is recognized as an appropriate justification for denial of costs." *Kaplan*, 2011 WL 3837095 at *1–2 (citation omitted). This is particularly appropriate where the litigant is unlikely to be able to pay the costs in the future. *Id.*; *see also Pimentel v. St. Louis Pub. Sch.*, No. 4:08CV1477 TIA, 2011 WL 3847413, at *1 (E.D. Mo. Aug. 26, 2011) (where plaintiffs had been granted IFP status and there was no evidence that their financial situation had improved since that time, an award of costs to the opposing party was not appropriate). For example, in *Finch v. Texarkana Sch. Dist. No. 7 of Miller Cty.*, No. 05-CV-4070, 2009 WL 196546, at *1 (W.D. Ark. Jan. 28, 2009), the court found that the plaintiff was unable to work because of a disability and because she had to care for her disabled son, and thus it would be "an undue economic hardship" to tax costs to the plaintiff. Similarly, courts have denied requests for costs where a party has "been unable to find permanent employment." *Taylor v. Georgia-Pac. Corp. & Int'l Ass'n of Machinist & Aerospace Workers Local W475*, No. 06-CV-1079, 2008 WL 5156315, at *1 (W.D. Ark. Dec. 8, 2008).

As Defendants are well aware, Plaintiffs are unable to pay the requested costs. Plaintiffs are currently, involuntarily and indefinitely civilly committed to the MSOP and that status is unlikely to change soon. ECF No. 966, 6 at ¶2. To the extent some Plaintiffs have jobs at the MSOP, they are paid a pittance, half of which is withheld by the MSOP to cover the costs of operating the MSOP. *See* Minn. Stat. §246B.06, subd. 6 ("The commissioner has the authority to retain up to 50 percent of any payments made to an individual participating in the vocational work program for the purpose of reducing state costs associated with operating the Minnesota sex offender program."). Additionally, Plaintiffs have received bills from Defendants (and will continue to receive further bills) totaling thousands of dollars for the cost of their care during their involuntary commitment. *See* Minn. Stat. §246B.07, subd. 3 ("The commissioner may recover… the cost of any care provided by the Minnesota sex offender program."). Given that Plaintiffs are indefinitely committed to the MSOP, their financial situation is essentially fixed and they simply do not have the ability to pay these costs, now or likely in the future. *See Kaplan*, 2011 WL 3837095 at *1–2 (observing that it "is not just a matter of being unable to presently pay the costs; it must also be shown that the litigant is not likely to be able to pay the costs in the future.") (quoting *Denson v. Ne. Ill. Reg. Commuter R.R. Corp.,* No. 00 C 2984, 2003 WL 21506946, at * 1 (N.D. Ill. June 27, 2003)).

### III.   EVEN IF THE COURT GRANTS DEFENDANTS' REQUESTS FOR COSTS, NOT ALL ITEMS ON THE BILL OF COSTS ARE TAXABLE

Even when a court exercises its discretion to grant costs pursuant to Fed. R. Civ. P. 54(d), the only items allowed to be taxed are those enumerated in 28 U.S.C. § 1920, including "[f]ees of the clerk and marshal," fees for transcripts "necessarily obtained for use in the case," fees for printing and witnesses, fees for copies that are "necessarily obtained for use in the case," docket fees, and "compensation of court appointed experts."

Here, Defendants seek over $700,000 in costs related to the Court-appointed Rule 706 experts as if only the Plaintiffs used these experts. In fact, the Court appointed the Rule 706 experts to assist the Court and both parties relied on portions of their testimony for motion practice during trial. But regardless, Plaintiffs cannot pay for this or other costs. Furthermore, Defendants seek impermissible costs related to deposition and hearing transcripts that should be denied even if the Court grants some other portion of the cost request.

### A.  Costs for the Rule 706 Experts Should be Denied

The bulk of the costs sought by Defendants is for compensation of court-appointed experts. ECF No. 1203 (seeking $732,923.92 for Rule 706 Experts). Defendants' argument that Plaintiffs should now pay for the 706 Experts conveniently ignores that the Defendants relied on the 706 Experts' findings and testimony to support their defenses at trial and heavily cited to the 706 Experts' report and trial testimony in support of their motion for summary judgment on the Phase Two claims. *See, e.g.,* ECF No. 1097 at 15 (quoting the Rule 706 Experts' finding that the MSOP's policies are akin to those at other civil

commitment programs), 20-21 (spending two pages quoting testimony by 706 Experts Deb McCulloch and Dr. Naomi Freeman stating that they had no concerns with the MSOP's policies as written); EFC No. 1173 at 5-9 (quoting testimony from McCulloch, Dr. Wilson, Dr. Haaven, and Dr. Minor stating they believed conditions of confinement such as double-occupancy rooms use of Behavioral Evaluation Reports, and search and seizure policies at MSOP were not concerning), 16 (citing McCulloch, Wilson, Haaven, and Minor's opinion on the operational needs of double occupancy rooms at MSOP), 23 (citing the 706 Experts' "praise" for Moose Lake "as having the appearance and feel of a community college and being either fine or exceeding comparable facilities . . . ."). Defendants' motion for summary judgment was granted. ECF No. 1197. This reliance and their reliance on these experts as to the Phase I trial (which they lost but ultimately prevailed on appeal) further supports this Court's decision to apportion the Rule 706 Experts' costs to Defendants.

Additionally, as discussed above, Plaintiffs are indigent. Courts have held that it is appropriate for the costs of Rule 706 experts to be apportioned based on the parties' respective assets. *See, e.g. Norwood v. Liping Zhang*, No. 10 C 3143, 2013 WL 5162202, at *7 (N.D. Ill. Sept. 13, 2013) (finding the plaintiff, who demonstrated he had very few assets, was only responsible for the cost of Rule 706 experts up to a certain dollar amount, and anything over that amount was to be paid by the defendants). Plaintiffs should not be responsible for any of the cost of the Rule 706 experts.

### B. Certain Transcript Costs Should be Denied

Under 28 U.S.C. §1920, fees for printed and electronically recorded transcripts "necessarily obtained for use in the case" may be recovered by the prevailing party.

Defendants are seeking reimbursement of impermissible costs related to deposition and court transcripts.

First, the Bill of Costs Guide for this Court (*available at* http://www.mnd.uscourts.gov/FORMS/Clerks_Office/Bill-of-Costs-Guide.pdf) notes that transcript costs may be granted where the deponent testified at trial, the deposition was admitted into evidence, the deposition was submitted in connection with an event that terminated the litigation (such as summary judgment), or where the requesting party explains why the transcript was necessarily obtained. Defendants seek costs for deposition transcripts of Brian Buse (a MSOP patient deposed by Defendants), Robin Benson (a Minnesota Department of Human Services employee deposed by Plaintiffs), Samantha Benson (a MSOP employee deposed by Plaintiffs), Sheila Brandt (a MSOP employee deposed by Plaintiffs), Alissa Hannah (an MSOP employee deposed by Plaintiffs), Mari Moen (a MSOP employee deposed by Plaintiffs), Ana Remiger (a Minnesota Department of Human Resources employee deposed by Plaintiffs), and Ken Carabello (an expert retained by Defendants). ECF No. 1203-1. None of these witnesses testified at trial, none of these depositions were admitted into evidence, and none of these depositions were submitted in connection with an event that terminated the litigation. The only explanation provided by Defendants for why they were "necessarily obtained" is either that "Plaintiffs noticed the deposition" or it was cited in the original summary judgment briefing in this case (ECF Nos. 721, 741), a motion that the Court denied in its entirety. ECF No. 828. Additionally, with respect to Mr. Carabello's deposition, there is no explanation of why an

expedited transcript was needed. *See* ECF Nos. 1203-1 at entry 58; 1203-2 at 60. These deposition transcript costs should not be taxed to Plaintiffs.

Finally, Defendants seek costs for transcripts of certain court proceedings, but do not sufficiently explain how such transcripts were "necessary for use in the case" or "necessarily obtained." *See* Bill of Costs Guide at 5. Defendants' explanations merely state that such transcripts were "necessary" for various reasons without explaining why they were necessary. *See* ECF No. 1203-1 at entries 100-105, 112. Such conclusory explanations are not sufficient to allow those costs to be taxed to Plaintiffs

## <u>CONCLUSION</u>

Defendants' Bill of Costs should be denied in its entirety and, if not in its entirety, with respect to the costs for the Rule 706 Experts and certain transcript costs.


Dated:  April 6, 2022                      s/Daniel E. Gustafson
                                           Daniel E. Gustafson (#202241)
                                           Karla M. Gluek (#238399)
                                           David A. Goodwin (#386715)
                                           Anthony J. Stauber (#401093)
                                           **Gustafson Gluek PLLC**
                                           Canadian Pacific Plaza
                                           120 South Sixth Street, Suite 2600
                                           Minneapolis, MN  55402
                                           Telephone: (612) 333-8844

                                           ***Attorneys for Plaintiffs***