## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Kevin Scott Karsjens, Kevin John
DeVillion, Peter Gerard Lonergan, James
Matthew Noyer, Sr., James John Rud,
James Allen Barber, Craig Allen Bolte,
Dennis Richard Steiner, Kaine Joseph
Braun, Christopher John Thuringer,
Kenny S. Daywitt, Bradley Wayne Foster,
David Leroy Gamble, Jr., Brian K.
Hausfeld, *and all others similarly situated*,

     Plaintiffs,

v.

Jodi Harpstead, Kevin Moser, Peter
Puffer, Ann Zimmerman, Nancy Johnston,
and Jannine Hébert, *in their individual
and official capacities,*

     Defendants.

Civil No. 11-3659 (DWF/TNL)

**MEMORANDUM
OPINION AND ORDER**

### INTRODUCTION

This matter is before the Court on Defendants' Bill of Costs.[1]  (Doc. No. 1203.)

Plaintiffs object.  (Doc. No. 1207.)

### BACKGROUND

This action began over a decade ago.  The history of the case is both lengthy and

complex.  Plaintiffs in this case are fourteen individuals residing at the Minnesota Sex

Offender Program ("MSOP") who are civilly committed under Minn. Stat. § 253D, the

---

[1]   Defendants request $837,926.13 in costs.  (Doc. No. 1203.)

Minnesota Civil Commitment and Treatment Act ("MCTA").  (Doc. No. 635 ("TAC")

¶ 2.)  Plaintiffs represent a class consisting of all patients currently civilly committed to

MSOP.  (Doc. No. 203.)  Plaintiffs brought this action in 2011, challenging the

constitutionality of the MCTA on its face and as applied, as well as various aspects of the

MSOP's operation and treatment regimen.  (*See generally* TAC.)

In 2015, the Court denied Defendants' Summary Judgment on all counts in

Plaintiffs' Third Amended Complaint.  (Doc. No. 828.)  The matter proceeded to trial in

two phases.  (Doc. No. 647.)  The first phase lasted nearly six weeks.  On June 15, 2015,

the Court issued its Findings of Fact, Conclusions of Law, and Order, granting Plaintiffs'

request for declaratory relief on Counts I and II.  (Doc. No. 966 at 75.)  The Court

determined that the MSOP program is unconstitutional on its face and as applied.  (*Id.*

at 65.)  The Court issued a First Interim Relief Order, directing injunctive relief to

remedy its findings of unconstitutionality.  (Doc. No. 1035.)

Defendants appealed the Court's Phase One and Injunctive Relief Orders to the

Eighth Circuit.  (Doc. No. 1036.)  The Eighth Circuit reversed the Court's Phase One

Order and entered judgment in favor of Defendants on Counts I and II.  *Karsjens v.*

*Piper*, 845 F.3d 394, 411 (8th Cir. 2017) ("*Karsjens I*").  It also vacated this Court's

Injunctive Relief Order and remanded for further proceedings on the remaining claims.

*Id.*  The Supreme Court denied *certiorari*.  *Karsjens v. Piper*, 138 S. Ct. 106 (2017).

In response to *Karsjens I*, the parties filed supplemental briefings on the remaining

Phase One claims, and Defendants moved for summary judgment on the Phase Two

claims.  In August 2018, the Court dismissed with prejudice the remaining Phase One

claims under the "shocks the conscience standard." (Doc. No. 1108.) In the same Order, the Court granted Defendants' motion for summary judgment and dismissed with prejudice the Phase Two claims. (*Id.*)

Plaintiffs appealed the Court's ruling on the Phase One claims to the Eighth Circuit. (Doc. No. 1118.) The Eighth Circuit then reversed the dismissal of Counts V, VI, and VII after finding that this Court applied the wrong legal standard and remanded the case again for further proceedings. *Karsjens v. Lourey*, 988 F.3d 1047, 1054 (8th Cir. 2021) ("*Karsjens II*"). The Supreme Court denied *certiorari*. *Karsjens v. Lourey*, 142 S. Ct. 232 (2021).

On remand, the parties filed additional briefings and disputed the scope of the remand. The Court ultimately dismissed Plaintiffs' remaining claims with prejudice. (Doc. No. 1197.) Plaintiffs appealed and the Eighth Circuit affirmed. *Karsjens v. Harpstead*, 74 F.4th 561, 572 (8th Cir. 2023).

Defendants filed the Bill of Costs while the Eighth Circuit appeal was pending. The Court therefore found it appropriate to stay the matter pending the outcome of the appeal. (Doc. No. 1210.) Following the Eighth Circuit's decision, Plaintiffs petitioned the Supreme Court for *certiorari*, which the Supreme Court denied on February 20, 2024. *Karsjens v. Harpstead*, 144 S. Ct. 814 (2024). The Court lifted the stay in March 2024 and now considers Defendants' Bill of Costs.

## DISCUSSION

Under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), the Court has "substantial discretion" in awarding costs to a prevailing party. *Zotos v. Lindbergh Sch. Dist.*, 121

F.3d 356, 363 (8th Cir. 1997).  Unless a federal statute, rule, or court provides otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).

To overcome the presumption of taxation, Plaintiffs have the burden to show that the cost judgment "is inequitable under the circumstances."  *Concord Bd. Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citation and internal quotation marks omitted).  The Plaintiffs must give "specific reasons explaining why . . . it would be inappropriate or inequitable to award costs."  *Kaplan v. Mayo Clinic*, No. 07-cv-3630, 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011) (internal quotations and citation omitted).  If a court denies taxable costs, "it must provide a rationale."  *Nicholson v. Biomet, Inc.*, 537 F. Supp. 3d 990, 1032 (N.D. Iowa 2021), *aff'd*, 46 F.4th 757 (8th Cir. 2022) (internal quotations and citation omitted).  "A general statement of fairness . . . is insufficient to rebut Rule 54(d)(1)'s presumption."  *Id.* at 1033.

Plaintiffs ask the Court to not order Plaintiffs to pay costs because Plaintiffs brought this case in good faith, and they cannot pay the requested costs.

The Court can consider whether Plaintiffs brought theirs claims in good faith.  *See Kaplan*, 2011 WL 3837095, at *2 (considering the fact that the plaintiffs "brought their claims in good faith and their claims were not frivolous").  In this case, not only were the claims brought in good faith and not frivolous, but the Court initially ruled in Plaintiffs' favor on Counts I and II.  The issues were difficult and required years of litigation, a six-week trial, and multiple appeals.

Moreover, the case brought issues of public importance, as the action affects over 700 individuals and concerns the constitutionality of statutes governing Minnesota's civil commitment and treatment of sex offenders.  As the Court noted in its Phase One Findings of Fact and Conclusions of Law, the case "challenges the boundaries that we the people set on the notions of individual liberty and freedom, the bedrock principles embedded in the United States Constitution."  (Doc. No. 966 at 2.)  Other courts have considered whether the suit was brought in the public interest when determining whether to deny costs.  *See Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000) (noting that the action affected tens of thousands of people and concerned the state's public school system); *Goolsby v. San Diego*, No. 17-cv-564, 2020 WL 6361876, at *4 (S.D. Cal. Oct. 29, 2020) (noting that the case involving the Eighth Amendment was important for safeguarding individual civil rights while incarcerated).

Some courts have also considered the chilling effect "that imposing costs would have on future civil rights actions."  *Brewer v. Leprino Foods Co., Inc.*, No. 16-cv-1091, 2019 WL 3842881, at *2 (E.D. Cal. Aug. 15, 2019); *see also Cramer v. Equifax Info. Servs., LLC*, No. 18-cv-1078, 2020 WL 887996, at *2 (E.D. Mo. Feb. 24, 2020) (considering whether awarding costs would cause a chilling effect).  In civil rights cases, especially those like this one involving indigent individuals involuntarily committed for an indefinite period of time, it is important that plaintiffs "not be unduly intimated by the threat of imposition of costs."  *Hanger v. Gawron*, No. 95-cv-30239, 1998 WL 199982, at *1 (D. Mass. Apr. 22, 1998) (internal quotations and citation omitted).  This alone is not enough to deny costs, as civil rights plaintiffs are not exempt from Rule 54(d).  But

the Court nonetheless may consider the potential chilling effect, especially in

extraordinary cases, like this one, and considering the substantial fees Defendants seek in

this case—over $800,000.

Lastly, and most importantly, the Court may consider Plaintiffs' ability to pay the

costs.  "Indigence is recognized as an appropriate justification for denial of costs."

*Kaplan*, 2011 WL 3837095, at *2 (citing cases); *see Poe v. John Deere Co.*, 695 F.2d

1103, 1108 (8th Cir. 1982) ("It is of course within a court's discretion to deny costs

because a plaintiff is poor.").  The Court considers both the party's current financial

status, as well as whether "the litigant is not likely to be able to pay the costs in the

future."  *Denson v. Ne. Ill. Reg. Commuter R.R. Corp.*, No. 00-cv-2984, 2003 WL

21506946, at *1 (N.D. Ill. June 27, 2003).

Here, the named Plaintiffs in this case are all currently, involuntarily civilly

committed to the MSOP and have been for the pendency of this case.  It is unlikely that

they will be released in the near future.[2]  When Plaintiffs filed this action, they were

earning between $0 and $933[3] per month, with most earning less than $200 per month

(*See* Doc. Nos. 2-15.)  There is no reason for the Court to believe that these numbers have

substantially changed.  Defendants are requesting over $800,000 in costs.  (Doc.

---

[2]     Between 1994 and 2015, "no committed individual ha[d] ever been fully
discharged from the MSOP, and only three committed individuals ha[d] ever been
provisionally discharged from the MSOP."  (Doc. No. 966 ¶ 25.)

[3]     The Plaintiff earning $933 per month reported over $1,000 of monthly expenses.
(Doc. No. 10.)

No. 1203.)  It is highly doubtful that Plaintiffs will be able to pay these costs now or in the future, given that they remain indefinitely committed and their opportunities to earn an income are substantially limited.  Such an award would undoubtedly cause an undue hardship on Plaintiffs, especially given the substantial amount of costs that Defendants are requesting.

The Court concludes that Plaintiffs are indigent, they will likely not be able to pay these costs in the future, they have brought this action in good faith, the case raised issues of great public importance, the case has been vigorously litigated, the issues were difficult and close, and imposing fees could have a potential chilling effect on future litigants.  The fair and equitable thing to do is for the Court to deny costs entirely in this case.  For these reasons, the Court declines to award costs.

### ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiffs' objection to Defendants' Bill of Costs (Doc. No. [1207]) is **SUSTAINED.**

2.      Defendants' Bill of Costs (Doc. No. [1203]) is respectfully **DENIED**.

3.      Defendants are not entitled to costs.  The clerk shall enter the cost judgment accordingly.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 13, 2024                              s/Donovan W. Frank
                                                                DONOVAN W. FRANK
                                                                United States District Judge